## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, ET AL.,

      Plaintiff

      vs.                               Case No. 1:21-CV-2170

DR. DAVID KAUFMAN, ET AL.,

      Defendants.

## DEFENDANT DR. DAVID KAUFMAN'S ANSWER
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Dr. David Kaufman ("Answering Defendant"), by his attorneys, Anthony M. Shore and the Law Offices of Anthony M. Shore, LLC, hereby Answers the allegations in Plaintiffs' First Amended Complaint as follows:

**ANSWER NO. 1:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation set forth in Paragraph 1 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 2:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation set forth in Paragraph 2 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 3:**    Answering Defendant admits the allegation contained in Paragraph 3 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 4:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 5:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation set forth in Paragraph 5 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 6:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation set forth in Paragraph 6 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 7:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 8:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 9:**     Answering Defendant denies the allegations set forth in Paragraph 9 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 10:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 11:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 12:**     Answering Defendant denies the allegations set forth in Paragraph 12 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 13:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 13 of the

Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 14:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 15:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 16:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Plaintiffs' First Amended Complaint and therefore denies same. Answering Defendant specifically denies assaulting Officer Smith.

**ANSWER NO. 17:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 18:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 19:**    Answering Defendant denies the allegation set forth in Paragraph 19 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 20:**    Answering Defendant denies the allegations set forth in Paragraph 20 of Plaintiffs' First Amended Complaint.

**ANSWER NO. 21:**    There are no allegations set forth in Paragraph 21 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 22:**    Answering Defendant denies the allegations set forth

in Paragraph 22 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 23:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Plaintiffs' First Amended Complaint and therefore denies same. Answering Defendant specifically denies committing a battery on Officer Smith.

**ANSWER NO. 24:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 25:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Plaintiffs' First Amended Complaint and therefore denies same. Answering Defendant specifically denies assaulting Officer Smith.

**ANSWER NO. 26:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation set forth in Paragraph 26 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 27:**    There are no allegations set forth in Paragraph 27 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 28:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation set forth in Paragraph 28 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 29:**    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Plaintiffs' First Amended Complaint and therefore denies same. Answering Defendant

specifically denies assaulting Officer Smith.

**ANSWER NO. 30:**     Answering Defendant asserts that the declaration of Jonathan Arden referenced in Paragraph 30 of the Plaintiffs' First Amended Complaint speaks for itself; Answering Defendant specifically denies assaulting Officer Smith.

**ANSWER NO. 31:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 32:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 33:**     There are no allegations set forth in Paragraph 33 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 34:**     Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 35:**     Answering Defendant denies the allegations set forth in Paragraph 35 of the Plaintiffs' First Amended Complaint; Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation regarding the position of Officer Smith's face shield.

**ANSWER NO. 36:**     Answering Defendant denies the allegations set forth in Paragraph 36 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 37:**     Answering Defendant denies the allegations set forth in Paragraph 37 of the Plaintiffs' First Amended Complaint.

**ANSWER NO. 38:**   Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Plaintiffs' First Amended Complaint and therefore denies same. Answering Defendant specifically denies assaulting Officer Smith.

**ANSWER NO. 39:**   Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Plaintiffs' First Amended Complaint and therefore denies same. Answering Defendant specifically denies assaulting Officer Smith.

**ANSWER NO. 40:**   Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Plaintiffs' First Amended Complaint and therefore denies same.

**ANSWER NO. 41:**   Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Plaintiffs' First Amended Complaint and therefore denies same. Answering Defendant specifically denies assaulting Officer Smith.

## AFFIRMATIVE DEFENSES

Answering Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim may be barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused in whole or in part by acts or omissions of third parties over whom Answering Defendant had or has no control. Answering Defendant specifically denies assaulting Officer Smith.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendant pleads lack of subject-matter jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant pleads lack of personal jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant pleads improper venue.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant pleads failure to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant pleads failure to join a party under Rule 19.

### NINTH AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred because the alleged acts/omissions of the Answering Defendant do not rise to the level required to sustain an award of punitive damages as they do not evidence malicious, reckless or egregious conduct, and further they were not so wanton or willful to support an award of punitive damages. Any such relief is further barred to the extent it seeks an amount so excessive as to violate Answering Defendant's due process rights.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to amend this Answer to assert additional

affirmative defenses that may be applicable to Plaintiffs' claims following further investigation and discovery.

  **WHEREFORE,** having fully Answered Plaintiffs' First Amended Complaint, Answering Defendant respectfully requests that Plaintiffs' First Amended Complaint be dismissed, that this Court enter judgment in favor of Answering Defendant on Plaintiffs' First Amended Complaint, and for such other and further relief as the nature of the cause may require.

        Respectfully submitted,

        LAW OFFICES OF ANTHONY M. SHORE, LLC

        By:  */s/ Anthony M. Shore*
          Anthony M. Shore, Esquire
          7415 Oak Lane
          Chevy Chase, Maryland 20815
          amshorelaw@verizon.net
          Telephone: 301-661-5222
          Fax: 301-656-7058

        *Attorney for Defendant Dr. David Kaufman*

# CERTIFICATE OF SERVICE

I, Anthony M. Shore, an attorney of record in this matter, hereby certify that a true and complete copy of the following:

- **DR. DAVID KAUFMAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

was served on counsel for Plaintiffs via electronic service on August 27, 2021 to:

> David P. Weber, Esquire
> 267 Kentlands Boulevard, Suite 250
> Gaithersburg, Maryland 20878

Dated this 27th day of August, 2021.

*/s/ Anthony M. Shore*

Anthony M. Shore