UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, *et al.*  \*
    Plaintiffs  \*
-vs- \*
\*     CASE NO: 1:21-CV-02170 (FYP)
TAYLOR TARANTO  \*
\*
    Defendant, *Pro Se*.  \*

## MOTION TO DISMISS

Defendant, Taylor F. Taranto, *pro se*, moves that the complaint against him in this case be dismissed with prejudice, and in support thereof, respectfully alleges:

1. That the plaintiff's claim contradicts itself with regards to alleged facts. The amended complaint states that "[Defendant Taranto] is depicted in the U.S. Capitol attacking officer Smith." It also states that "…said website appears to show Defendant Taranto with the weapon used to assault Officer Smith. Upon information and belief, the weapon appears to be the Ka-Bar TDI 'self-defense' cane." Finally, it states that "Defendant Taranto handed a cane, a crowbar (or other similar object) to Defendant Kaufman. Kaufman, in turn, violently swung the cane and struck Officer Smith in the face/head."

2. New public information has been reported by NBC News that "[Officer Smith's] bodycam footage, shared with NBC News, shows that he was attacked with his own baton." (https://www.nbcnews.com/politics/congress/after-jan-6-riot-police-departments-confront-mental-health-toll-n1281701)

3. The NBC News interview with the plaintiff (https://www.youtube.com/watch?v=dHVuEDANJ80 starting at time 11:36) states that the plaintiff's lawyer provided NBC with Officer Smith's body camera footage. Therefore, the

plaintiff and counsel are likely aware that the footage shows that Officer Smith was hit with his own baton, especially since NBC made it public knowledge.

4. Therefore, if Officer Smith was attacked with his own baton, then the alleged cane is no longer relevant to the claim.

5. Furthermore, the time of the incident stated in the complaint does not match the evidence that was put forth to support the complaint, or the publicly available information regarding the incident. According to Officer Smith's "Injury or Illness Report," (Exhibit A) which is publicly available at https://www.boston.com/news/national-news/2021/02/12/two-officers-who-helped-fight-the-capitol-mob-died-of-suicide-many-more-are-hurting/, Officer Smith was outside the Capitol around 5:35pm when he was hit with a flying object. The video footage of the alleged attack on Officer Smith used by the plaintiff to support her claim (https://www.youtube.com/watch?v=dgug72TZMDs at time 1:28:25, see also Exhibit A from amended filing) was filmed inside the Capitol sometime shortly after 2:50pm according to a clock in the YouTube video (at time 1:25:17 and Exhibit B). The body camera footage in the NBC News report also shows a timestamp of 14:56 (Exhibit C). This is in contradiction to the following statements in the complaint that "…at around 5:00 pm, Officer Smith was working in the United States Capitol Building" and "At that time and place, Kaufman was part of the insurrectionist mob inside the US Capitol… Co-Defendant Taranto handed a cane or crowbar (or similar object) …"

6. The complaint mischaracterizes the events and people involved on January 6, 2021, by using the terms "Capitol Insurrection," "insurrectionist mob," and "insurrectionists." The Justice Department has not charged anyone for "insurrection," although many people have been arrested and charged for assault and other crimes pertaining to January 6, 2021 (https://www.justice.gov/usao-dc/capitol-breach-cases). If the plaintiff's claims were true and

factual, defendants should have timely been arrested and charged criminally due to the amount of national attention this case has received. Plaintiff's case seemingly hinges on criminal allegations in which neither defendant has been named, arrested nor charged for any activity on January 6th, 2021.

      7. The plaintiff has brought national attention on this case due to the following: plaintiff and counsel's representation at the White House (https://www.c-span.org/video/?513951-1/president-biden-signs-bill-awarding-congressional-gold-medals-january-6-police-officers :time 23:31, Exhibit D); plaintiff and counsel's appeals to Congress (c-span video at time 24:34 off camera, audio-only), members of which are now assisting in plaintiff's political goals to designate Officer Smith's death as in the line of duty, according to this article: https://news.yahoo.com/jan-6-riot-police-departments-083404787.html; and plaintiff's appearances in the media through television and print. With so many people aware of Officer Smith's death, if the plaintiff's complaints were accurate and true, the defendants listed would be charged with criminal charges.

      8. The defendant herein has been unable to find counsel due to the plaintiff's claims being criminal in nature but being brought forth in a civil case. This civil case is not based on legitimate information and since the time it was initially brought to the Court, has further contradicted itself, as presented in this motion.

