UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, *et al.* | * | CASE NO: 1:21-CV-2170 (FYP) |
| *Plaintiffs* | * | |
| TAYLOR F. TARANTO . | * | |
| Defendant, *Pro Se*. | * | |

### **DEFENDANT'S FIRST AMENDED ANSWER AND COUNTERCLAIMS**

The defendant, Taylor Taranto answers the Plaintiff's First Amended Complaint as follows:

1-3.  Defendant has no knowledge of and so denies.

4.  Defendant is a resident of Washington State.

5- 7.  Defendant has no knowledge of and so denies.

8 - 9.  The time of the incident stated in the complaint does not match the evidence that was provided to support the complaint, or the publicly available information regarding said incident. The video footage of the alleged attack on Officer Smith used by the plaintiff to support her claim (https://www.youtube.com/watch?v=dgug72TZMDs at time 1:28:25, see also amended complaint Exhibit A) was filmed inside the Capitol sometime shortly after 2:50 pm according to a clock in said video (Exhibit A). Officer Smith's body camera footage, which was provided to NBC News by the plaintiff's lawyer, shows the incident in question at a timestamp of 14:56 (Exhibit B). According to Officer Smith's "Injury or Illness Report," (Exhibit C) which is publicly available at https://www.boston.com/news/national-news/2021/02/12/two-officers-who-helped-fight-the-capitol-mob-died-of-suicide-many-more-are-hurting/, Officer Smith was outside the Capitol

around 5:35pm when he was hit with a flying object. This is in contradiction to the plaintiff's statement that Officer Smith and the two defendants were inside the Capitol building at the time of the incident. Defendant Taranto did not hand a cane or crowbar (or similar object) to Defendant Kaufman. Defendant Taranto did not specifically and maliciously target Officer Smith.

10. Defendant Taranto did not appear with the alleged weapon used to assault Officer Smith. An NBC News article from October 17, 2021 states that "[Officer Smith's] bodycam footage, shared with NBC News, shows that he was attacked with his own baton" (https://www.nbcnews.com/politics/congress/after-jan-6-riot-police-departments-confront-mental-health-toll-n1281701). An NBC News interview with the plaintiff (https://www.youtube.com/watch?v=dHVuEDANJ80 starting at time 11:36) states that the plaintiff's lawyer provided NBC with Officer Smith's body camera footage.

11 – 20. Defendant has no knowledge of and so denies.

Count I Assault and Battery

21-26. Defendant denies or has no knowledge of and therefore denies.

Count II Wrongful Death

27-32. Defendant denies or has no knowledge of and therefore denies.

Count III Aiding and Abetting

33. Defendant has no knowledge of and so denies.

34. The complaint mischaracterizes the events and people involved on January 6, 2021, by using the terms "insurrectionist mob," "Capitol Insurrection," and "insurrectionists". The Justice Department has not charged anyone for "insurrection," although many people have been arrested and charged for assault and other crimes pertaining to January 6, 2021 (https://www.justice.gov/usao-dc/capitol-breach-cases).

35-41. Defendant denies or has no knowledge of and therefore denies.

## AFFIRMATIVE DEFENSES

The defendant claims the following affirmative defenses:

1. Act of God. That the later death of Mr. Smith was an Act of God and is no way attributable or caused by any prior actions of the defendant.

2. Comparative fault of a 3rd Party. No actions of the defendant were a cause of Mr. Smith's death, but it was the actions of a 3rd party.

3. Intervening cause. The death of Mr. Smith was caused by other circumstances in his life not directly or indirectly attributable to what happened at the Capitol.

4. Wrong party. The defendant was not a party to any injuries sustained by Mr. Smith at the Capitol.

## COUNTERCLAIMS

The defendant has the following claims against the plaintiff: defamation/libel/slander and withholding pertinent evidence from defendant.

### Count I

### Defamation/Libel/Slander

1. All facts and allegations contained hereinabove are incorporated herein by reference.

2. The wrongful allegations against defendant stated in this complaint are defamatory in nature and mischaracterize the defendant. As a result of this frivolous lawsuit, defendant has sustained mental anguish, emotional pain and suffering, loss of society, and loss of reputation.

WHEREFORE, defendant Taylor Taranto brings this counterclaim and demands judgement against Plaintiff Erin Smith in the sum of One Million ($1,000,000) Dollars, plus punitive damages in the amount of Two and a Half Million ($2,500,000) Dollars, plus costs and

interest. Additionally, defendant demands to be removed from plaintiff's complaint and demands a public apology.

<u>Count 2</u>

<u>Withholding Pertinent Evidence</u>

3. The plaintiff is in possession of Officer Smith's body camera footage which was not available at the time of the plaintiff's complaint. Based on the information presented herein, it can be assumed that the plaintiff and counsel are aware that Officer Smith's body camera footage shows that Officer Smith was hit with his own baton. At any point in time, plaintiff should have revealed this newly discovered evidence to the defendant which defendant asserts will show that the allegations in plaintiff's complaint are factually untrue. If the plaintiff's claims were true and factual, defendant should have timely been arrested and charged with the herein criminal charges due to the amount of national attention this case has received. Plaintiff's case seemingly hinges on these criminal allegations in which defendant herein has not been named, arrested nor charged.

