UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No. 21-CV-02170 (FYP) |
| DAVID KAUFMAN, et al. | * | |
| Defendants | * | |

### PLAINTIFFS' OPPOSITION TO
### CO-DEFENDANT TARANTOS' MOTION FOR LEAVE
### TO AMEND ANSWER AND TO FILE A COUNTERCLAIM

COME NOW the Plaintiffs, by and through undersigned counsel Goodwin Weber PLLC, and file this Opposition to the Motion for Leave to Amend Answer and to File a Counterclaim filed by Co-Defendant Taylor Taranto. The grounds for the Plaintiffs' Opposition are contained in the attached Memorandum of Law.

WHEREFORE, the premises considered, the Plaintiffs pray:

A.  That this Court deny the Defendant's Motion for Leave to Amend Answer and to File a Counterclaim.

B.  And for such other and further relief s this Court deems just and proper.

/s/ David P. Weber
David P. Weber, #468260
Counsel for Plaintiffs
GOODWIN WEBER PLLC
267 Kentlands Blvd, Suite 250
Gaithersburg, MD 20878
(301) 850-7600 Telephone
david.weber@goodwinweberlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, et al. | * | |
|    Plaintiffs | * | |
| v. | * | Case No. 21-CV-02170 (FYP) |
| DAVID KAUFMAN, et al | * | |
|    Defendants | * | |

## **ORDER**

UPON CONSIDERATION of Co-Defendant Taylor Taranto's Motion for Leave to Amend Answer and to File a Counterclaim, and the Plaintiffs' Opposition thereto, it is this _____ day of _____, 2022, by the United States District Court for the District of Columbia,

ORDERED, that Co-Defendant Taylor Taranto's Motion for Leave to Amend Answer and to File A Counterclaim be and it is hereby DENIED.

_____
JUDGE FLORENCE PAN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, et al. | * | |
|     Plaintiffs | * | |
| v. | * | Case No. 21-CV-02170 (FYP) |
| DAVID KAUFMAN, et al | * | |
|     Defendants | * | |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO CO-DEFENDANT TARANTO'S MOTION FOR LEAVE TO AMEND ANSWER AND TO FILE A COUNTERCLAIM

COME NOW the Plaintiffs, by and through undersigned counsel Goodwin Weber PLLC, and hereby file this Opposition to the Motion of Co-Defendant Taylor Taranto for Leave to Amend Answer and to File a Counterclaim (DE 15), and state as follows:

### PROCEDURAL BACKGROUND

1. On August 13, 2021, Plaintiffs filed the Complaint in this matter. [DE 1]

2. On August 14, 2021, Plaintiffs filed the First Amended Complaint ("FAC") in this matter. [DE 2]

3. Co-Defendant Taranto was served with the FAC on August 16, 2021. [DE 5]

4. On September 3, 2021, Co-Defendant Taranto filed a Motion to Extend Time to Answer. [DE 9]

5. On September 7, 2021, the Court granted Taranto until October 7, 2020 to file his Answer. [Paperless Order]

6. On October 7, 2021, Co-Defendant Taranto filed his pro se Answer. [DE 11]

7. On December 2, 2021, Co-Defendant Taranto filed a Motion to Dismiss. [DE 13]

8. On December 6, 2021 the Court *sua sponte* denied the Motion to Dismiss.

9. On December 8, 2021, Co-Defendant Taranto filed a Motion to Amend the Answer to Plaintiffs' FAC and to file a Counterclaim [DE 15]

10. On December 9, 2021, this Court conducted the initial scheduling conference, and provided a briefing schedule for the Defendant's Motion. At this hearing, upon questioning by this Court, the Defendant had no cogent explanation for why his affirmative defenses or counterclaims were not made when his Answer was initially filed.

## THE DEFENDANT'S AMENDED RESPONSE

In his Motion for Leave to Amend, Taranto cites to Federal Rules of Civil Procedure 15 and 16, arguing that leave to amend should be liberally granted, and that this case is at an early stage of the proceedings. Taranto's real aim in amending his Answer appears to be so that he can lodge counterclaims against the Plaintiffs, the Widow and Estate of a fallen Washington, DC, Police Officer from January 6, 2021, as well as to make an end-run around the Court's prior *sua sponte* denial of his untimely motion to dismiss.

