UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, *et al.*

                     *       CASE NO: 1:21-CV-2170 (FYP)

                     *

    *Plaintiffs*           *

                     *

                     *

TAYLOR F. TARANTO      .    *

                     *

    Defendant, *Pro Se*.    *

## RESPONSE TO PLAINTIFF'S OPPOSITION TO
## CO-DEFENDANT TARANTO'S MOTION FOR LEAVE
## TO AMEND ANSWER AND TO FILE A COUNTERCLAIM

COMES NOW Taylor Taranto, Defendant *pro se,* in the above-captioned cause, and file

this Response to the Opposition to the Motion for Leave to Amend Answer and to File a

Counterclaim filed by Erin Smith, *et al.* The grounds for this response are attached.

WHEREFORE, the premises considered, Defendant Taranto asks this Court to allow

Defendant's previously submitted Amended Answer and Counterclaims.

          Respectfully submitted,

          /s/ Taylor F. Taranto
          Taylor F. Taranto, *pro se*
          Address: 1311 N. Beech Ave., Pasco, WA 99301
          Telephone: 509-430-2339
          Email: tft122@msn.com
          Defendant, *pro se*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, *et al.*

                       \*      CASE NO: 1:21-CV-2170 (FYP)

                       \*

    *Plaintiffs*           \*

                       \*

                       \*

TAYLOR F. TARANTO      .   \*

                       \*

    Defendant, *Pro Se*.     \*

## MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO CO-DEFENDANT TARANTO'S MOTION FOR LEAVE TO AMEND ANSWER AND TO FILE A COUNTERCLAIM

COMES NOW Taylor Taranto, Defendant *pro se*, and hereby files this Response to the Opposition to the Motion for Leave to Amend Answer and to File a Counterclaim filed by Erin Smith, *et al.* (DE 16) and states as follows:

The Plaintiffs oppose Mr. Taranto's use of the Federal Rules of Civil Procedure 15 and 16, however, Mr. Taranto would like to remind the Court that leave to amend should be liberally granted, and that ultimately, this Court determines whether the Amended Answer (DE 15) should be allowed. As you will have noticed, Mr. Taranto is still unrepresented. This is not for lack of trying to find representation. In fact, virtually every lawyer that has been contacted by Defendant Taranto has either made a referral to another lawyer, claimed they were too busy to take the case, or failed to return phone calls or emails. Upon examination of the requirements for *in forma pauperis* it was determined that Defendant Taranto would not qualify. Defendant Taranto is not a lawyer but is learning how to work within the justice system and believes he is within his rights to file as it was accepted by the clerk.

## TIMELY FILING

The Plaintiffs argue that Defendant Taranto has been given "liberal advantage." This may be true, but the same is true for the Plaintiffs. For example, because the parties did not submit their joint report, as required by Federal Rules of Civil Procedure 26(f) and Local Civil Rule 16.3, which is something the counselors (Weber and Shore) involved in this case should have initiated, the Initial Scheduling Conference was rescheduled. This was an oversight on the part of two experienced lawyers, one of which was counsel for the Plaintiffs. Even when the Court rescheduled the Initial Scheduling Conference for November 19, 2021, and ordered the parties to hold a Meet and Confer, the Plaintiffs' counsel waited until three (3) days before the joint report was due to contact Defendant Taranto. If it is so easy for an experienced lawyer to miss a deadline, then it should be understandable that a *pro se* defendant could also make a mistake in filing, or miss a deadline.

This is what happened with Defendant Taranto and the "timely filing" of his counterclaims. It was not until the Court ordered the Meet and Confer that Defendant Taranto understood, and began to comprehend what rules he was to follow. While his Counterclaims do arise from the First Amended Complaint (FAC), he was not aware that they needed to be filed in the Initial Answer, which is one of the reasons he petitioned the Court to allow his Amended Answer. This was an oversight on his part and he is working hard to learn what steps he needs to take next in the Court proceedings. Again, if Defendant Taranto was able to obtain representation, this would not have been a problem. However, because the Plaintiffs went to the press with their lawsuit before he was able to secure a lawyer, it has now become almost impossible to find representation.

The Plaintiffs accuse Defendant Taranto of being "motivated by anger and revenge." This is speculation and has no basis. The United States Justice System is based on the concept of innocent until proven guilty. Defendant Taranto is motivated by the fact that he is innocent and has been accused wrongfully. These wrongful accusations have been written up in newspapers across the country, which is what led to his Defamation/Libel/Slander claim.

