UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIN SMITH, *Plaintiff*, v. DAVID KAUFMAN, *et al.*, *Defendants*. | Civil Action No. 21-cv-2170 (FYP) |

**ORDER**

This matter comes before the Court on Defendant Taylor Taranto's Motion to Amend Answer to Plaintiff's Complaint, filed on December 9, 2021. *See* ECF No. 15 (Defendant's Motion). The Motion to Amend also includes a request to bring certain counterclaims. Plaintiff filed an Opposition to Defendant's Motion on January 9, 2022, *see* ECF No. 16 (Plaintiff's Opposition), and Taranto filed his Reply on January 18, 2022, *see* ECF No. 17 (Defendant's Reply). For the following reasons, Defendant's Motion to Amend Answer is granted; but to the extent the Motion seeks to add counterclaims, that request is denied, and the counterclaims are stricken from the Amended Answer.

In this case, Plaintiff Erin Smith alleges that Taranto and his co-Defendant David Kaufman attacked her husband, Officer Jeffrey Smith, at the United States Capitol on January 6, 2021, and that their attack caused Officer Smith's death. *See* ECF No. 2 (Amended Complaint), ¶¶ 7, 9, 16. Specifically, she claims that Taranto participated in the attack by handing an object to Kaufman, which Kaufman then used to strike "Officer Smith in the face/head." *Id.*, ¶ 9. Defendant Taranto previously filed his Answer to Plaintiff's Amended Complaint on October 7,

2021.  *See generally* ECF No. 11 (Defendant Taranto's Answer).  He now seeks to amend his Answer to add more detail to his responses.  *Compare* ECF 15-1 (Defendant's Motion, Exhibit 1), ¶¶ 8–10, 34, *with* Def. Answer, ¶¶ 5–20, 33–41.  Taranto also requests leave to bring counterclaims, which allege (1) defamation, based on the allegations in Plaintiff's lawsuit; and (2) "withholding pertinent evidence," based on the allegation that Plaintiff has failed to disclose body-camera footage that would exonerate Taranto, by showing that Officer Smith was hit with his own baton.  *See* Def. Mot., Ex. 1, at ECF pp. 3–4.

Under Federal Rule of Civil Procedure 15(a), a party has 21 days to amend its pleading as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1).  Thereafter, a party "may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "[L]eave to amend should be freely given unless there is a good reason, such as futility, to the contrary."  *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Here, Taranto proposes to amend his Answer to add facts that he believes will support his defense.  The Court discerns no prejudice to Plaintiff in granting leave to amend, as this case remains at an early stage of litigation, and the Court has not yet entered a scheduling order.  *See* Def. Mot. at 1; *Willoughby*, 100 F.3d at 1003 (D.C. Cir. 1996) (instructing that leave to amend should generally be "freely given").  Accordingly, Taranto's request to amend his answer will be granted.

Taranto's proposed counterclaims, however, are futile.  His proposed counterclaim for defamation is barred by the judicial-proceedings privilege, which "affords an attorney and his or

her client absolute immunity from actions in defamation for communications related to judicial proceedings." *Park v. Brahmbhatt*, 234 A.3d 1212, 1215 (D.C. 2020) (cleaned up).  "For the absolute immunity of the privilege to apply . . . two requirements must be satisfied: (1) the statement must have been made in the course of or preliminary to a judicial proceeding; and (2) the statement must be related in some way to the underlying proceeding." *Id.*  Both requirements are met here, as the allegedly defamatory statements were all made in Plaintiff's Amended Complaint.  Defendant's request to add a defamation counterclaim is therefore denied as futile. *See Willoughby*, 100 F.3d at 1003.

Taranto also seeks to add a counterclaim for "withholding pertinent evidence."  Def. Mot., Ex. 1, at ECF p. 4.  This purported cause of action is based on an alleged failure to provide discovery — *i.e.*, body-camera footage of the underlying events.  Taranto may seek to address this issue under the rules of discovery.  The factual allegations otherwise fail to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1078 (D.C. Cir. 1984) (stating that complaint "must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted").

Finally, the Court notes that Taranto's statement that he has not been arrested for the conduct alleged by Plaintiff does not change the analysis.  *See* Pl. Opp. at 11; Def. Mot., Ex. 1, at ECF p. 4; Def. Reply at 7.  A criminal charge is not a condition precedent to commencing civil proceedings for assault and battery, wrongful death, and aiding and abetting the aforementioned counts.  *See* Am. Compl., ¶¶ 21–41; *Davis v. Giles*, 769 F.2d 813, 815 (D.C. Cir. 1985) ("There is a distinction between the elements of a civil assault and battery and those of a criminal assault."); D.C. Code §§ 16-2701, *et seq.* (stating elements of wrongful death action without

reference to criminal charges).

Accordingly, it is hereby

**ORDERED** that Defendant Taranto's Motion to Amend Answer to Plaintiff's Complaint is **GRANTED,** and the Amended Answer is accepted for filing; and it is further

**ORDERED** that Defendant Taranto's request to add counterclaims is **DENIED**; and it is further

**ORDERED** that the proposed counterclaims are stricken from the Amended Answer.

**SO ORDERED.**

 

Florence Y. Pan
United States District Judge

Date:   January 24, 2022