UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, *et al.*,

        *Plaintiffs,*

  v.

DAVID KAUFMAN, *et al.*,

        *Defendants.*

Civil Action No. 21-2170 (FYP)

## SCHEDULING ORDER

Upon consideration of the parties' [14] Joint Rule 16.3 Meet and Confer Statement, it is hereby **ORDERED** that:

1. Discovery in this case shall proceed according to the following schedule:

   | | |
   |---|---|
   | Motion to Add Parties or Amend Pleadings | May 10, 2022 |
   | Plaintiffs' Rule 26(a)(2) Statements | July 11, 2022 |
   | Defendants' Rule 26(a)(2) Statements | August 11, 2022 |
   | Plaintiffs' Rebuttal to Defendants' Disclosures | September 12, 2022 |
   | Close of Discovery | November 10, 2022 |

2. The parties are to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) unless they consent in writing to defer production of certain subcategories of documents identified in the rule.

3. Fact discovery shall be completed by November 10, 2022. "Completed" means that (a) interrogatories, requests for production of documents, and requests for admission must be served such that responses will be due on or before the cutoff date specified above; (b) all

discovery depositions be completed by the cutoff date; and (c) all subpoenas *duces tecum* must be returnable on or before the cutoff date specified above.

4. The parties shall be limited to no more than 10 non-party depositions, and no more than 30 interrogatories. Absent agreement of the parties or Order of the Court, the parties shall be limited to no more than 25 requests for admission per side.

5. Counsel are referred to LCvR 26.2 and are expected to comply fully with its directives. Before bringing a discovery dispute to the Court's attention, the parties shall confer in good faith in an attempt to resolve the dispute informally. *See* Fed. R. Civ. P. 26(c), 37; LCvR 7(m). If the parties are unable to resolve the dispute informally, they shall jointly email the Court (at Pan_Chambers@dcd.uscourts.gov), providing a clear, concise description of the issues in dispute and proposing dates and times for a teleconference to discuss those issues. Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel, and with leave of Court. Failure to comply with this requirement may result in any such motion being stricken.

6. If a party wishes to move for summary judgment, it must request that the Court schedule a pre-motion conference. To so request, the moving party shall submit a short notice via ECF, not to exceed six double-spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards and the claims at issue. Other parties shall respond by filing, within one week, a document of similar length setting forth their anticipated responses to the proposed motion. The Court will review and discuss with counsel any anticipated summary judgment motions at the pre-motion conference.

7. Parties may not extend deadlines by stipulation. Parties must seek extensions by motion.

**SO ORDERED.**

_____
FLORENCE Y. PAN
United States District Judge

Date:   February 18, 2022