UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, et al. | * | |
| Plaintiffs | * | |
| v. | * | 21-CV-02170 (FYP) |
| DAVID KAUFMAN, et al | * | |
| Defendants | * | |

## **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THE MOTION FOR LEAVE TO AMEND HER COMPLAINT**

COMES NOW the Plaintiffs, Erin Smith (individually and on behalf of the Estate of Jeffrey Smith), and file this Memorandum in Support of the Motion for Leave to File an Amended Complaint in accordance with Federal Rule of Civil Procedure 15(a).

## BACKGROUND

This case arises from the events of January 6, 2021. Specifically, Metropolitan Police Officer Jeffrey Smith was assigned to a civil disturbance unit of the Metropolitan Police Department of Washington, DC. This unit was then deployed to the United States Capitol in response to urgent request for assistance from the United States Capitol Police, after insurrectionists breached the security perimeter of the Capitol, and entered the building. Defendants David Kaufman and Taylor Taranto were inside the US Capitol, and near Ashli Babbitt when she was shot. Smith and his fellow officers were in the process of removing the mob from the Capitol building, immediately after Babbitt was shot, when Defendant David Kaufman assaulted Officer Smith with his own baton, striking him in the head and face. Defendant Taranto aided and abetted Defendant Kaufman in this assault, and with Defendant

1

Kaufman, was engaged in a civil conspiracy to commit unlawful acts inside the Capitol that day. Officer Smith sustained injuries to his head and neck (to include a concussion and post-concussive syndrome) and he died January 15, 2021, by gunshot wound.  Medical evidence links Officer Smith's death to the January 6th assault due to post-concussive syndrome, and on March 7, 2022, the DC Police and Firefighters' Relief and Retirement Board determined that Officer Smith's death occurred in the line of duty, and as the "sole and direct cause" of his injuries on January 6th, 2021.

## THE NEW ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

In her proposed Second Amended Complaint ("2AC"), Plaintiff clarifies the allegations as to the events of the assault.[1] All revised allegations are based on the receipt of new evidence received since the First Amended Complaint was filed. For example, in ¶8, the 2AC clarifies that the time of the events involving the Defendants occurred at around 2:50 pm (as opposed to 5:00 pm).  Also, in ¶ 9, the 2AC clarifies that Defendant Kaufman utilized Officer Smith's baton to assault him, and that Defendant Taranto locked arms or otherwise physically supported Defendant Kaufman during the altercation.  (The First Amended Complaint said that Defendant Taranto handed a cane to Defendant Kaufman in order to effectuate the assault). The remaining allegations against Defendant Kaufman remain essentially unchanged from the First Amended Complaint.

Count III contains the most significant changes from the First Amended Complaint. Specifically, the First Amended Complaint alleged a cause of action against Defendant Taranto for Aiding and Abetting the assault.  While bodycam and other video clearly confirm Taranto's presence at the scene of the assault on January 6, 2021 (with a weapon in hand), the footage also

---

[1] A redlined copy of the 2AC is attached hereto for reference.  (Exhibit 1)

shows that Kaufman used the officer's own baton.  Thus, the 2AC cause of action for aiding and abetting is amended to reflect that while Taranto assisted and aided Kaufman, the battery was itself effectuated by Kaufman.  Further, a new cause of action for civil conspiracy is alleged, in that both defendants were engaged in a conspiracy to engage in unlawful actions on January 6th, during which Officer Smith was injured, leading to his death.   This represents the most significant change in the SAC.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) says that a plaintiff may file an Amended Complaint only with the opposing party's consent or with leave of court.  In this case, the Defendants do not consent to the amendment, as their consent was sought in advance.  The decision as to whether to allow an amendment lies with the sound discretion of the Court.  Leave "shall be freely given when justice so requires."  Fed.R.Civ. P 15(a), *Firesetone v Firestone*, 6 F.3d 1205, 1208 (D.C. Cir. 1996); *Willoughby v Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996).  The factors for the Court to consider in the exercise of its discretion are as follows:

1) Undue delay;

2) Prejudice to the opposing party;

3) Futility of the amendment;

4) Bad Faith; and

5) Whether the Plaintiff has previously amended the Complaint.

*Howell v Gray*, 843, F.Supp. 2d 49, 54 (DDC 2012), citing *Atchinson v District of Columbia*, 73 F.3d 418 (DC Cir 1996).

Plaintiffs will now apply these factors to the instant case.  First, there has been no undue delay.  The Plaintiffs filed this case in August 2021.  Body camera evidence was only obtained after the First Amended Complaint was filed; the ruling from the DC Police and Firefighters' Retirement and Relief Board, determining that Officer Smith died in the line of duty from the sole and direct cause of the injuries suffered on January 6th, was only issued in March 2022; Exhibit E to the Second Amended Complaint, the Declaration of Patrick Sheehan, MD, was also only executed in March 2022.  In February 2022, this Court entered a Scheduling Order, setting the deadline for the Plaintiffs to amend the Complaint no later than May 10, 2022.  The 2AC is being filed prior to that deadline.

