UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ERIN SMITH** | * | |
| c/o Goodwin Weber PLLC | | |
| 267 Kentlands Blvd #250 | | |
| Gaithersburg, MD 20878[1] | * | |
| | | |
| & | * | |
| | | |
| **ERIN SMITH, PERSONAL** | * | |
| **REPRESENTATIVE OF THE ESTATE OF JEFFREY SMITH** | | |
| c/o Goodwin Weber PLLC | | |
| 267 Kentlands Blvd #250 | * | |
| Gaithersburg, MD 20878 | | |
|     Plaintiff | * | |
| | | |
| v. | * | Case  No. 1:21-CV-2170 |
| **DR. DAVID KAUFMAN** | * | |
| 411 East Capitol St., SE | | |
| Washington, DC 20003 | * | |
| | | |
| & | * | |
| | | |
| **TAYLOR F. TARANTO** | * | |
| 1311 N Beech Ave | | |
| Pasco, WA, 99301 | * | |
| | | |
|     Defendant(s) | | |

## SECOND AMENDED COMPLAINT

COME NOW the Plaintiffs, Erin Smith (individually, as surviving spouse of Jeffrey Smith); and Erin Smith, Personal Representative of the Estate of Jeffrey Smith; by and through GOODWIN WEBER PLLC, and undersigned counsel David P. Weber, CFE, and files this Second Amended Complaint against David Kaufman and Taylor Taranto.  As grounds therefore, Plaintiffs state as follows:

    1.    Plaintiff Erin Smith is a resident of the Commonwealth of Virginia residing in

---

[1] Plaintiff is the widow of a Washington, DC Police Officer who died as a proximate cause of the Capitol Insurrection.  Her address is not provided for her personal safety.

Fairfax County.

2.      Plaintiff Erin Smith was appointed as the Personal Representative of Jeffrey Smith in the Circuit Court of Fairfax County (Case Number 2021-0000214).

3.      Defendant Dr. David Kaufman is a resident of the District of Columbia.

4.      Defendant Taylor F. Taranto is a veteran of the U.S. Navy.  He is a resident of the State of Washington.

5.      Jurisdiction is founded on 28 USC §1332, as there is complete diversity between all parties.

6.      Venue is proper in this Court as this lawsuit pertains to a cause of action that arose in Washington, DC.

7.      On or about January 6, 2021, Jeffrey L. Smith was employed as a Police Officer by the Metropolitan Police Department.  Due to the circumstances surrounding the planned Trump election event, MPD assigned Officer Smith to the Civil Disturbance Unit.   Specifically, Officer Smith was part of the larger contingent of MPD and other federal law enforcement that was tasked with responding to the Capitol Insurrection.

8.      On January 6, 2021 at around 2:50 pm., Officer Smith was working in the United States Capitol building.  Officer Smith together with fellow MPD officers re-took the Capitol from the insurrectionists, pushing the insurrectionists out of the US Capitol.

9.      At that time and place, Kaufman was part of the insurrectionist mob inside the US Capitol and was being escorted out of the building by MPD officers.  Co-Defendant Taranto locked arms or otherwise assisted Kaufman during a physical altercation with MPD Officers.  Kaufman, in turn, grabbed Officer Smith's baton, and violently swung the baton, striking Officer Smith in the face/head.  Officer Smith was in a particularly vulnerable situation because his face shield was up

2

(leaving his face and eyes exposed).  It appears that Kaufman and Taranto specifically and maliciously targeted Officer Smith together because: (a) on information and belief, Kaufman had a prior history with MPD, and had ongoing enmity towards MPD officers; and (b) at the particular moment of the attack, Officer Smith's visor was in the upright position, making him more vulnerable to this brutal and vicious attack; (c) seconds before the attack, Kaufman and Taranto, together, pass directly in front of Officer Smith as depicted on footage of the assault; and that this listed set of actions by Defendants was both dangerous, and ultimately injurious to Officer Smith.

