UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, *et al.*            *   CASE NO: 1:21-CV-2170 (FYP)
                                *
        *Plaintiffs*             *
                                *
                                *
TAYLOR F. TARANTO         .     *
                                *
    Defendant, *Pro Se*.         *

**DEFENDANT TARANTO'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

The defendant, Taylor Taranto answers the Plaintiff's Second Amended Complaint as follows:

1. There are no allegations set forth in paragraph 1 of the Plaintiffs' Second Amended Complaint.

2. There are no allegations set forth in paragraph 2 of the Plaintiffs' Second Amended Complaint.

3. There are no allegations set forth in paragraph 3 of the Plaintiffs' Second Amended Complaint.

4. Defendant is a resident of Washington State.

5- 7. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraphs 5-7 of the Plaintiffs' Second Amended Complaint and therefore denies same.

8. Defendant acknowledges that the time stated in the Plaintiff's Second Amended Complaint (2AC) has been changed (from 5:00pm to 2:50pm) to reflect the facts found in the evidence that the Plaintiffs prematurely submitted to the court. These facts were incorrectly

stated in the original complaint and now this case is being debated based on false claims. This is a critical mistake in the complaint and the Plaintiffs' Counsel has been reduced to inventing new crimes as defendant predicted in his last correspondence. This not only shows that Counsel does not believe in his case, but that he is committing fraud. Counsel knows that these claims are false and they are fabricated for the likely purpose of extorting money from taxpayers. There is no legal protection for knowingly making false statements especially as a barred lawyer.

9. Defendant denies the allegations set forth in paragraph 9 of the Plaintiffs' Second Amended Complaint. Defendant Taranto is an established 1st amendment press agent that covers Antifa and Black Lives Matter agent provocateurs at public events and January 6th was like most other events. Press agents are to remain as neutral as possible and get the story. Defendant Taranto cannot act as a press agent if acting in a criminal capacity. Multiple news and press agents were also in the Capitol that day and none have been charged criminally for acting as press agents unlike Defendant Kaufman, who to this day still has had no written or spoken communications with Defendant Taranto. To this day, Defendant Taranto still covers public events where agent provocateurs routinely demonstrate and is often seen helping and assisting police officers in acknowledging and supporting their oaths to the Constitution. The mischaracterization of Defendant Taranto could potentially complicate future endeavors, bringing uncertainty where there is no apparent danger or needless endangerment to both police officers and citizens alike. When carrying out free press duties, Defendant Taranto may be required to provide material assistance to law enforcement personnel in response to a real crime. These false allegations make no attempt to discover if Defendant Taranto assisted law enforcement personnel at the Capitol. Defendant Taranto utilizes de-escalation protocols during altercations and has little to no negative history with law enforcement.

10. Defendant denies the allegations set forth in paragraph 10 of the Plaintiffs' Second Amended Complaint. The people at seditionhunters do not support the claims of the Plaintiffs' complaint. Defendant Taranto did not assault "other third parties." There are no witnesses to these events, no evidence to prove these claims, no victims and no charges.

11. Defendant denies the allegations set forth in paragraph 11 of the Plaintiffs' Second Amended Complaint. Defendant has been notified of open-source materials found on the internet which counter the claims that have been made by the Plaintiffs and deconstruct the Plaintiffs' original arguments regarding the "physical altercation with MPD officers, including Officer Smith." The review of the original complaint and open-source materials can be found at https://mega.nz/file/z59BTKyC#oN2uRjpwarCox3LubSC4rtnGy5UyFGI1ExT1oCR0tM4

12. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 12 of the Plaintiffs' Second Amended Complaint and therefore denies same.

13. Defendant denies the allegation set forth in paragraph 13 of the Plaintiffs' Second Amended Complaint of having any intentional or unintentional contact with Defendant Kaufman, including but not limited to linking arms or supporting Kaufman from behind. Plaintiffs' counsel conveniently does not acknowledge anyone supporting Defendant Taranto from behind in said incident.

14. Defendant denies the allegations set forth in paragraph 14 of the Plaintiffs' Second Amended Complaint. Defendant would like to draw the Court's attention to additional video footage found on the internet which can been seen here:

https://mega.nz/file/z59BTKyC#oN2uRjpwarCox3LubSC4rtnGy5UyFGI1ExT1oCR0tM4

Plaintiffs' counsel has twice ignored Judge Pan's verbal orders to extend access to body camera footage to Defendant Taranto so he can properly defend himself against new and false claims stemming from the initial complaint. To date no acknowledgement of interest to conform with Judge Pan's orders have existed, but regrettable excuses have instead been offered only to Judge Pan with no receipts.

15 – 18. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraphs 15-18 of the Plaintiffs' Second Amended Complaint and therefore denies same.

