UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**ERIN SMITH,** *et al.*,

        *Plaintiffs*,

    v.

**DAVID KAUFMAN,** *et al.*,

        *Defendants*.

**Civil Action No. 21-2170 (FYP)**

---

## ORDER

This case comes before the Court upon the filing of Defendants' Answers to Plaintiffs' Second Amended Complaint.  The Initial Scheduling Conference is hereby set for **August 25, 2022**, at **2:30 p.m.**, by videoconference.  Counsel who attend must be sufficiently familiar with the case to address all matters that can reasonably be anticipated for discussion and to answer any questions that may arise.  Parties are welcome to attend the Initial Scheduling Conference and all subsequent court proceedings.

In accordance with Local Civil Rule 16.3(a) and Federal Rule of Civil Procedure 26(f)(1), counsel (including any nonprisoner *pro se* party) shall confer at least 21 days prior to the date of the Initial Scheduling Conference to discuss each of the matters identified in Local Civil Rule 16.3(c).  Pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2), counsel shall submit to the Court no later than 14 days following their meeting—*i.e.*, no fewer than 7 days prior to the date of the Initial Scheduling Conference—a Joint Report that, among other things:  (1) outlines a detailed discovery plan as described in Federal Rule of Civil Procedure 26(f)(3); (2) addresses all topics listed in Local Civil Rule 16.3(c); and (3) sets forth a

proposed scheduling order.  *See* D.D.C. Civ. R. 16.3(d).  Counsel are also directed to include in

their Joint Report a brief statement of the case and the basis for all causes of action and defenses.

In considering a discovery schedule under Local Civil Rule 16.3(c)(8), counsel should be

guided by the schedules contained in the Appendix to this Order.  Counsel are also reminded that

Federal Rule of Civil Procedure 26(f) requires discussion of issues related to the discovery of

electronically stored information, preservation of discoverable information, and claims of

privilege or protection of trial-preparation materials, including consideration of whether to seek

an order reflecting the parties' agreement on the procedure for asserting such claims after

production.  *See* Fed. R. Civ. P. 26(f)(3).

In considering what form of alternative dispute resolution may be most suitable as

required by Local Civil Rule 16.3(c)(5), counsel are encouraged to consider mediation,

arbitration, early neutral evaluation, and any other form of alternative dispute resolution that can

be tailored to the needs of their case.

**SO ORDERED.**

_____
FLORENCE Y. PAN
United States District Judge

Date:  July 11, 2022

**APPENDIX I**

Discovery Schedules

The following schedules are guidelines that are usually followed by the Court.  Variations may be appropriate in light of individual case differences.  All time frames are calculated from the date of the initial scheduling conference.

|  | Expedited Cases | Standard Cases | Complex Cases |
|---|---|---|---|
| Initial Disclosures | 14 days | 30 days | 60 days |
| Motion to Add Parties or Amend Pleadings | 14 days | 21 days | 60 days |
| Deadline for Post-R. 26(a) Discovery Requests | 30 days | 45 days | 90 days |
| Proponent's R. 26(a)(2) Statements | N/A | 60 days | 120 days |
| Opponent's R. 26(a)(2) Statements | N/A | 90 days | 150 days |
| All discovery closed | 60 days | 120 days | 180 days |
| Limits on number of interrogatories per party | 12 | 25 | 25 |
| Limits on number of depositions per side | 3 | 5 | 10 |