**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERIN SMITH, et al | * |
|     Plaintiffs | * |
| Vs. | *  Case No.: **1:21-CV-2170 (FYP)** |
| DAVID WALLS KAUFMAN, et al | * |
|     Defendants | * |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

### PARTIAL CONSENT MOTION TO STAY PROCEEDINGS

Comes now, Defendant, David Walls Kaufman by and through his attorneys, Kemet Hunt Law Group, Inc., and Hughie D. Hunt, Esq., moves this Court for an order staying and for ground states:

1. Plaintiff on September 21, 2022, and again on November 9th and November 16th contacted counsel for Plaintiff seeking consent to this motion, that Plaintiff consents to this Motion. Defendant Taranto was contacted at the same times but did not offer a position;

2. Defendant Walls Kaufman request that this Court stay this action until the completion of his pending criminal case USA vs Walls Kaufman 1:22-cr-00216-JMC;

3. The fact genesis of the Plaintiff's cause of action arises out and are connected to the charges that are now being brought against Defendant Kaufman.

4. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." Molinaro,889 F.2d at 902. This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." Id. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect

of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. Id. at 903." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995)

5. The criminal case is set for status on 12/29/2022 with an expected trial date in March or April of 2023.

6. The Court erroneously set a scheduling conference for August 25th, 2022. The parties filed their meet and confer statement with a recommended a discovery schedule. See Minute Order dated 8/15/2022 and docket entry 37 dated 8/15/2022.

7. The recommended discovery schedule contemplates that Defendant Kaufman would file a motion to stay and at this stage the parties have not engaged in the discovery other than the Plaintiff filing her initial disclosure on July 8th, 2022.

8. Defendant David Walls Kaufman seeks to stay this action until the completion of the criminal case against Defendant David Walls Kaufman.

WHEREFORE, the premises considered, Defendant prays that this Honorable Court:

A. That the Partial Consent Motion to Stay Proceedings be granted;

B. And for other and further relief that this Court deems just and proper.

Respectfully submitted,

**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
DC Bar #486347
5000 Sunnyside Avenue, Suite 101
Beltsville, MD 20705
Attorney for Plaintiff
(301) 982-0888
hhunt@kemethuntlaw.com

## **POINTS AND AUTHORITIES**

1. Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of November 2022 a copy of the foregoing Motion to Stay Proceedings was served electronically via this Court's CM/ECF on Attorney for Plaintiff, Richard Link and David P. Weber, Attorney for Defendant Walls-Kaufman, Anthony Shore and Defendant Taylor F. Taranto.

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.