UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH | * | |
|     Plaintiff | * | |
| v. | * | Case No. 21-CV-02170 |
| DAVID KAUFMAN, et al | * | |
|     Defendants | * | |

## REPORT OF LOCAL RULE 16.3 CONFERENCE

The undersigned counsel for Plaintiffs Widow Erin Smith and the Estate of Jeffrey Smith, and Defendant David Kaufmann ("the Represented Parties"), and pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, respectfully submit this Report of the Local Rule 16.3 Conference to the Court.

The represented parties were not able to confer with *pro se* Defendant Taylor Taranto for the reasons described in more detail below. The represented parties also believe that Defendant Taranto has not been properly served with the Court's December 15, 2023 Minute Order, and thus may be unaware of the Court's Order.

The represented parties, through counsel, met and conferred on December 28, 2023, and were not able to agree on a discovery schedule. Defendant Kaufman desires to move forward with a scheduling order and bring this cause to resolution. Plaintiffs believe this case should remain stayed pending the criminal proceedings against Defendant Taylor Taranto.[1]

**1.    Description of the Cause of Action**

The instant case is a lawsuit for wrongful death and for an intentional assault which occurred on January 6, 2021 at the United States Capitol. The Decedent was a Police Officer with the Washington, DC, Metropolitan Police Department. The Plaintiffs are the Widow and Personal Representative of the Estate of the Decedent, and the Estate itself (pending in probate before the Fairfax County, VA, Circuit Court).

**2.    Discovery Plan**

The represented parties, dependent on the Court's resolution of the continuation of the stay of this matter, would be able to agree on a discovery plan, as they were able to do in the past. Undersigned Plaintiff's counsel notes for the Court that he is a full-time faculty member of a

---

[1] It is important to note that until now, this proceeding was stayed pursuant to a joint motion by Defendant Kaufman and Plaintiffs, as Defendant Kaufman was first charged, and then convicted, of conduct on January 6, 2021, at the United States Capitol. At the time, *pro se* Defendant Taranto had not been charged with crimes related to January 6th.

1

University of System of Maryland school, and has limited time availability during the academic year, Fall and Spring Semesters.  Should the stay not be continued, Plaintiff's counsel requests an extended discovery schedule to allow counsel to participate more fully during the summer of 2024 when he is not teaching. Defendant Kaufman request that the stay be terminated and that this case move to completion and a scheduling order be issued.   Defendant Kaufman's counsel does not object to this extended discovery schedule.

### 3.     Other:  Incarceration of *Pro Se* Defendant Taranto; Need for Discovery Protective Order

Defendant Taranto is being held without bail in a matter before this Court, 23-CR-00229.  He is charged with a number of very serious offenses, including the following (as based on the docket sheet accessed on December 29, 2023):

22 D.C. Code 4504(a)(1)(2001 ed.); FIREARMS, UNLAWFUL POSSESSION; Carrying a Pistol Without a License (Outside Home or Place of Business
(1)

7 D.C. Code 2506.01(b)(2001 ed.); FEDERAL STATUTES, OTHER; Possession of a Large Capacity Ammunition Feeding Device
(2)

18:1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building
(3)

18:1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building
(4)

40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Disorderly Conduct in a Capitol Building or Grounds
(5)

40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL

GROUNDS; Parading,
Demonstrating, or Picketing in a
Capitol Building.

As noted in the substantial press surrounding Defendant Taranto's arrest and subsequent indictment, and as set forth in the docket sheet for his charges, in addition to alleged misconduct on January 6, 2021, Defendant Taranto is charged with alleged misconduct regarding former President Barack Obama's Kalorama residence.  He undertook these actions immediately following former President Donald J. Trump having tweeted former President Barack Obama's address publicly, and Defendant Taranto possessed firearms and ammunition while doing so.

**These actions of alleged misconduct are a substantial matter of concern for the Plaintiffs in this matter, as Defendant Taranto has demonstrated that he is a clear and substantial risk of violence or other misconduct with certain information he receives**.

