UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH | * | |
|    Plaintiff | * | |
| v. | * | Case No. 21-CV-02170 |
| DAVID KAUFMAN, et al | * | |
|    Defendants | * | |

## REPORT OF LOCAL RULE 16.3 CONFERENCE

     The Parties, through undersigned counsel for Plaintiffs and Defendant Kaufmann and pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, respectfully submit this proposed discovery plan to the Court. This Report does not include Defendant *pro se* Taranto due to the Court's Minute Order dated April 17, 2024. No discovery involving Defendant Taranto, or disclosures, will take place. The proposed schedule herein relates solely to Plaintiffs and Defendant Kaufman.

     It is also important to note that the Plaintiffs are actively considering the filing of a Motion to Reconsider the Court's April 17, 2024 Minute Order regarding bifurcation of this matter as being both financially and emotionally harmful for Widow Erin Smith to bear the costs of two separate trials, discovery, discovery testimony and in-court testimony concerning the death of her husband unnecessarily.

**1.**    **Description of the Cause of Action**

     The instant case is a lawsuit for wrongful death and for an intentional assault which occurred on January 6, 2021 at the US Capitol, together with associated claims for damages.

**2.**    **Discovery Plan**

| | |
|---|---|
| Commencement of Discovery | June 1st, 2024 |
| Rule 26(a)(1)(A) Initial Disclosures | June 1st, 2024 |
| Deadline to move to Amend Pleadings/ Join Additional Parties | October 31st, 2024 |
| Proponent's R. 26(a)(2) Disclosures | September 31st, 2024 |
| Opponent's R. 26(a)(2) Disclosures | October 31st, 2024 |
| Proponent's Rebuttal R 26(a)(2) Disclosures | November 30th, 2024 |

1

| | |
|---|---|
| All Discovery Closed | February 3rd, 2025 |
| The parties propose that the Court set a date for such a discovery status conference once discovery is closed. | February 6th, 2025 |
| Dispositive Motions Due | March 14th, 2025 |
| Oppositions to Dispositive Motions Due | April 11th, 2025 |
| Replies In Support of Dispositive Motions Due | April 25th, 2025 |
| Summary Judgment Hearing | To be Determined by the Court |
| Pretrial Conference | May 26th, 2025 |
| | May 30th, 2025 |
| | June 2nd, 2025 |
| Trial    - three proposed dates: | June 16th - June 20th 2025 |
| | June 20th - June 7th 2025 |
| | August 4th - August 8th 2025 |

**Interrogatories**

Each party may serve to any other party a maximum of thirty (30) interrogatories, without leave of court.

**Depositions**

Each party may take a maximum of ten (10) non-party, non-expert depositions, without leave of court. Each deposition shall be limited to maximum of one day of seven hours of actual testimony, unless extended by agreement of parties. The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and the parties and non-parties. All such depositions shall be taken in the District of Columbia, Maryland, or Virginia.  The parties agree that attendance at depositions may be by virtual means

at the parties' and their counsels' discretion **if BOTH parties so agree**.  Otherwise, depositions shall be in person.

**Document Subpoenas**
The parties agree that if any documents are received from third parties pursuant to subpoena or FOIA request, the receiving party shall alert the remaining parties to its receipt of such documents within five business days of receipt and shall make the received documents available for inspection and copying, subject to the appropriate confidentiality order being entered into with regards to materials provided by the Plaintiffs to Defendants.

**Confidential Information**
The parties agree that discovery of confidential, proprietary, trade secret and/or personally sensitive information of the Plaintiffs or Defendants (including medical and financial information), is likely to occur, and that production of documents, things, or testimony containing or reflecting such information from the Plaintiffs shall occur under a protective order. Plaintiffs shall also circulate a proposed draft that includes provisions for producing documents and things for attorneys' eyes only as the Plaintiffs are allegedly the victims or survivors of criminal conduct allegedly perpetrated by the Defendant. The parties will then work together to agree on a Protective Order consistent with the requirements of the Local Rules and in accordance with Federal Rule of Evidence 502(d). The parties intend to seek discovery with respect to all allegations contained in the Complaint, and any amendments thereto filed by Plaintiffs, and any Answer, including any Affirmative Defenses, and any amendments thereto, filed by Defendant.

Discovery will be conducted in accordance with the Federal Rules of Civil Procedure, and counsel will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the parties and on any third parties.

The parties do not request that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia be changed or that additional limitations upon discovery be imposed.
This Discovery Plan shall not be construed to limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures consistent with the Federal Rules.

