**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| Erin Smith, et al | * | |
| Plaintiffs | * | |
| Vs. | * | Case No: **1:21-CV-02170 (FYP)** |
| David Walls Kaufman, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REQUEST TO FILE SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT FOR AIDING AND ABETTING, WRONGFUL DEATH, AND ASSAULT AND BATTERY**

**Aiding and Abetting and Civil Conspiracy Standard of Proof**

"District law acknowledges the concept of civil conspiracy and assigns it the elements we outlined in section II. A. *supra* — basically, an agreement to take part in an unlawful action or a lawful action in an unlawful manner and an overt tortious act in furtherance of the agreement that causes injury. Early on, the tort of civil conspiracy was described as follows: "The essence of conspiracy is an agreement — together with an overt act — to do an unlawful act, or a lawful act in an unlawful manner." *Cooper v. O'Connor,* 99 F.2d 135, 142 (D.C. Cir.), *cert. denied,* 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414 (1938). *Accord Edwards v. James Stewart Co.,* 160 F.2d 935, 936-37 (D.C. Cir. 1947); *International Underwriters, Inc., v. Boyle,* 365 A.2d 779, 784 (D.C. 1976). Subsequent cases emphasize that agreement can only lead to liability if an act pursuant to it causes injury. *See DeBobula v. Goss,* 193 F.2d 35, 36 (D.C. Cir. 1951); *Blankenship v. Boyle,* 329 F.Supp. 1089, 1099 (D.D.C. 1971) ("gist of a civil conspiracy . . . is not the agreement . . ., but the civil wrong . . . done pursuant to the agreement"), *motion for stay denied,* 447 F.2d 1280 (1971) (per curiam), *supplemented,* 337 F.Supp. 296 (1972). The

requirement of an actionable injury may explain why "there is no recognized *independent* tort action for civil conspiracy in the District of Columbia." *See Waldon v. Covington,* 415 A.2d 1070, 1074 n. 14 (D.C. 1980) (emphasis added) (citing *Lamont v. Haig,* 590 F.2d 1124, 1136 n. 73 (D.C. Cir. 1978)). Since liability for civil conspiracy depends on the performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort."

"The separate tort of aiding-abetting has not yet, to our knowledge, been recognized explicitly in the District, but the existence of the civil conspiracy action suggests a high probability that the legal rationale underlying aiding-abetting would also be accepted: The District law recognizes that a person's actions in support of a wrong may make him liable for the tortious injury ( *i.e.,* civil conspiracy is only a means through which a plaintiff can establish vicarious liability, not an independent wrong). An agreement to participate in a wrongful course of action suffices to create vicarious liability. It seems likely that the District's courts would also find vicarious liability for support of wrongful action through knowing substantial aid or encouragement. *Halberstam v. Welch*, 705 F.2d 472, 479 (D.C. Cir. 1983).

### Wrongful Death Standard of Proof

"When, by an injury done or happening within the limits of the District, the death of a person is caused by the wrongful act, neglect, or default of a person or corporation, and the act, neglect, or default is such as will, if death does not ensue, entitle the person injured, or if the person injured is married or domestic partnered, entitle the spouse or domestic partner, either separately or by joining with the injured person, to maintain an action and recover damages, the person who or corporation that is liable if death does not ensue is liable to an action for damages

for the death, notwithstanding the death of the person injured, even though the death is caused under circumstances that constitute a felony." D.C. Code § 16-2701.

### Assault and Battery Standard of Proof

"In the case of assault and battery, a plaintiff can recover for assault by proving "intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the plaintiff," and for battery by proving an "intentional act that causes harmful or offensive bodily contact."" District of Columbia v. Chinn, 839 A.2d 701, 705 (D.C. 2003).

"Battery is an intentional tort. "Intent and negligence are regarded as mutually exclusive grounds for liability. As the saying goes, there is no such thing as a negligent battery." 1 DOBBS, LAW OF TORTS § 26 at 51 (2001). " *District of Columbia v. Chinn*, 839 A.2d 701, 706 (D.C. 2003). "In every personal injury case, the plaintiff carries the burden of proving not only that he or she was injured but also that the defendant's tortious conduct caused the injury. See Manes v. Dowling, 375 A.2d 221, 224 (D.C. 1977). In the absence of "complicated medical questions," Jones v. Miller, 290 A.2d 587, 590 (D.C. 1972), the plaintiff's own testimony, without need for supporting expert medical testimony, will suffice to prove causation of injury. See id. "No complicated medical question" arises when: (1) the injury " 'develops coincidentally with, or within a reasonable time after, the negligent act,' " or (2) " 'the causal connection is clearly apparent from the illness [or injury] itself and the circumstances surrounding it,' " or (3) " 'the cause of the injury relates to matters of common experience, knowledge, or observation of laymen.' " Id. at 590-91 (quoting Wilhelm v. State Traffic Safety Commission, 230 Md. 91, 92, 185 A.2d 715, 719 (1962); accord Early v. Wagner, 391 A.2d 252, 254 (D.C. 1978). International Sec. Corp. of Va. v. McQueen, 497 A.2d 1076, 1080 (D.C. 1985)

