UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.           *

    Plaintiffs              *

v.                           *      Case No. 21-CV-02170 (ACR)

DAVID KAUFMAN, et al         *
    Defendants              *

## PLAINTIFFS' NOTICE OF REQUEST
## TO FILE CROSS-MOTION FOR SUMMARY JUDGMENT AND/OR FOR SANCTIONS

COME NOW the Plaintiffs, by and through undersigned counsel, and state Plaintiffs' intention to file a Cross-Motion for Summary Judgment.

### DEFENDANT WALLS-KAUFMAN ASSAULTED DECEDENT

This case arises from an encounter between David Walls-Kaufman and Plaintiff's decedent, Jeffrey L. Smith, while inside the US Capitol building on January 6, 2021. Mr. Smith was a Metropolitan Police Department Police Officer who was assigned to the Civil Disturbance Unit. Officer Smith and fellow MPD police officers were escorting trespassing rioters out of the Capitol Building. The Plaintiffs contend that Walls-Kaufman struck Police Officer Jeffrey Smith at least twice with Officer Smith's police baton. These events were captured on (*inter alia*) the bodycam video of Officer Smith, bodycam video of other MPD Officers as well as open source video. Plaintiff's forensic video expert, Grant Fredericks, will testify in accordance with his report and a synchronized video that Defendant Walls-Kaufman grabbed Officer Smith's baton and struck Officer Smith at least two times.

Plaintiffs intend to move for partial summary judgment to establish (as undisputed) that: (1) Defendant Walls-Kaufman was a trespasser in the US Capitol on January 6, 2021; (2) Defendant Walls-Kaufman struck him with a police baton. F.R.Civ.P. 56 says that a party is entitled to summary judgment as a matter of law when there is no genuine dispute of material fact. The

1

Plaintiffs' assertions regarding the assault are supported by undisputed expert testimony. As the non-movant, Defendant Walls-Kaufman bears the burden of showing that he did not strike Officer Smith with the baton. Defendant Walls-Kaufman's defense is that he did not grab the baton and did not strike Officer Smith. However, to defeat summary judgment, Defendant must adduce competent evidence, setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-movant must provide evidence that would permit a reasonable jury to find in his favor. *See Laningham v. U.S. Navy*, 813 F.2d 1236, 1241, 259 U.S. App. D.C. 115 (D.C. Cir. 1987). If its evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 249-50. Defendant's self-serving responses, without any other probative evidence, are insufficient to defeat summary judgment.

## ECONOMIC DAMAGES

With respect to the wrongful death claim, Plaintiffs seek to recover (*inter alia*), the amount of money that Officer Smith would have earned had he continued in his chosen career as a police officer (his potential earnings). Plaintiff has identified an expert witness, Cheryl Hyder, who has prepared a detailed expert witness analysis and report. Ms. Hyder is a licensed CPA and certified valuation expert. Ms. Hyder has identified the loss of earnings damages under two (2) scenarios:

(1) Officer Smith's Minimum Retirement (25 years of service)     $1,264,162.00
(2) Officer Smith's Mandatory Retirement (at age 60)     $2,990,453.00

Plaintiffs intend to move for partial summary judgment on the issue of the economic damage loss at minimum of $1,264,162. Ms. Hyder's expert opinion is supported by financial documentation on Mr. Smiths' past earnings (regular pay, overtime, etc.) and was done in accordance with professional accounting and damage valuation principles. The Defendant does not have any expert

or other witness to challenge this expert testimony.

## WRONGFUL DEATH

The Plaintiff may file a partial summary judgment asking that this Court make a finding that Defendant Walls-Kaufman's assault and battery of Officer Smith was a proximate cause of the death of Officer Smith. The Plaintiffs' assertions regarding the wrongful death are supported by undisputed expert testimony by Doctors Bardey and Arden, together with their expert reports. Dr. Bardey is a well-known physician and psychiatrist. Dr. Arden a well-known physician and pathologist and is the former Chief Medical Examiner of the District of Columbia. Both have opined that the misconduct of Defendant Kaufman is a substantial cause of Officer Smith's death. As the non-movant, Defendant Walls-Kaufman will bear the burden of showing that he did not cause the death of Officer Smith. Defendant Walls-Kaufman's defense essentially is that he did not grab the baton and did not strike Officer Smith, and therefore could not have caused the death of Officer Smith; but he has offered <u>zero</u> expert witness opinions or testimony on the cause of death should he fail to convince this Court (as set forth above) that he did in fact strike Officer Smith multiple times with his baton, as proven by Plaintiffs' body worn camera expert Grant Fredericks. He also has provided zero evidence, to date, on the body worn camera evidence. However, to defeat summary judgment, Defendant must adduce competent evidence, setting forth specific facts showing that there is a genuine issue for trial.

## SPOLIATION

The Plaintiffs intend to file for partial summary judgment asking that this Court make a finding that the Defendant has intentionally and/or recklessly destroyed material evidence, and that the jury may properly infer that he destroyed this evidence to conceal his involvement in his encounter with Officer Smith (as an adverse inference). When a party recklessly destroys evidence, the trial

court may provide jury instructions allowing for an adverse inference. *Battocchi v. Washington Hospital Center*, 581 A.2d 759 (D.C. 1990). However, the court must make a finding that the evidence was destroyed recklessly rather than carelessly.

After his participation in the events of January 6, 2021, a video interview of Defendant Walls-Kaufman was present on his personal YouTube channel. During the interview, Defendant Walls-Kaufman wore the same red and white motorcycle jacket that he wore on January 6, 2021 while he trespassed in the US Capitol building and thereafter was involved in an encounter with Officer Smith. During discovery (the deposition of Plaintiff and Widow Erin Smith), Defendant clearly brought into issue in the case the identification of Walls-Kaufman, including what he was wearing, ie, the red and white jacket, into the issue of this case. In his deposition and at his criminal sentencing, both on the record, Defendant Walls-Kaufman has given differing accounts as to exactly who deleted the YouTube video. However, there is no dispute that it was destroyed either by him or at his request. In the return on the FBI's search warrant for the video, Youtube indicated the video had been deleted. In his deposition in this civil matter, Defendant clearly stated the deletion was done shortly after he was sued by Plaintiffs here, and now that it has been brought and made at issue in this case (ie, Defendant's identification), this issue has prejudiced Plaintiffs in this case. They are entitled to sanctions, including adverse inference instructions to the jury, or even potentially partial summary judgment, due to his spoliation of electronic evidence in this case.      /s/ *Dr. David P. Weber*
Dr. David P. Weber, #468260

                Richard J. Link, Esq.
                GOODWIN WEBER PLLC
                11115 Lake View Ln, #1698
                Berlin, MD 21811(301) 850-7600
                David.weber@goodwinweberlaw.com
                richard.link@goodwinweberlaw.com
                Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was electronically served, this 14th day of March, 2025, to: Hughie Hunt, Esq. KEMET HUNT LAW GROUP, INC., 7845 Belle Point Drive, Greenbelt, MD 20705  hhunt@kemethuntlaw.com

      /s/ *Dr. David P. Weber*
Dr. David P. Weber, CFE