      Therefore, the Court should dismiss this case with prejudice.

      Opposing Counsel has been properly notified of this request.

                                      Respectfully submitted,

                                      /s/ Taylor F. Taranto
                                      Taylor F. Taranto, *pro se*
                                      Address: 1311 N. Beech Ave., Pasco, WA 99301
                                      Telephone: 509-430-2339
                                      Email: tft122@msn.com
                                      Defendant, *pro se*

**EXHIBIT A**

PD Form 42 Rev. 9/2019 Automated 3/95

| INJURY – ON DUTY ☒ | METROPOLITAN POLICE DEPARTMENT Washington, D.C. | TYPE OF REPORT | CCN NO. |
| INJURY – OFF DUTY ☐ | | ORIGINAL ☒ | DATE REPORT PREPARED |
| ILLNESS – ON DUTY ONLY ☐ | INJURY OR ILLNESS REPORT | SUPPLEMENTARY ☐ DATE OF ORIG RPT | |

**NAME OF MEMBER (Last, First, MI):** Smith, Jeffrey
**RANK:** OFC
**CAD:** 8739
**BADGE:** 4626
**ELEMENT:** 2D
**CURRENT ASSIGNMENT:** 209

**NATURE OF INJURY / ILLNESS:** PAIN TO NECK.

**DATE/TIME OF INJURY/ILLNESS:** 1735 / 1/6/21

**DATE LAST WORKED:**

**CAUSE:** Hit with flying object in face shield of helmet.

**TOUR / DAYS OFF:** Eve Thur/Fri SA

**SICK LEAVE BALANCE:**

**STATEMENT OF FACTS:**

I was outside of The US Capital and people started throwing things metal objects. around 535pm Some kind of object hit me in the face shld, began feeling pain in my neck and face.

**NAME OF DUTY OFFICIAL NOTIFIED:** Sgt Nevel
**DATE & TIME:** 1/6/21 2100

**HOSPITAL/URGENT CARE TREATMENT:** Yes ☐  No ☐
**NAME OF HOSPITAL/ URGENT CARE:**

**WATCH COMMANDER NOTIFIED (On Duty Injury/Illness Only)** **DATE & TIME**

**WORKING OUTSIDE EMPLOYEMENT AT TIME OF THE INCIDENT:** Yes ☐  No ☐

**SIGNATURE OF MEMBER OR OFFICIAL PREPARING REPORT IF MEMBER IS UNABLE**

**SIGNATURE OF COMMANDING OFFICER** | **DATE**

▶ **MEMBER ONLY** ◀ | ▶ **MEDICAL SERVICES DIVISION USE ONLY** ◀

**VOLUNTARY WAIVER FOR NON-POD INJURY/ILLNESS**
☐ I AM NOT REQUESTING A PERFORMANCE OF DUTY DETERMINATION FOR THIS INJURY/ILLNESS. I ELECT TO USE MY OWN SICK LEAVE FOR ANY TIME OFF.

☐ PERFORMANCE OF DUTY    ☐ NON-POD

**SIGNATURE OF MEMBER** | **APPROVED BY** | **CAD** | **DATE**

NOTE: PD Form 42 shall be submitted to MSD within 24 hours from the occurence or detection of any on-duty illness or injury. The official's certification of this report shall be completed by the end of the tour. Reports of off-duty injuries shall be certified within 24 hours of the report.

**EXHIBIT B**



**EXHIBIT C**



**EXHIBIT D**



UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, *et al.*  \*
    Plaintiffs  \*
-vs-  \*
        \*   CASE NO: 1:21-CV-02170 (FYP)
TAYLOR TARANTO  \*
        \*
    Defendant, *Pro Se*.  \*

## [PROPOSED] ORDER

UPON CONSIDERATION of the Defendant's Motion to Dismiss, it is by the United States District Court for the District of Columbia,

ORDERED, that the Motion be and it is hereby GRANTED.  This case is now DISMISSED with prejudice.

_____   _____

Date   Florence Y. Pan

                       United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was emailed this 2nd day of December 2021, to: Anthony M. Shore, Esquire, amshorelaw@verizon.net; Richard Link, richard.link@goodwinweberlaw.com, and David P. Weber, david.weber@goodwinweberlaw.com.

/s/ Taylor F. Taranto
TAYLOR F. TARANTO