WHEREFORE, defendant Taylor Taranto brings this counterclaim and demands judgement against Plaintiff Erin Smith in the sum of One Million ($1,000,000) Dollars, plus punitive damages in the amount of Two and a Half Million ($2,500,000) Dollars, plus costs and interest. Additionally, defendant demands to be removed from plaintiff's complaint and demands a public apology.

CONCLUSION

This case has received national attention. The plaintiff and counsel attended a ceremony at the White House where they spoke with the President. (https://www.c-span.org/video/?513951-1/president-biden-signs-bill-awarding-congressional-gold-medals-january-6-police-officers :time 23:31, Exhibit D). At the White House, the plaintiff's counsel appealed to Congress (c-span video

at time 24:34 off camera, audio-only). Members of Congress are now assisting in the plaintiff's political goals to designate Officer Smith's death as in the line of duty, according to this article: https://news.yahoo.com/jan-6-riot-police-departments-083404787.html. Finally, the plaintiff provided interviews to the media, both television and print. With so many people aware of Officer Smith's death, if the plaintiff's complaints were accurate and true, the defendant would be charged with the herein criminal charges.

Any and all actions of the defendant were not a foreseeable or unforeseeable cause of Mr. Smith's death. Wherefore, the defendant, Taylor Taranto, respectfully requests the court to dismiss the complaint against him with prejudice, to dismiss all causes of action against the defendant, including Causes of Action I, II, and III.

    Opposing Counsel has been properly notified of this request.

                                             Respectfully submitted,

                                             /s/ Taylor F. Taranto  
                                             Taylor F. Taranto, *pro se*  
                                             Address: 1311 N. Beech Ave., Pasco, WA 99301  
                                             Telephone: 509-430-2339  
                                             Email: tft122@msn.com  
                                             Defendant, *pro se*

**EXHIBIT A**



**EXHIBIT B**



**EXHIBIT C**

PD Form 42 Rev. 9/2019 Automated 3/95

☒ INJURY – ON DUTY
☐ INJURY – OFF DUTY
☐ ILLNESS – ON DUTY ONLY

METROPOLITAN POLICE DEPARTMENT
Washington, D.C.

INJURY OR ILLNESS REPORT

TYPE OF REPORT
☒ ORIGINAL
☐ SUPPLEMENTARY
DATE OF ORIG RPT _____

CCN NO.

DATE REPORT PREPARED

| NAME OF MEMBER (Last, First, MI) | RANK | CAD | BADGE | ELEMENT | CURRENT ASSIGNMENT |
|---|---|---|---|---|---|
| Smith, Jeffrey | OFC | 8739 | 4626 | 2D | 209 |

NATURE OF INJURY / ILLNESS: (List your injuries-specifying areas on body. In case of illness, list symptoms.)
PAIN TO NECK.

DATE/TIME OF INJURY/ILLNESS
1735 / 1/6/21

DATE LAST WORKED

CAUSE: (List the known or suspected cause of your injury or illness.)
Hit with flying object in face shld of helmet.

TOUR / DAYS OFF
Eve Thur Fri Sat

SICK LEAVE BALANCE

STATEMENT OF FACTS: (Describe the nature and circumstances of your injury/illness. Describe the area(s) of the body affected. Specify when and how the injury occurred, and include names and contact information of any witnesses to the injury/illness.)

I was outside of the US capital and people started throwing things metal objects. around 535pm Some kind of object hit me in the face shld, began feeling pain in my neck and face.

| NAME OF DUTY OFFICIAL NOTIFIED | DATE & TIME | HOSPITAL/URGENT CARE TREATMENT | NAME OF HOSPITAL/ URGENT CARE |
|---|---|---|---|
| Sgt Nevel | 1/6/21 2100 | ☐ Yes ☐ No | |

| WATCH COMMANDER NOTIFIED (On Duty Injury/Illness Only) | DATE & TIME | WORKING OUTSIDE EMPLOYEMENT AT TIME OF THE INCIDENT |
|---|---|---|
| | | ☐ Yes ☐ No |

| SIGNATURE OF MEMBER OR OFFICIAL PREPARING REPORT IF MEMBER IS UNABLE | SIGNATURE OF COMMANDING OFFICER | DATE |
|---|---|---|

▶ MEMBER ONLY ◀    ▶ MEDICAL SERVICES DIVISION USE ONLY ◀

VOLUNTARY WAIVER FOR NON-POD INJURY/ILLNESS
☐ I AM NOT REQUESTING A PERFORMANCE OF DUTY DETERMINATION FOR THIS INJURY/ILLNESS. I ELECT TO USE MY OWN SICK LEAVE FOR ANY TIME OFF.

☐ PERFORMANCE OF DUTY    ☐ NON-POD

| SIGNATURE OF MEMBER | APPROVED BY | CAD | DATE |
|---|---|---|---|

NOTE: PD Form 42 shall be submitted to MSD within 24 hours from the occurence or detection of any on-duty illness or injury. The official's certification of this report shall be completed by the end of the tour. Reports of off-duty injuries shall be certified within 24 hours of the report.

**EXHIBIT D**



CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was emailed this 8th day of December 2021, to: Anthony M. Shore, Esquire, amshorelaw@verizon.net; Richard Link, richard.link@goodwinweberlaw.com, and David P. Weber, david.weber@goodwinweberlaw.com.

/s/ Taylor F. Taranto
TAYLOR F. TARANTO