At the outset, while Defendant Taranto is *pro se*, he is held the same standards as any other party. He is obliged to follow the Federal Rules of Civil Procedure. *Mokhtar v. Kerry,* 83 F. Supp.3d 49, 61 (DDC 2015). Indeed, Taranto has already been given liberal advantage, including double the ordinary length to file an Answer, purportedly as he attempted to retain counsel. Yet, he continues to be unrepresented to this day. While unrepresented, he is not in compliance with the Federal Rules.

First, his Counterclaim is not timely as it was a compulsory counterclaim, and was required to have been filed at the time of his original Answer. Taranto has not proffered any sound or legitimate legal basis to excuse the amendment at this time to include the counterclaim. Second, even if the counterclaim were before the Court in the first instance, Plaintiffs would be compelled to file a Rule 12(b)(6) motion for failure to state a claim for which relief can be granted.  Under Federal Rule 12(b)(6), the non-movant can overcome a motion to dismiss by alleging facts sufficient to state a claim that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Here, however, because the issue before the Court is whether the amendment should even be allowed, Plaintiffs maintain that it would be futile to permit the amendment.  Indeed, courts have held that leave to amend should not be granted where to do so would be futile, *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C.Cir. 1996) (citation omitted); see also *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed2d 1234 (1962). The bottom line is that the Motion for Leave to Amend should be denied because the counterclaim was compulsory; was not timely filed; was not filed in good faith; and ultimately because they cannot withstand a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).  Each will be discussed *seriatim.*

## THE COUNTERCLAIM IS COMPULSORY AND IS NOT TIMELY

Under Rule 13, a defendant must state as a counterclaim any claim that – at the time of its service—the pleader has against an opposing party if the claim: (1) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (2) does not require adding another party over whom the court cannot acquire jurisdiction.  *See Law Offices of Jerris Leonard, PC, et al. v Mideast Sys., Ltd., et al.,* 111 FRD 359, 361-362 (DDC 1986) (A

"compulsory counterclaim [is when claimant] knew or should have known of the existence of a potential claim at the time its answer was due in this Court . . . [and] is now barred by Rule 13(a) from raising the claim…"). Here, Taranto's proposed amended answer clearly includes compulsory counterclaims. No new party needs to be added, and the allegations in the counterclaim arise out of the same transaction as the FAC; i.e. Taranto claims that he was the victim of defamation specifically as a result of allegedly false claims made against him in this lawsuit when the First Amended Complaint was filed ("The wrongful allegations against defendant *stated in this complaint* are defamatory in nature and mischaracterize the defendant," Prop. Counterclaim at ¶ 2) (Emphasis supplied). Any counterclaim that Taranto wished to file was therefore due by October 7, 2021. Taranto filed his Answer on October 7, 2021, but did not include any counterclaim. [DE 11] Rather, Taranto waited two (2) months – until December 8, 2021 – to file his counterclaim, on the eve of the Court's scheduling hearing. This is the second consecutive time that Taranto has filed a motion rather than address a scheduled event as appropriate.[1] The applicable standard governing amended pleadings is Rule 15(a)(2) which provides as follows:

**Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

      Plaintiffs do not consent. Therefore, the decision to permit a defendant to add an untimely counterclaim rests with the discretion of the Court. In *Preferred Meal Sys. v Save More*

---

[1] First, rather than the filing of the Meet and Confer Statement; second, immediately prior the scheduling hearing of this Court.