## DEFAMATION

According to the substantive law of the District of Columbia, to state a cause of action for defamation, a plaintiff must plead the following elements:

1. The defendant published a false statement about the plaintiff

2. The statement was defamatory.

3. The defendant was negligent in publishing the statement.

4. The plaintiff suffered actual injury as a result.

This is Mr. Taranto's response to each of these elements:

1. Mr. Weber went to the press with his lawsuit before verifying his claims were factual. An NBC News article from October 17, 2021 states that "[Officer Smith's] bodycam footage, shared with NBC News, shows that he was attacked with his own baton" (https://www.nbcnews.com/politics/congress/after-jan-6-riot-police-departments-confront-mental-health-toll-n1281701).

2. The claim that Officer Smith was hit with an object that Defendant Taranto handed to Defendant Kaufman has been shown through NBC News to be factually untrue (https://www.youtube.com/watch?v=dHVuEDANJ80 starting at time 11:36).

3. Mr. Weber was negligent in talking with the press about Defendant Taranto's involvement in the instant case. He has not acknowledged before the Court that he has verified his claims

through filing a criminal report with law enforcement, yet still persists with reckless claims of "insurrection" to the press.

4. Mr. Taranto has suffered actual injury, including mental anguish, emotional pain and suffering, marital disharmony, loss of society and loss of reputation, as a result of his name being splashed all over the pages of local and national newspapers.

## ACTING IN GOOD FAITH

The Plaintiffs accuse Defendant Taranto several times of not acting in good faith. Defendant Taranto has not acted maliciously or in "bad faith" in any way, and is continuing to learn and do the best he can, unrepresented. Plaintiffs' counsel, Mr. Weber, asked Defendant Taranto if he would like to wait for criminal charges and postpone this current civil litigation. While Defendant Taranto declined, he is still waiting for criminal charges. Mr. Weber was told in the Initial Scheduling Conference that he was to share the bodycam footage that he received from the Metropolitan Police Department with Defendant Taranto, even though he is *pro se*, and Mr. Weber has not yet done so.

One main question that arises here is whether the Plaintiffs have filed a criminal report with law enforcement regarding the initial claims against Defendant Taranto. Mr. Weber was unwilling to answer to if he had but instead alluded to him being sure that law enforcement is watching. This is a non-answer as is his reference to Merrick Garland in his footnotes.

## **MISCHARACTERIZATION**

In the FAC, the Plaintiffs use the terms "insurrectionist mob," "Capitol Insurrection," and "insurrectionists". These terms are used to refer to Defendant Taranto, who is not an insurrectionist, but is medically retired and was considering running for office. Being mischaracterized and having his name dragged through the mud in the local and national press have made this ambition less likely.

Mr. Taranto did not claim that he was not at the Capitol, as suggested by the Plaintiffs. The Plaintiffs state that they look forward to "proving their case against Taranto before a District of Columbia jury." What proof can the Plaintiffs obtain if the crimes they claim are not being investigated? Mr. Weber says he wants full forensic access to Mr. Taranto's laptop, cell phone, etc. however, law enforcement has not expressed the same interest.

Mr. Weber continues to bring up an email Mr. Taranto sent from his wife's email account. This was addressed during the Initial Scheduling Conference. Mr. and Mrs. Taranto share email accounts and are also protected by Marital Privilege according to the Supreme Court. The email in question here was regarding evidence Mr. Weber has but has yet to share with Mr. Taranto, which the Court has already said he needs to share. Why has Mr. Weber not shared Officer Smith's body camera footage with the defendant who has requested it, when he has shared it freely with the national news (NBC https://www.youtube.com/watch?v=dHVuEDANJ80) and thereby, the whole world? The Plaintiffs have also claimed immunity from defamation, but the media has said that Officer Smith was hit with his own baton, which is not what the Plaintiffs claimed.

Defendant Taranto is still waiting for criminal charges. No law enforcement officers have asked him any questions. Did the Plaintiffs file a criminal report with law enforcement officials? If they did not, then how can they make a case off of unverified claims that are criminal in nature?

The Plaintiffs state that Defendant Taranto "carried a dagger strapped to his chest, and he assaulted numerous people at the Capitol with a cane used as a weapon." He did not have a dagger, and he did not assault numerous people with a cane. If this were true, defendant Taranto would have been arrested by now.