As to the second factor, there is no prejudice to the Defendants by permitting the amendment.  As indicated, this case is in the early stages of discovery.  Defendants will be afforded the opportunity to propound discovery requests and perform depositions to ascertain the facts underlying the 2AC.  Indeed, discovery does not close until November 10, 2022.  Further, Defendant Taranto has made repeated filing to this Court himself arguing that Officer Smith was hit with his own baton and alleging that the First Amended Complaint is inaccurate.  Thus, despite Defendant Taranto failing to formally consent to this 2AC, he has sought correction of the complaint to this effect repeatedly. There cannot be prejudice when a litigant has himself requests substantially similar relief. *Cf.* Fed. R. Civ. P. 15(b)(2) ("pleadings [] by the parties' *express or implied consent*) (emphasis supplied).

With respect to the third factor, permitting the filing of an Amended Complaint will not be futile.  With respect to the new civil conspiracy allegation, the 2AC clearly states a cause of action. In *Halberstam v Welch*, 705 F.2d 472 (D.C.Cir. 1983), the trial court found the defendant civilly liable, as a joint venturer and coconspirator, for a killing that occurred during the course

4

of a burglary, even though the defendant was not present at time of the actual death, or the burglary. The DC Circuit affirmed the trial court, stating as follows:

> In the District of Columbia a conspiracy requires: an agreement to do an unlawful act or a lawful act in an unlawful manner; an overt act in furtherance of the agreement by someone participating in it; and injury caused by the act. We have upheld the district court's finding that Hamilton and Welch agreed to undertake an illegal enterprise to acquire stolen property. The only remaining issue, then, is whether Welch's killing of Halberstam during a burglary was an overt act in furtherance of the agreement. We believe it was. As noted above, **a conspirator can be liable even if he neither planned nor knew about the particular overt act that caused injury, so long as the purpose of the act was to advance the overall object of the conspiracy. Welch was trying to further the conspiracy by escaping after an attempted burglary, and he killed Halberstam in his attempt to do so.** The use of violence to escape apprehension was certainly not outside the scope of a conspiracy to obtain stolen goods through regular nighttime forays and then to dispose of them. Cf. *Davidson v. Simmons,* 203 Neb. 804, 280 N.W.2d 645 (1979) (driver of the getaway truck found liable as a coconspirator for an unplanned injury to a policeman inflicted by his inside partner, who was caught in the course of the burglary). In sum, the district court's findings that Hamilton agreed to participate in an unlawful course of action and that Welch's murder of Halberstam was a reasonably foreseeable consequence of the scheme are a sufficient basis for imposing tort liability on Hamilton according to the law on civil conspiracy.

Turning to the facts of the instant case, the use of violence while inside the US Capitol on January 6, 2021 was certainly within the scope of the conspiracy to disrupt the legislative process. This is especially true where the Defendants were trespassing and had violated the law by entering a public, secure building without inspection. Furthermore, Taranto himself was carrying a deadly weapon, and Kaufman obtained a deadly weapon by force, by taking Officer Smith's baton, and using against Officer Smith, a District of Columbia Police Officer in the official course of his duties. Accepting as true the well-pled allegations in the 2AC, the Defendants' involvement in the January 6th conspiracy was even pronounced than the defendant in *Halberstam v Welch*, *supra,* who was not even present at the actual crime scene. Thus, permitting amendment of the Complaint will not be futile.

As to the fourth factor, the Plaintiff represents that the proposed amendment is made in good faith.  Indeed, the 2AC is an attempt to ensure that the allegations in the Complaint conform to the known evidence of record.  Also, as stated above, the 2AC contains detailed factual allegations that conform to the elements of each claim.  Further still, all the new evidence here was learned after the First Amended Complaint – mainly through discovery (the body camera footage of Officer Smith post-first amended complaint, and the Expert Report of Dr. Sheehan in March 2022), and by virtue of the Ruling of the DC Police and Firefighters' Retirement and Relief Board in March 2022 that Officer Smith's death was in the line of duty, and the direct and sole cause of the injuries he received on January 6th.

Finally, as to the fifth factor, the Plaintiffs has not previously amended their Complaint since the time that the Defendants filed their Answer.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court grant the Motion for Leave to Amend the Complaint.  The Second Amended Complaint, exhibits, a redlined version of this complaint, and a proposed order are attached hereto.

    /s/  David P. Weber
DAVID P. WEBER, CFE, #468260
Counsel for Plaintiffs
GOODWIN WEBER PLLC
267 Kentlands Blvd, Suite 250
Gaithersburg, MD 20878
(301) 850-7600
david.weber@goodwinweberlaw.com

---

[2] Plaintiffs filed an Amended Complaint at the initial stages of the proceedings, before the original Complaint was served and Answered.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true a correct copy of the foregoing was electronically delivered via the Court's CM/ECF filing system on this 9th day of May, 2022, which will send an electronic copy to:

Anthony Shore, Esquire, 7415 Oak Lane, Chevy Chase, MD 20815; amshorelaw@verizon.net; and
Taylor Taranto, 1311 N. Beech Avenue, Pasco, WA 99301, tft122@msn.com

                                                   /s/  David P. Weber
                                              DAVID P. WEBER