10.   Open-source intelligence materials found at https://seditionhunters.org/insider-1107/ appear to depict Defendant Taranto throughout the Capitol Insurrection engaged in other unlawful acts, including assaulting other third parties, and directly next to other persons who have now been charged and/or convicted of criminal offenses on January 6th, 2021.  In addition, said website appears to show Defendant Taranto with a weapon.  Upon information and belief, the weapon appears to be the Ka-Bar TDI "self-defense" cane.  This weapon can be seen at the website https://www.kabar.com/products/product.jsp?item=9406#designerSection.

11.   Open-source intelligence materials found on the internet depict the attack on Officer Smith, as well as Defendants Kaufman and Taranto engaged in the physical altercation with MPD officers, including Officer Smith.

12.   Defendant Kaufman was wearing a padded motorcycle jacket of maroon and white color.  He is depicted in the U.S. Capitol attacking Officer Smith.  Defendant Kaufman is depicted in an internet interview wearing the same jacket at a different time.  Screen grabs of some of these photos are attached hereto as Exhibit A.

13.   Defendant Taranto was wearing a specific article of clothing, a Make Space Great Again Hat.  He is depicted in the U.S. Capitol directly next to Kaufman, either linking arms with

Kaufman or supporting Kaufman from behind, while Kaufman is attacking Officer Smith.  Screen grab photos of Defendant Taranto are attached as Exhibit B.

14.    The entire attack of Officer Smith by Defendants is depicted on YouTube, and can be viewed at the following link:  https://www.youtube.com/watch?v=dgug72TZMDs

15.    At all times relevant hereto, Erin Smith was married to Jeffrey Smith.

16.    Officer Smith died on January 15, 2021.  The cause of death was severe depression and brain injury proximately caused by the concussion Officer Smith received from the assault of January 6, 2021.

17.    The District of Columbia Police and Firefighters' Retirement and Relief Board has now determined that Officer Smith was injured during the January 6, 2021 insurrection, and that the line-of-duty injury was the "sole and direct cause of his death," (Case No. PD-21-1045).  This Ruling was issued on March 7, 2022 (Exhibit C)

18.    An estate has been opened in the Circuit Court for Fairfax County, FI-2021-0000214.

19.    At the time of her death, Erin Smith was dependent on Officer Smith for support.

20.    Erin Smith, as the surviving widow, is the primary beneficiary of the Estate of Jeffrey Smith.

21.    Officer Smith would have been able to maintain a civil cause of action against Kaufman and Taranto and recover damages had he lived.

22.    The actions of the Defendants in carrying out the assault were intentional, wanton, malicious, depraved, and were made with a black heart.

## COUNT I

## ASSAULT & BATTERY

23.     All facts and allegations contained hereinabove are incorporated herein by reference.

24.     The physical contact initiated by Kaufman constituted an intentional and unlawful, harmful or offensive, touching or use of deadly force upon the physical person of Officer Smith.

25.     As a result of this intentional and unlawful battery, Officer Smith sustained physical pain, injury and illness.  Specifically, Officer Smith suffered severe and permanent injuries to his head (concussion; post-concussion syndrome), and neck; he suffered great pain and mental anguish and mental distress; and he was otherwise damaged.

26.     As a direct result of the unlawful assault and battery, Officer Smith came under the care of medical doctors; he lost time from his normal duties, employment and activities, all to his financial detriment.

27.     As a direct result of the unlawful assault by Co-Defendant Kaufman, Officer Smith died on January 15, 2021. That Defendant Taranto assisted Kaufman by linking arms with him, or otherwise physically supporting Kaufman immediately prior and during the physical altercation with MPD officers, including Officer Smith, and that this set of actions was both dangerous, and ultimately injurious.

28.     In accordance with DC Code §12-101, et. seq, Erin Smith (as personal representative of Officer Smith's estate) is entitled to bring this action.

WHEREFORE, plaintiff Erin Smith, Personal Representative of the Estate of Jeffrey Smith, brings this action and demands judgment against Defendants David Kaufman and Taylor Taranto in the sum of Two Million ($2,000,000.00) Dollars, plus punitive damages in the amount of Five Million ($5,000,000.00) Dollars, plus costs and interest.