19. Defendant has no knowledge of Erin Smith's death.

20 – 21. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraphs 20-21 of the Plaintiffs' Second Amended Complaint and therefore denies same.

22. Defendant denies the allegations set forth in paragraph 22 of the Plaintiffs' Second Amended Complaint.

## Count I Assault and Battery

23. There are no allegations set forth in paragraph 23 of the Plaintiffs' Second Amended Complaint.

24-26. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraphs 24-26 of the Plaintiffs' Second Amended Complaint and therefore denies same.

27. Defendant denies the allegations set forth in paragraph 27 of the Plaintiffs' Second Amended Complaint. Plaintiffs do not know what happened at the Capitol and prove this by using either/or language regarding how Defendant Taranto was involved in this alleged

altercation. Plaintiffs fail to articulate or demonstrate how or when a plan for assault and battery was formed between Defendants Kaufman and Taranto.

28. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 28 of the Plaintiffs' Second Amended Complaint and therefore denies same.

Count II Wrongful Death

29. There are no allegations set forth in paragraph 29 of the Plaintiffs' Second Amended Complaint.

30-31. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraphs 30-31 of the Plaintiffs' Second Amended Complaint and therefore denies same.

32. Defendant denies the allegations set forth in paragraph 32 of the Plaintiffs' Second Amended Complaint. While it may be true that the likelihood of suicide increases with traumatic brain injury, suicide is still rare according to this meta-study, (https://jamanetwork.com/journals/jamaneurology/fullarticle/2712851) but not as rare as the highly remarkable number of occurrences of police who died of suicide after January 6th, who did not sustain a head injury or concussion. Defendant Taranto would like to call into question the body camera footage which showed that Officer Smith was hit with his own baton inside the Capitol, AND was also hit with a flying object, as he stated in his incident/injury report. How can the experts determine which potential traumatic brain injury ultimately caused his death? If the incident outside of the Capitol was the one which caused post-concussive syndrome, then this case is null and void. The statement in the 2AC which says "He was killed in the line of duty by

the Defendants," is impossible. This is flawed logic and contradicts the Plaintiffs' own argument as well as those of the medical experts.

33-34. There are no allegations set forth in paragraphs 33-34 of the Plaintiffs' Second Amended Complaint.

Count III Aiding and Abetting and Civil Conspiracy

35. There are no allegations set forth in paragraph 35 of the Plaintiffs' Second Amended Complaint.

36. Defendant denies the allegation set forth in paragraph 36 of the Plaintiffs' Second Amended Complaint. The complaint mischaracterizes the events and people involved on January 6, 2021, by using the terms "insurrectionist mob," "Capitol Insurrection," and "insurrectionists". The Justice Department has not charged anyone for "insurrection," although many people have been arrested and charged for assault and other crimes pertaining to January 6, 2021 (https://www.justice.gov/usao-dc/capitol-breach-cases). Neither defendant has been charged with assault.

37. Defendant denies the allegations set forth in paragraph 37 of the Plaintiffs' Second Amended Complaint. There is no evidence of conspiracy between the defendants or between Defendant Taranto and anyone else. The allegations are made up and there is no evidence of any kind of conspiracy agreement. There has been no direct or indirect communication between the Defendants whether written or verbal. Plaintiffs' counsel has still not provided the evidence he claims he has – the body camera footage from Officer Smith - yet is inventing new evidence that does not exist and is not cited. Defendant Taranto never intended to enter the Capitol but decided to follow the story as a free press agent when Capitol Police allowed everyone into the building without any resistance, hesitancy or discrimination.

38. Defendant denies the allegation set forth in paragraph 38 of the Plaintiffs' Second Amended Complaint. Defendant is still not aware of the conspiracy agreement that Plaintiffs' claim exists.

39. Defendant denies the allegation set forth in paragraph 39 of the Plaintiffs' Second Amended Complaint. As previously stated, defendant was allowed into the Capitol without resistance. The doors to the Capitol were open and Capitol Police didn't ask anyone to leave until after Ashli Babbitt was removed without medical professionals or a stretcher, possibly causing further injury. Defendant Taranto has reported numerous times regarding this incident, including directly to law enforcement officials, details pertaining to another criminal case involving the arrest of the self-proclaimed first responder to Ashli Babbitt. The claim that defendants "pushed their way into the inner hallways and corridors of the US Capitol building" is not factual.

40. Defendant denies the allegation set forth in paragraph 40 of the Plaintiffs' Second Amended Complaint. The only skirmish that occurred took place between protesters at the doorway where an agitator lunged at police and protestors pushed everyone around. During this incident, Capitol police assaulted Defendant Taranto after he pulled an agitator off the police in order to deescalate the situation. Defendant Taranto told the officer that he was there to help and then he was pushed out of the building. Defendant Taranto has filled out an SF-95, under penalty of perjury, and will submit it within the required 2 year time limit.