It is Plaintiffs position that any discovery order issued by the Court **must craft an appropriate format for discovery such that Defendant Taranto is not provided with sensitive or highly sensitive information personally**.  In his criminal case, a protective order was issued (Docket No. 18), to make these items for attorneys eyes only, presumably including security arrangements for former President Barack Obama.  However, in this civil wrongful death matter, Defendant Taranto is, at least for now, proceeding *pro se.*  Unless a stand-by counsel or the assistant federal public defenders are directed to accomplish this task, the represented parties are not certain how to ensure that sensitive or highly sensitive materials should be protected.

Plaintiff's counsel believes Widow Erin Smith is entitled to the protection of confidentiality and safety, particularly in light of the serious risks to her otherwise.  Plaintiff's counsel underscores that Erin Smith is the widow of a now-deceased District of Columbia Police officer who was ruled to have died directly and proximately as a result of injuries he sustained on January 6th, 2021.  She has already been subject to numerous security and personal safety concerns at her home and involving her personal affairs, and the Court is undoubtedly aware of the publicly-charged nature of the January 6th events, and that certain individuals and other defendants publicize details that put others at risk.

Indeed, *Pro Se* Defendant Taranto is being held without bail before this Court allegedly because he acted, while armed with firearms and ammunition, on a public tweet from another January 6th Defendant, the former President of the United States himself.

In addition, should a stay in this matter not be maintained, the represented parties will need the Court's instructions on how to proceed with discovery, much of it electronic (video and audio evidence from January 6th, along with Officer Smith's Body-Worn-Camera, and expert witness reports concerning the BWC and what is depicted on that footage) with regards to Defendant Taranto.  Upon information and belief, not only is Defendant Taranto being held without bail, but he is currently in protective custody, as he suffered an assault from other detainees at the D.C. Jail.  Thus, the represented parties believe access to Defendant Taranto will prove to be extremely limited.

**4**. **Representation of Defendant Taranto and DC Rules of Professional Conduct 4.2 Concerns of the Plaintiff**

The Plaintiffs counsel notes that *Pro Se* Defendant Taranto is represented by the Office of the Federal Public Defender in his criminal case. The Plaintiffs are uncertain how to communicate with Defendant Taranto in regard to DC Rule of Professional Conduct 4.2, and seek an Order from the Court directing in what manner such communication should be made. In an abundance of caution with regard to this Rule 4.2 issue, Plaintiff's counsel intends to serve this Report of the Local Rule 16.3 Conference upon those Assistant Federal Public Defenders who have filed a Notice of Appearance in the criminal matter until further Order of this Court.

Respectfully,

/s/ Dr. David P. Weber
DR. DAVID P. WEBER, CFE, #468260
Counsel for Plaintiffs
GOODWIN WEBER PLLC
12417 Ocean Gateway #B11-112
Ocean City, MD 21842
(301) 850-7600
david.weber@goodwinweberlaw.com

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
DC Bar# 486347
5000 Sunnyside Avenue, Suite 101 Beltsville, MD 20705
(301) 982-0888
Attorney for Defendant David Walls Kaufman
hhunt@kemethuntlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true a correct copy of the foregoing was electronically delivered via the Court's CM/ECF filing system on this 4th day of January, 2024, which will send an electronic copy to:
Hughie D. Hunt, Esq. hhunt@kemethuntlaw.com.

A Mailed copy of the foregoing was also sent to Taylor Taranto, Federal Bureau of Prisons Register Number: 66528-510, DC Jail, 1901 D Street, SE, Washington, DC 20003.

An Emailed Copy of the foregoing was also sent to Assistant Federal Public Defenders katie_guevara@fd.org; courtney_millian@fd.org; and sonia_fleury@fd.org.

   /s/  Dr. David P. Weber
DR. DAVID P. WEBER