**Electronically Stored Information**
　　The parties anticipate the need for discovery of electronically stored information and agree to exchange such information via electronic files in PDF format where technologically feasible with regard to documents or in the native format of the electronic item in question for other electronic items such as emails, YouTube, webpages, Facebook, parler and other social media, and in some other reasonably usable form as agreed by the parties as to other items such as documents.  In addition, in accordance with Federal Rule of Civil Procedure 34, the Plaintiffs anticipate requiring the Defendant to provide his cell phones or other personal electronic items, such as laptops, for forensic analysis by the Plaintiffs' forensic consultants.
The parties should produce electronically-stored information (ESI) through a Workshare or other comparable web hosting service (e.g., Dropbox).

3

Where the document or information produced does not indicate information that may be important (such as the date, location and specific terminal on which the document was created or modified, the sender and all recipients on which it is stored), the parties should, upon request related to particular documents, determine – if technologically feasible – that information from the electronic document and provide it to the requesting party. The parties will use some form of labeling in organizing the documents. Although not required, one example is to use Bates numbers preceding the original native filename (i.e., BATES_ORIGINAL FILE NAME.ext).

**Electronic Service of Discovery Requests and Responses.**

The parties agree to accept service of discovery requests and responses thereto, including documents responding to discovery requests, electronically via the Court's electronic filing system if practicable. The parties will confer in good faith as to alternative means of service, if necessary. It is specifically understood that no discovery or service of discovery received shall be made to Defendant Taranto.

**Claims of Privilege.**
The parties agree that privileged logs will comply with the Federal Rules and Local Rules.

**Privileged material – inadvertent disclosure.**
Pursuant to Federal Rule of Evidence, 502(b), the parties believe that inadvertent disclosure of material subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged, or protected by the work product immunity or any other applicable privilege if (1) the disclosure is inadvertent, (2) the holder of the privilege or protection took reasonable steps to prevent disclosure, and (3) the holder took reasonable steps to rectify the error, including, if applicable, following Federal Rule of Civil Procedure 26(b)(5)(B). Upon discovery of any such inadvertently produced or disclosed material, the producing party shall promptly provide written notice to the receiving party. The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed material. The party claiming privilege on documents that are the subject of a motion to compel shall provide copies of the documents to the Court for in camera inspection concurrent with the filing of its response to the motion to compel. The foregoing provisions regarding inadvertent disclosure are intended as a supplement to the protections provided in Federal Rule of Evidence 502 and Fed. R. Civ. P. 26(b)(5)(B). Privileged communications between counsel, or between parties and their counsel. The parties agree that they shall not seek discovery of documents that are privileged because they are sent solely between counsel for either party, or that are privileged because they are sent between a party and that party's counsel. If any discovery request is susceptible of a construction which calls for the production of such documents, those documents need not be produced or identified on any privilege log.

4. **Assignment to Magistrate Judge**

The parties do not consent to have this case assigned to a magistrate judge.

**5.     Possibility of Settlement and Alternative Dispute Resolution**

Defendant Kaufman does not consider a monetary settlement to be a likely option.  The Plaintiffs believe that, after conclusion of discovery, there may be a possibility of settlement of this matter.

**6.     Class Action Procedures**

As this case is not a class action, Local Rule 16.3(c)(10) does not apply.

**7.     Bifurcation of Trial or Discovery**

The parties do not anticipate the need to bifurcate trial or discovery.

8.     The parties certify that all issues in Rule 26(f) and Local Rule 16.3 were addressed.

**9.     Other**

NA

        Respectfully,

        ___/s/ David P. Weber
        DAVID P. WEBER, CFE, #468260
        Richard J. Link, #24465
        Counsel for Plaintiffs
        GOODWIN WEBER PLLC
        11115 Lake View Ln #1698
        Berlin, MD 21811
        (301) 850-7600
        david.weber@goodwinweberlaw.com

        /s/ Hughie D. Hunt
        Hughie D. Hunt, Esq.
        DC Bar# 486347
        5000 Sunnyside Avenue, Suite 101 Beltsville, MD 20705
        (301) 982-0888
        Attorney for Defendant David Walls Kaufman
        hhunt@kemethuntlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true a correct copy of the foregoing was electronically delivered via the Court's CM/ECF filing system on this 8th Day of May, which will send an electronic copy to:

Hughie D. Hunt, Esq. hhunt@kemethuntlaw.com.

                                            /s/ David P. Weber
                                            DAVID P. WEBER