The Plaintiff has alleged aiding and abetting and civil conspiracy between Dr. David Walls Kaufman and Defendant Taylor Taranto claiming that they specifically and maliciously targeted Officer Smith in attacking Officer Smith. Further alleging that Officer Smith's cause of death was "severe depression and brain injury caused by the Concussion received from the assault of January 6, 2021. Officer Smith's cause of death was in fact a gunshot wound to the head (self-inflicted) on January 15, 2021, nine days after January 6th, 2021 incident.

Further, Officer Smith made no mention of any assault in his January 6th, 2021 injury report, claiming only that he was hit by some kind of metal object in the face shield. Officer Smith was cleared to go back to work, and on the day he was set to return to work, on the way to his place of employment, Officer Smith sadly took his own life.

After the completion of discovery, the Plaintiff can produce no eyewitness testimony that Dr. Kaufman in any way assaulted or committed battery against Officer Smith. Plaintiff further can offer no testimony or evidence regarding any alleged conspiracy as Defendant Taranto and Dr. Walls Kaufman are not personally acquainted, and Plaintiff can produce no evidence of any conspiracy or of any aiding and abetting of any kind. The plain evidence shows the precipitation injury of Officer Smith was the metal pipe that he was hit with outside of the Capitol. Dr. Sheehan, the plaintiff's medical expert, identified the metal pipe as the cause of Officer Smith's Concussion. (See Sheehan report attached to the Plaintiff's Second Amended Complaint)

In short, the Plaintiff has no credible evidence that Dr. Walls Kaufman in any way caused the death of Officer Smitm. The Plaintiff requests leave to file Summary Judgment as to all counts of the Plaintiff's complaint.

Respectfully submitted,

**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
DC Bar # 486347
7845 Belle Point Drive
Greenbelt, MD 20770
301-982-0888
Attorney for Defendant, *David Walls Kaufman*
hhunt@kemethuntlaw.com

## POINTS AND AUTHORITIES

1. Cooper v. O'Connor, 99 F.2d 135, 142 (D.C. Cir.), cert. denied, 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414 (1938).

2. Edwards v. James Stewart Co., 160 F.2d 935, 936-37 (D.C. Cir. 1947).

3. International Underwriters, Inc., v. Boyle, 365 A.2d 779, 784 (D.C. 1976).

4. DeBobula v. Goss, 193 F.2d 35, 36 (D.C. Cir. 1951).

5. Blankenship v. Boyle, 329 F.Supp. 1089, 1099 (D.D.C. 1971).

6. Waldon v. Covington, 415 A.2d 1070, 1074 n. 14 (D.C. 1980).

7. Lamont v. Haig, 590 F.2d 1124, 1136 n. 73 (D.C. Cir. 1978).

8. Halberstam v. Welch, 705 F.2d 472, 479 (D.C. Cir. 1983).

9. D.C. Code § 16-2701.

10. District of Columbia v. Chinn, 839 A.2d 701, 705 (D.C. 2003).

11. District of Columbia v. Chinn, 839 A.2d 701, 706 (D.C. 2003).

12. Manes v. Dowling, 375 A.2d 221, 224 (D.C. 1977).

13. Jones v. Miller, 290 A.2d 587, 590 (D.C. 1972).

14. Wilhelm v. State Traffic Safety Commission, 230 Md. 91, 92, 185 A.2d 715, 719 (1962).

15. Early v. Wagner, 391 A.2d 252, 254 (D.C. 1978).

16. International Sec. Corp. of Va. v. McQueen, 497 A.2d 1076, 1080 (D.C. 1985).

17. Plaintiff's Second Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of March 2025, a copy of the foregoing document was served electronically via this Court's electronic filing system upon Attorney for Plaintiff, Richard J. Link, and David P. Weber.

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.