*Foods, Inc.*, 129 F.R.D. 11 (D.D.C. 1990), the Court denied the Defendant's motion to add a counterclaim, concluding that there had been undue delay, that the Defendant had failed to show that justice required the amendment, or that the failure to timely file was the result of oversight, inadvertence or excusable neglect. Other factors that federal courts examine are whether the defendant has acted in good faith in filing the Counterclaim, and whether the Counterclaim is meritorious, (See, e.g. *Gabourel v Bouchard Transport. Co., Inc.*, 901 F.Supp. 142 (S.D.N.Y. 1995); See also, *Bigda v Fischbach Corp.*, 849 F.Supp. 895 (S.D.N.Y. 1994). In the instant case, the Defendant has not acted in good faith.  Rather, the Defendant appears to be motivated by anger and revenge; i.e. Taranto's Counterclaim is an attempt to punish the Plaintiffs and deter them from pursuing this litigation, similar to a SLAPP suit, even though they are the victims and the Widow.   At the December 9, 2021, scheduling conference, the Court squarely asked the Defendant why he did not include his counterclaims when he filed his Answer back on October 7, 2021, given that he clearly would have been aware of all facts necessary to plead them at that time, along with similar affirmative defenses.  The Defendant was not able to provide the Court with any cogent explanation.  As will be addressed below, Taranto's counterclaims lack merit and justice does not therefore weigh in favor of permitting the amendment.  The Defendant has not argued that oversight, inadvertence or excusable neglect excuses his late filing.  These issues also weigh heavily against permitting the counterclaims.

## RESPONSE TO COUNT I OF THE AMENDED COUNTERCLAIM

In Count I (which Defendant labels defamation/libel/slander), Taranto states that "the wrongful allegations against the defendant stated in the FAC are defamatory in nature and mischaracterize the defendant. (Prop. Counterclaim ¶ 2).  Taranto seeks money and punitive

damages (Prop. Counterclaim ¶ 2).[2]  To state a cause of action for defamation, a plaintiff must plead the following elements:[3]

1. The defendant published a false statement about the plaintiff.

2. The statement was defamatory.

3. The defendant was negligent in publishing the statement.

4. The plaintiff suffered actual injury as a result.

*Doe No. 1 v. Burke,* 91 A.3d 1031, 1044 (DC 2014); *Columbia First Bank v. Ferguson,* 665 A.2d 650, 655 (DC 1995).  The counterclaim could not survive a 12(b)(6) motion to dismiss because it does not contain the requisite elements of a defamation claim.  Nowhere in the proposed counterclaim does Taranto specifically identify any false statement(s).  In addition, the counterclaim does not flesh out the details as to how or why the statement(s) is/are false.  Also, the only "publication" that the counterclaim references is the FAC (which will be addressed below).  The counterclaim states that the allegations "mischaracterize" Taranto.  However, the counterclaim is silent as to specifically how Taranto was mischaracterized and how that relates to his "true character" - his occupation, his standing in the community, etc. And, the damages that Taranto seeks arise from 'this frivolous lawsuit" and not from any other published false

---

[2] The claim for punitive damages in the counterclaim must also fail.  The counterclaim does not identify the requisite malice required for such an award.  See *Jonathan Woodner Co v. Breeden*, 665 A2d 929, 936-937 (DC 1995) (Plaintiff must prove by clear and convincing evidence that the tortious act was accompanied by conduct and state of mind evincing malice or its equivalent).  Such allegations must be pleaded specifically, and are absent here.  Again, *pro se* or not, at this state in the litigation Taranto has been given ample opportunity to secure counsel and file proper papers and pleadings.

[3] As this matter is a case sounding in diversity, reference is to the substantive law of the District of Columbia.

statement (Prop. Counterclaim, ¶ 2).   By definition, defamation does not provide for damages arising from a lawsuit.  Assuming *arguendo* that the Counterclaim states a cause of action for defamation, Taranto still will not be able to succeed on his Counterclaim because of the judicial privilege, which is an absolute bar to a defamation claim.  In *Park v Brahmbhatt* 234 A.3d 1212, 1215 (DC 2020) the D.C. Court of Appeals said as follows:

> The judicial-proceedings privilege "affords an attorney [and his or her client] absolute immunity from actions in defamation for communications related to judicial proceedings. . . . For the absolute immunity of the privilege to apply, we have said, two requirements must be satisfied: (1) the statement must have been made in the course of or preliminary to a judicial proceeding; and (2) the statement must be related in some way to the underlying proceeding."