The Plaintiffs claim that Defendant Taranto would have known "all facts" giving rise to his defenses in his Amended Answer. This is not true because Defendant Taranto was made aware through an NBC news report (https://www.youtube.com/watch?v=dHVuEDANJ80 starting at time 11:36) that Mr. Weber was in possession of the body camera footage of Officer Smith. The news article and evening news report stated information that made Defendant Taranto realize that he should submit Counterclaims to the Court.

AG Merrick Garland doesn't have unilateral authority to determine who is or isn't an insurrectionist. Insurrection is a legal term, and the Plaintiffs are still using these words recklessly. Plaintiffs should report everything they have to AG Garland as to assist their criminal complaint that they have lodged in a civil filing, with Congress and the White House also in the know and having offered assistance. Mr. Weber mentions a one-year anniversary but the public has still not been made aware of all publicly available video through Congress. The January 6th Committee is in disarray and running away from answering legitimate questions as to who was behind the vandalism and actual misconduct by Capitol Police, and other federal agencies and

their informants. Congress has had vast expanded powers to investigate and is set on determining if President Trump incited an insurrection on the Capitol that day, instead of assisting Mr. Weber and Erin Smith with their illegitimate claims that Defendant Taranto had something to do with Officer Smith's death. Defendant Taranto does not believe President Trump inspired violence on the Capitol that day and did not commit acts of violence that day.

Article III of the Constitution charges Congress with the powers to create courts with purpose. This being a civil filing and expecting to yield charges from insurrection has no benefit to the general public in civil proceeding and should be dismissed on the grounds that Congress is assisting Mrs. Smith and already has power of the purse and both defendants have no way of paying. If Congress is privy to the Plaintiff's claims, how can defendant Taranto be expected to seek to petition the government for redress of grievances - if Congress is withholding evidence that either could either exonerate or incriminate and defendant Taranto's counter suit isn't able to be heard?

As the DOJ has already admitted, they have scant evidence that an insurrection was coordinated and conducted on the Capitol on January 6th 2021. Likely no one has taken Plaintiff's claims seriously and they even could be perceived as political in nature. Most protesters at the Capitol that day were peaceful and most accused of assault have been charged. Such a high profile case should deserve more scrutiny considering how many federal entities are involved. Instead, Mr. Weber's actions and offers to defendant Taranto appear complex, empty and withdrawn from actually trying to ascertain the truth about the death of Officer Smith. Congress seems less interested unless his death can somehow be linked to their convoluted claims of insurrection.

Congress has had equal opportunity to investigate the motivation for why so many protestors showed up that day, which was the basis for President Trump's speech - that is election fraud that Congress was allegedly certifying. President Trump alleges the insurrection took place on November 3rd, 2020. Defendant Taranto should have equal leave to await the results of criminal arrests of those involved in insurrection, as that is up to the individual states to decide if they want to decertify their 2020 election results. For example, Arizona's AG is sitting on criminal evidence that could decertify Arizona's 2020 election. The federal government must listen to the states, and whatever evidence is presented, in order to acknowledge the many protesters at the Capitol to redress their grievances peacefully under the first amendment.

As the Plaintiffs have already filed as to the events that day, and there is discrepancy as to what took place, Defendant Taranto states for the record that Judge Pan has personally benefitted from the events that took place on January 6th - that is, the certification of President Biden, who has appointed Judge Pan directly. It is an apparent conflict-of-interest to weigh in on the Plaintiff's initial filing and defendant Taranto requests that Judge Pan recuse herself in light of the arguments presented by both defendant Taranto and Mrs. Smith, *et al*. Judge Pan should have no say over the events which got her appointed and oversee a hearing which is attempting to oversee allegations that eventually led to her appointment. Judge Pan should have no say over allegations concerning her eventual appointment. Even if she denies the counter filing, she would be left to oversee allegations that still led directly to her appointment. Judge Pan should recuse herself for the integrity of the court.

Opposing Counsel has been properly notified of this request.

Respectfully submitted,

/s/ Taylor F. Taranto
Taylor F. Taranto, *pro se*
Address: 1311 N. Beech Ave., Pasco, WA 99301
Telephone: 509-430-2339
Email: tft122@msn.com
Defendant, *pro se*

CERTIFICATE OF SERVICE


I HEREBY CERTIFY that a copy of the foregoing was emailed this 18th day of January

2022, to: Anthony M. Shore, Esquire, amshorelaw@verizon.net; Richard Link,

richard.link@goodwinweberlaw.com, and David P. Weber,

david.weber@goodwinweberlaw.com.


/s/ Taylor F. Taranto
TAYLOR F. TARANTO