## COUNT II

### WRONGFUL DEATH

29.     That all facts and allegations contained hereinabove without being fully repeated herein.

30.     This claim is being brought by Erin Smith as the surviving widow of Jeffrey Smith.

31.     As a direct and proximate result of the intentional assault by Defendants that, in turn, caused Officer Smith's death, Erin Smith sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort of protection, loss of marital care, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance and loss of consortium.

32.     Pursuant to the Declaration of Jonathan Arden, MD, the former Chief Medical Examiner of the District of Columbia, attached hereto as Exhibit D, the direct and proximate cause of Officer Smith's death is post-concussive syndrome.  The effects of post-concussive syndrome, in turn, includes health maladies such as severe depression and suicide.  In other words, but for the concussion of Officer Smith at the hands of these Defendants, Officer Smith would be alive today. He was killed in the line of duty by the Defendants.

33.     This Second Amended Complaint is timely filed within two (2) years after the death of Jeffrey Smith.

34.     In accordance with DC Code §16-2701, et. seq, Erin Smith (as personal representative of Officer Smith's estate) is entitled to bring this action.

WHEREFORE, plaintiff Erin Smith, surviving widow of Jeffrey Smith, brings this action and demands judgment against Defendants in the amount of Two Million ($2,000,000.00) Dollars in compensatory damages, plus punitive damages in the amount of Five Million ($5,000,000.00)

Dollars, plus costs and interest.

## COUNT III

### AIDING AND ABETTING AND CIVIL CONSPIRACY

35.     That all facts and allegations contained hereinabove without being fully repeated herein.

36.     Defendants were part of the insurrectionist mob inside the US Capitol on January 6, 2021.

37.     Defendants Taranto, Kaufman and various unnamed third parties agreed to storm the US Capitol building in order to disrupt the Congressional certification of the November 2020 election.  Specifically, under the terms of that agreement, Kaufman, Taranto and others agreed as follows:

(a)  That they would make arrangements to travel to Washington, DC on January 6, 2021.

(b)  That they would attend a rally on the Washington Mall.

(c)  That they would march from the Washington Mall eastward towards the US Capitol.

(d)  That they would unlawfully enter the US Capitol building and take affirmative steps to disrupt the election certification process.  The means used to enter the Capitol building and disrupt Congress were inherently illegal.

38.     Defendants Kaufman and Taranto were fully aware of and agreed to the terms this conspiracy.

39.     Defendants Kaufman and Taranto participated in the conspiracy as follows:

a)  Kaufman and Taranto entered the US Capitol building without permission.  Said Defendants and their fellow conspirators breached the doors of the building, and did not pass through the normal security protocol.  In entering the building, the Defendants  and

7

their fellow conspirators did not present identification, and did not go through metal detectors.

b) As part of the conspiracy, Defendant Taranto carried a Ka-Bar TDI "self-defense" cane into the US Capitol building.

c) Defendants (together with hundreds and/or thousands of other conspirators) pushed their way into the inner hallways and corridors of the US Capitol building.

d) After breaking and entering into the US Capitol, the conspirators engaged in a myriad of unlawful acts, including (but not limited to) the following: trespass; breach of the peace; physical destruction of property; carrying dangerous weapons onto public property; disruption of legislative activities; assault; and failure to obey the lawful orders of law enforcement.   This set of actions was both dangerous, and ultimately injurious to Officer Smith and others.

40.     During the course of this unlawful activity, MPD and other law enforcement attempted to escort the mob (including the Defendants herein) out of the US Capitol building.

41.     Defendant Taranto locked arms with Defendant Kaufman, or otherwise physically assisted and supported him immediately before and during the assault of Officer Smith.  Kaufman in turn, violently snatched Officer Smith's baton, then swung Officer Smith's baton, striking him in the face/head.  Officer Smith was in a particularly vulnerable situation because his face shield was up (leaving his face and eyes exposed). Defendants' set of actions was both dangerous, and ultimately injurious to Officer Smith.

42.     Defendant Taranto was within a few feet of the assault of Officer Smith –inside the Capitol building (in a corridor leading to the exit), and near or next to Defendant Kaufman.