41. Defendant denies the allegation set forth in paragraph 41 of the Plaintiffs' Second Amended Complaint. As previously stated, there has never been any communication between Defendants Taranto and Kaufman.

42. Defendant is without sufficient information or knowledge to form a belief as to the

truth of the allegations set forth in paragraph 42 of the Plaintiffs' Second Amended Complaint and therefore denies same. Officer Smith did not fill out an incident report concerning any injury he may have sustained inside the Capitol building. He did fill out a report which was regarding an incident/injury that occurred around 5:35pm outside of the Capitol.

43. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 43 of the Plaintiffs' Second Amended Complaint and therefore denies same. There is no evidence of actual conspiracy to hurt anyone. Common sense would dictate that Defendant Kaufman would have been charged with assault and battery if these allegations were true.

44. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 44 of the Plaintiffs' Second Amended Complaint and therefore denies same.

45. Defendant denies the allegations set forth in paragraph 45 of the Plaintiffs' Second Amended Complaint. Plaintiffs' counsel craftily uses the word "or" with the contingent that "there could be no other reason" that Defendant Taranto would conspire with Defendant Kaufman. This demonstrates that Plaintiffs are in doubt about the facts of the matter and therefore do not believe their own case. Defendant Taranto possesses no knowledge of Plaintiffs' claims of conspiracy or locking arms.

46. Defendant denies the allegations set forth in paragraph 46 of the Plaintiffs' Second Amended Complaint. Defendant Taranto has never communicated verbally or in writing with Defendant Kaufman. Plaintiffs have no material evidence to support their allegations.

47. Defendant denies the allegations set forth in paragraph 47 of the Plaintiffs' Second

Amended Complaint. Defendant Taranto had no intention of doing anything that would fit the description of criminal or civil conspiracy. The experts state that Officer Smith died of a gunshot wound to the head because of post-concussive syndrome. They do not state whether the concussion he may have received was because he was hit with his own baton around 2:50pm or hit with a flying object (as Officer Smith himself stated in his incident/injury report) around 5:35pm. To make a claim that somehow Defendant Taranto was directly responsible for Officer Smith's death is not logical. Plaintiffs are arguing that Defendants had Officer Smith kill himself, which is not possible.

48. Defendant denies the allegations set forth in paragraph 48 of the Plaintiffs' Second Amended Complaint. Plaintiffs use the term "unlawful conspiracy" which would indicate that the conspiracy was criminal (since it is unlawful). However, this case is a civil case, not a criminal one.

49. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 49 of the Plaintiffs' Second Amended Complaint and therefore denies same.

50. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 50 of the Plaintiffs' Second Amended Complaint and therefore denies same.

## AFFIRMATIVE DEFENSES

The defendant claims the following affirmative defenses:

1. Act of God. That the later death of Officer Smith was an Act of God and is no way attributable or caused by any prior actions of the defendant.

2. Comparative fault of a 3rd Party. No actions of the defendant were a cause of Mr. Smith's death, but it was the actions of a 3rd party.

3. Intervening cause. The death of Mr. Smith was caused by other circumstances in his life not directly or indirectly attributable to what happened at the Capitol.

4. Wrong party. The defendant was not a party to any injuries sustained by Mr. Smith at the Capitol.

5. Defendant reserves the right to amend this Answer to assert additional affirmative defenses that may be applicable to Plaintiffs' claims following further investigation and discovery.

## CONCLUSION

It is now blatantly obvious that the January 6th "insurrection" is a projection of what is happening in real time right now by the ruling elite but the wheels are falling off in front of our eyes and has breached sanity into hyperrealism. These show trials are political in nature and they are campaigning off civil demonstrators. Taking into account all of the arrests made so far versus over a million people who showed up. There is still no evidence of or charges for a planned insurrection other than the federal government's certification of fraudulent results that could have been sent back to the states for recertification and their flagrant ignoring of any reported electoral fraud.

In light of this the DOJ has continued to remain political:

Following a 6-3 U.S. Supreme Court ruling that struck down a New York law for violating state residents' Second Amendment rights, a DOJ spokeswoman released a statement saying "we respectfully disagree" with the ruling.

DOJ raids investigators claims of voter fraud during the 2020 election. "That made Clark a target for the House Democrats' Jan. 6 committee, whose Soviet-style show trial spent a good deal of time Wednesday implying that Clark, who once oversaw 1,400 lawyers and two divisions at DOJ, is traitor who tried to overturn the results of the election."