The Counterclaim expressly states that the (allegedly) false statement arises from the Plaintiffs' FAC and that his (alleged) damages arise from the instant lawsuit.  Taranto does not identify any other basis for his claims.  Therefore, Plaintiffs are absolutely immune from the defamation suit that Taranto seeks to bring and it would be futile to permit the amendment because the defamation claim is barred as a matter of law – even viewing that claim in the light most favorable to Taranto.

In summary, Widow Erin Smith and the Estate of Police Officer Jeffrey Smith are absolutely privileged and immune in bringing this wrongful death suit against Taranto.  If Taranto claims he was not at the Capitol, or that he did not engage in the outrageous conduct of which he is accused, his remedy is to defend this suit.  Widow Erin Smith and the Estate look forward to proving their case against Taranto before a District of Columbia jury.

**RESPONSE TO COUNT II OF THE AMENDED COUNTERCLAIM**

<u>Purported Discovery Abuse.</u>  In Count II, entitled "Withholding Pertinent Evidence," Taranto claims that there is newly discovered evidence that has not been turned over to him. Taranto then says that this newly discovered evidence will show that the allegations in the FAC are not true.  Taranto does not cite any legal theory (based on statute or common law) in support of this theory.  To the extent that a party has an issue with discovery, there are appropriate Federal Rules of Civil Procedure that address the manner that discovery is requested, and the process to compel discovery.  But Taranto has not requested discovery and indeed, the Court has not even issued a Scheduling Order, in large part because of Taranto's own lack of cooperation and conduct.  At one point earlier in this litigation, Taranto's wife sent an email to Plaintiffs' counsel requesting video evidence.  This was not a formal discovery request as contemplated by the Rules, nor could it.  Taranto's wife is not an attorney of record and has no standing to demand discovery from counsel or any other party.  She is neither a member of the District of Columbia Bar, nor the bar of the United States District Court for the District of Columbia.  The Court already stated this, on the record, during the December 9, 2021, scheduling conference. The Court specifically instructed undersigned counsel that he need not respond to any request for discovery from Taranto's wife.  In addition, to the extent that discovery is owing to Taranto at some point – and it will be someday – he has only delayed the discovery process by his own misconduct during the meet-and-confer process required by the Local Rules of this Court.  The parties – including counsel for Defendant Kaufman—attempted to craft a discovery schedule that would allow Taranto to obtain the evidence he now claims has been withheld.  Taranto was at this meet and confer meeting by teleconference.  But after stating he agreed to this discovery

schedule with counsel on the phone, rather than sign the joint meet and confer statement, Taranto instead changed his mind and filed an untimely motion to dismiss. This was then *sua sponte* denied by the Court.

<u>Purported Counterclaim Because he has Not Yet been Indicted</u>. In Count II, Taranto also attempts to state a counterclaim cause of action to the effect that, if the allegations in the FAC were true, then he would have been arrested and charged with criminal offenses. (Prop. Counterclaim, ¶ 3). Although Taranto could be criminally charged, this fact does not state a cause of action for a counterclaim. While it is impossible to understand exactly how this is a counterclaim, i.e. while a criminal conviction could conceivably have some bearing on this proceeding (including potential issues of collateral estoppel or Fifth Amendment privilege), such a consideration is not a basis for a cause of action. Again, Taranto does not cite any legal theory (based on statute or common law) in support of this theory. The undersigned is not aware of any case or legal principle that states that a criminal indictment or charge is a condition precedent to a civil proceeding. Rather, a civil proceeding is required to meet a lower threshold of proof than a criminal proceeding. Therefore, Plaintiffs maintain that Count II does not and cannot state a cause of action that could survive a Rule 12(b)(6) Motion, and the proposed Amendment should therefore be denied as futile.[4]

---

[4] While Taranto argues his freedom thus far is somehow evidence he has does nothing wrong, it bears noting that on the Anniversary of the Capitol Riots--just three days ago--the Attorney General of the United States mentioned decedent Jeffrey L. Smith by name in his prepared remarks. He also stated that a great many arrests of more serious offenders will be forthcoming ("The actions we have taken thus far *will not be our last*. The Justice Department remains committed to holding all January 6th perpetrators, *at any level*, accountable under law — *whether they were present that day or were otherwise criminally responsible for the assault on*