43.     It was certainly a foreseeable result of the conspiracy and aiding or abetting that

8

people would be injured or be killed.  (a) Common sense would dictate that the US Capitol building would be defended by law enforcement personnel; (b) Common sense would dictate that the intruders would be viewed as law breakers and would be repelled (by force if necessary), especially as the US Capitol is the meeting place of our national legislature, and the Capitol was then occupied by House and Senate members, their support personnel, and the Vice President of the United States. Indeed, that was the very reason that the conspirators targeted the US Capitol on January 6, 2021.

44.     Officer Smith sustained injuries while he (and other law enforcement personnel) attempted to remove Taranto, Kaufman and other intruders from the US Capitol building.

45.     Defendant Taranto possessed actual knowledge, or knew or should have known, of the wrongful intentions of Kaufman. Indeed, there could be no other reason to lock arms with Kaufman, or physically assist Kaufman during his physical altercation with MPD Officers, including Officer Smith, as the police officers were escorting the mob out of the Capitol building.

46.     Defendant Taranto directly aided, abetted and encouraged Kaufman's wrongful and tortious conduct, and knowingly supplied substantial assistance, aid and encouragement in the commission of such conduct, by linking arms and physically supporting Kaufman.

47.     As a result of the intentional and unlawful battery (which was a foreseeable result of the conspiracy), as well as aiding or abetting, Officer Smith sustained physical pain, injury and illness.  Specifically, Officer Smith suffered severe and permanent injuries to his head (concussion; post-concussive syndrome), and neck; he suffered great pain and mental anguish and mental distress; and he was otherwise damaged. Pursuant to the Declaration of Jonathan Arden, MD, the former Chief Medical Examiner of the District of Columbia, attached hereto as Exhibit D, and the Declaration of Patrick Sheehan, MD, attached hereto as Exhibit E, the direct and proximate cause of Officer Smith's death is post-concussive syndrome.  The effects of post-concussive syndrome, in

9

turn, includes health maladies such as severe depression and suicide.  In other words, but for the concussion of Officer Smith at the hands of the Defendants that occurred in the course of the conspiracy,  assault, and aiding and abetting, Officer Smith would be alive today. He was killed in the line of duty by the actions of these Defendants.

48.    As a direct result of the unlawful conspiracy, assault and battery, and aiding and abetting, Officer Smith came under the care of medical doctors; he lost time from his normal duties, employment and activities, all to his financial detriment.

49.    As a direct result of the unlawful assault and battery, conspiracy, and aiding and abetting, Officer Smith died on January 15, 2021.

50.    As a direct and proximate result of the intentional assault which was aided or abetted by Defendant Taranto, and a foreseeable result of the conspiracy that included Defendants Kaufman and Taranto and which, in turn, caused Officer Smith's death, Erin Smith sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort of protection, loss of marital care, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance and loss of consortium.

WHEREFORE, plaintiff Erin Smith, both individually as surviving widow of Jeffrey Smith, and as Personal Representative, brings this action against Defendants David Kaufman and Taylor Taranto and demands judgment, jointly and severally, in the amount of Two Million ($2,000,000.00) Dollars in compensatory damages, plus punitive damages in the amount of Five Million ($5,000,000.00) Dollars, plus costs and interest.

___/s/  David P. Weber
DAVID P. WEBER, CFE, #468260
Counsel for Plaintiffs
GOODWIN WEBER PLLC
267 Kentlands Blvd, Suite 250
Gaithersburg, MD 20878
(301) 850-7600
david.weber@goodwinweberlaw.com

DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues raised herein.**

__/s/  David P.Weber_____
DAVID P. WEBER

11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true a correct copy of the foregoing was electronically delivered via the Court's CM/ECF filing system on this 9th day of May, 2022, which will send an electronic copy to:

Anthony Shore, Esquire, 7415 Oak Lane, Chevy Chase, MD 20815; amshorelaw@verizon.net; and
Taylor Taranto, 1311 N. Beech Avenue, Pasco, WA 99301, tft122@msn.com


    /s/  David P. Weber
DAVID P. WEBER