"in October designed to threaten and silence parents whose only "crime" was to speak out about the teaching of critical race theory in schools. Garland smeared them as "domestic terrorists" and directed the Department of Justice and the FBI to "launch a series of additional efforts in the coming days designed to address the rise in criminal conduct directed toward school personnel." But this "rise in criminal conduct" was pure fiction. Garland got it from a letter sent to President Joe Biden by the National School Boards Association, which made vague and unsubstantiated claims about "threats and acts of violence" against school board members from parents opposed to critical race theory. Less than a week after the letter was sent, Garland's memo appeared. It was a transparent ploy to get the federal government to intimidate parents into silence and suppress their First Amendment rights, which Garland was happy to do."

"At every turn, Garland has shown himself hostile to the Bill of Rights and to law-abiding Americans who exercise those rights, and beholden to Democrat partisans and left-wing advocacy groups. He has brazenly allowed political influence to direct the Justice Department's considerable powers."

https://thefederalist.com/2022/06/24/merrick-garlands-department-of-justice-is-a-threat-to-the-republic/

https://abcnews.go.com/US/doj-officials-rejected-colleagues-request-intervene-georgias-election/story?id=79243198 DOJ ignores calls for election investigations.

https://thepalmierireport.com/georgia-wants-doj-to-investigate-fulton-countys-alleged-destruction-of-election-docs/  DOJ still quiet on requests from states to investigate rampant voter fraud.

https://time.com/5936036/secret-2020-election-campaign/ This is the only publicly composed article that details insider knowledge about the conspiracy surrounding stealing the 2020 election. These brave souls were proud of themselves enough to expose the entire racket. The basis here is even if caught, call your political opposition what you yourself are guilty of and that they took advantage of a fragile democracy. "It's astounding how close we came, how fragile all this really is".

https://legalinsurrection.com/2022/06/aoc-calls-on-people-to-get-into-the-streets-to-protest-supreme-court-abortion-decision/ Democrats are encouraging judicial intimidation.

https://www.washingtonexaminer.com/news/pro-abortion-protest-outside-justice-thomass-house-after-dobbs Supreme Court Justice Thomas house is illegally being protested.

https://www1.cbn.com/cbnnews/us/2022/may/it-is-a-federal-crime-why-protests-at-homes-of-supreme-court-justices-could-violate-federal-law It is illegal to protest judicial outcomes in front of justices homes.

https://www.forbes.com/sites/alisondurkee/2022/06/16/ginni-thomas-will-testify-to-jan-6-committee---heres-what-we-know-about-her-efforts-to-overturn-the-election/ The spouse of Justice Thomas is now testifying before the illegal January 6th committee.

https://thehill.com/regulation/court-battles/3538084-clarence-thomas-signals-interest-in-making-it-easier-to-sue-media/ Justice Thomas signalling interest in making it easier to sue media.

Coming after unprecedented leaks from Supreme Court concerning the overturning of the Roe. v. Wade decision.

https://www.asianfortunenews.com/2021/10/judge-pan-1st-female-apa-to-the-dc-federal-court/ Judge Pan assumes Justice Jackson seat as Jackson assumes Supreme Court appointment.

https://thefederalist.com/2022/06/25/bill-barr-if-youre-appalled-about-unequal-justice-get-joe-biden-out-of-office/ The self fulfilling propecy of unelecting Biden so the DOJ can raid you for investigating any election fraud Barr was unwilling to investigate. "When reminded that means at least another two years of watching the U.S. Justice Department under Biden use its powers to prosecute Americans based on their political beliefs instead of the law, Barr nodded and replied, "That's how the system works.""

https://thepostmillennial.com/head-fbi-detroit-whitmer-kidnapping-plot-transferred-dc-field-office-jan-6 Also how the system works. The Federal Government has a long history of entrapment.

In the end who will enforce any decision made by this court if the DOJ is complicit and the evidence is manufactured? At what point does tranny force the compliance of those who rightfully wish to revoke any consent to be governed? Article 3 allows for such courts, however this is hardly the means in which to air grievances to the government.

WHEREFORE, the defendant, Taylor Taranto, respectfully requests this court to dismiss the Plaintiff's Second Amended Complaint against him with prejudice, that this Court enter judgment in favor of Defendant Taranto, and for such other and further relief as the nature of the cause may require.

Opposing Counsel has been properly notified of this request.

        Respectfully submitted,

        /s/ Taylor F. Taranto
        Taylor F. Taranto, *pro se*
        Address: 1311 N. Beech Ave., Pasco, WA 99301
        Telephone: 509-531-2501
        Email: tft122@msn.com
        Defendant, *pro se*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was emailed this 28th day of June, 2022, to: Anthony M. Shore, Esquire, amshorelaw@verizon.net; Richard Link, richard.link@goodwinweberlaw.com, and David P. Weber, david.weber@goodwinweberlaw.com.

/s/ Taylor F. Taranto
TAYLOR F. TARANTO