## THE COURT SHOULD DENY TARANTO'S AMENDED ANSWER

Pursuant to Rule 15(a), leave to amend an Answer shall be freely given when justice so requires. The Court retains the discretion to grant or deny the amendment, although the Court shall examine the propriety of the amendment on a case-by-case basis, *Harris v. Secretary, United States Dep't of Veterans Affairs*, 126 F.3d 339, 343 (DC Cir. 1997). The Court may deny leave to amend if there is undue delay, bad faith, repeated failure to cure a pleadings deficiency, undue prejudice to the opposing party and futility of amendment. *Foman v. Davis*, 371 US 178, 182, 83 SCt 227 (1962). In the instant case, justice does not require that the Court permit the Amended Answer. Taranto's proposed Amended Answer attempts to add additional affirmative defenses that he tried to include in his failed Motion to Dismiss. Specifically, on December 2, 2021, Taranto filed a Motion to Dismiss claiming as follows:

(a) Officer Smith was attacked with his own baton. (Motion to Dismiss, DE 13, ¶¶ 2, 3);

(b) the time of the attack described in the FAC (5:00 pm) "does not match that was put forth to support the complaint, or the publicly available information regarding the incident". (Motion to Dismiss, DE 13, ¶ 5); and

(c) "the complaint mischaracterizes the events and people involved on January 6, 20121 by using the terms 'insurrectionist mob', 'Capitol insurrection', and insurrectionists…." (Motion

---

*our democracy*.") (Emphasis supplied). https://www.justice.gov/opa/speech/attorney-general-merrick-b-garland-delivers-remarks-first-anniversary-attack-capitol.

The video evidence at trial will prove that Defendant Taranto was present that day. He carried a dagger strapped to his chest, and he assaulted numerous people at the Capitol with a cane used as a weapon. As the late Reverend Martin Luther King, Jr., has been credited with saying: "The arc of the moral universe is long, but it bends towards justice." Widow Erin Smith and Officer Smith's family await that justice.

to Dismiss, DE 13, ¶ 6).

On December 6, 2021, this Court denied the Defendant's Motion to Dismiss, stating as follows:

"Under Federal Rule of Civil Procedure 12(b), "[a] motion asserting any... defenses [under Rule 12] must be made before pleading if a responsive pleading is allowed." *See also Mulhall v. District of Columbia*, 747 F. Supp. 15, 18 (D.D.C. 1990) ("Since defendants answered plaintiff's complaint prior to filing their motion to dismiss the complaint for failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6), this motion is untimely")."

In his Amended Answer, Taranto parrots the above-quoted language from his Motion to Dismiss, (DE 15, ¶¶ 8, 9, 10, 34). Taranto would have known <u>all facts</u> giving rise to these defenses at the time he filed his Answer. The Defendant has not argued that oversight, inadvertence or excusable neglect excuses his late filing. The Court even asked Defendant – on the record – for his explanation on why he was seeking to file this amended answer now, and did not provide any cogent response. As such, his belated attempts to raise these defenses again are untimely. Rather, it appears that Defendant Taranto is using the Amended Answer to resurrect issues that the Court summarily rejected in his Motion to Dismiss. Because Taranto is filing his Amended Answer in bad faith and without any appropriate explanation as to why he failed to include these defenses earlier (and providing case law to support why such an explanation is appropriate), justice does not require that the Court permit the amended pleading.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Leave to Amend should be denied.

*/s/ David P. Weber*
David P. Weber, #468260
Counsel for Plaintiffs
GOODWIN WEBER PLLC
267 Kentlands Blvd, Suite 250
Gaithersburg, MD 20878
(301) 850-7600 Telephone
david.weber@goodwinweberlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF filing system on this 9th day of January, 2022, which will send electronic notice to: Taylor Taranto, tft122@msn.com,; and amshorelaw@verizon.net Anthony Shore, Esquire, 1311 N. Beech Avenue, Pasco, WA 99301; 7415 Oak Lane, Chevy Chase, MD 20815.

*/s/ David P. Weber*
