UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No. 21-CV-02170 (ACR) |
| DAVID KAUFMAN, et al | * | |
| Defendants | * | |

### PLAINTIFFS' RESPONSE TO THE DEFEDANT'S NOTICE OF REQUEST TO FILE A MOTION FOR SUMMARY JUDGMENT

COME NOW the Plaintiffs, by and through undersigned counsel, and files this Response to the Defendant's Notice of Request to file a Motion for Summary Judgment.

### CONSPIRACY

The Second Amended Complaint alleges that Defendants Taylor Taranto and David Walls-Kaufman were part of a larger conspiracy.  Specifically, the Plaintiffs allege the following: Kaufman (together with Taranto and other participants) agreed that they would unlawfully enter the US Capitol building and take affirmative steps to disrupt the election certification process. (Second Amended Complaint, ¶ 37).   Kaufman and Taranto were aware of the conspiracy.  On January 6, 2021, Kaufman made his way into the US Capitol Building and pushed his way into the inner hallways and corridors of the US Capitol building.  (Second Amended Complaint, ¶ 39(c))  In the course of the conspiracy, a number of participants engaged in unlawful acts (breach of peach and destruction of property).  (Second Amended Complaint, ¶ 39(d)  It was foreseeable that the participants would be repelled (by force, if necessary), especially as the  US Capitol is the meeting place of Congress.  (Second Amended Complaint, ¶43. 47)   While inside the US Capitol, Kaufman violently swung a police baton, striking Officer Smith in the face and head.  (Second Amended Complaint, ¶ 41(d).  The

1

Amended Complaint further alleges that Defendant Taranto aided and abetted Kaufman by, for example, locking arms with him during the assault. (Second Amended Complaint, ¶ 45)

The evidence in this case fully supports the Plaintiff's claims for civil conspiracy. In order to prove conspiracy, a plaintiff must prove an unlawful agreement together with an overt act in furtherance of the agreement. *Cooper v O'Connor*, 99 F.2d 135 (DC Cir. 1938). In *Halberstam v Welch* 705 F.2d 472 (DC Cir. 1983) the DC Circuit explained that liability under a civil conspiracy is a form of vicarious liability, and that conspiracy can be proven by circumstantial evidence as well as reasonable factual inferences. In plain terms, a person who engages in an unlawful conspiracy is liable for the reasonably foreseeable consequences of the conspiracy. Applying this standard to the facts of the instant case, there is no basis for summary judgment on the issue of conspiracy. On January 6, 2021, Kaufman and Taranto unlawfully entered the US Capitol along with many hundreds of others. Bodycam and other contemporaneous video shows several instances of disorderly conduct; failure to obey police officers; violent and assaultive encounters with police officers; malicious destruction of property; unlawful entry; climbing on scaffolds; etc. The US Capitol was surrounded by barriers and signs before it was breached. The bodycam video of the Decedent, Officer Smith, clearly depicts the audible, continuous ringing of many alarms and the magnetometers (metal detectors) in the hallway at the Capitol where he was assaulted by the Defendants. The police fired pepper spray on the participants before they entered the building. The participants knew (or clearly should have known) that they were not welcome guests in the US Capitol building. As participants in this unlawful venture, Kaufman and Taranto are responsible for the reasonably foreseeable consequences of their actions – to include physical and emotional injury to police officers who were tasked with protecting the building and removing the trespassers. Plaintiffs would further note that, pursuant to the Court's

prior minute order, discovery was also not taken from Defendant Taranto, who remains in custody for other serious crimes involving former President Obama, among others.

## **WRONGFUL DEATH**

The Defendant seemingly intends to file a dispositive motion and argue that the Plaintiffs are unable to prove the wrongful death claim.   There are two pieces that need to be addressed:(1) the intentional tort that gives rise to the Plaintiffs' claims; and (2) the causal nexus between the assault and battery and Officer Smith's resulting death.  Plaintiffs will address each of these issues *seriatim*.

A battery is an intentional act that causes harmful or offensive bodily contact to another person, *District of Columbia v Chinn*, 839 A.2d 701 (DC 2003).  In his Notice, the Defendant maintains that the Plaintiffs can produce no eyewitness testimony that Dr. Kaufman assaulted or committed battery against Officer Smith.   However, summary judgment is not proper and indeed, the following evidence will support Plaintiffs' claims of battery:
(i) Kaufman's battery of Smith occurred on January 6, 2021 at approximately 2:56 pm in the east (House) side of the US Capitol.  There were at least a dozen Metropolitan Police Officers who were present in the exit corridor when the assault took place – all of whom had bodycam.   Other video also captured the events between Kaufman and Smith.  (ii) Defendant Kaufman acknowledges being the person who was inside the US Capitol wearing an (unmistakable) red and white motorcycle jacket in the area where the assault occurred. He even appeared to acknowledge his arm/hand grabbing or approaching Officer Smith's baton on his body worn camera during his deposition. (iii) Plaintiffs' forensic video expert, Grant Frederick, has produced a detailed, frame-by-frame account of the encounter between Walls-Kaufman and Plaintiff, using Officer Smith's body worn camera.  The video and Mr. Frederick's expert report

demonstrates that Walls-Kaufman used the police baton to strike Officer Smith at least two times.

It is true that Plaintiffs bear the burden of proving causation in a wrongful death action. The issue for summary judgment amounts to a classic question of proximate cause. In his Notice, the Defendant seems to argue that Officer Smith died by suicide, rather than the assaultive conduct of Kaufman. Plaintiffs' expert witnesses, both of whom are physicians and experts in their respective fields (forensic psychiatry and forensic pathology), clearly address the causal nexus between the Kaufman assault and Officer Smith's death in their reports. Indeed, Dr. Bardey will testify that Kaufman struck Smith with the officer's own baton, which set in motion a psychological and possible physical injury. Ultimately, Officer Smith developed an adjustment disorder (trauma-based psychological disorder) that led to suicide only nine days later. Significantly, this suicide occurred while Office Smith was driving to work (and after being on sick leave following the January 6, 2021 incident). Forensic pathologist Dr. Jeffrey Arden, the former Chief Medical Examiner of the District of Columbia, will testify that there is a direct causal relationship between the events of January 6, 2021 and Officer Smith's death. In his experience, suicide can follow an acute trigger, leading a person to become depressed. Dr. Arden opines that Officer Smith was struck by his own baton, which likely impacted Smith's head (or applied forces to his head). At worst, the medical opinions of Drs. Bardey and Arden create a <u>jury question</u> as to whether Officer Smith's death was the result of an irresistible impulse to refrain from killing himself under *District of Columbia v Peters*, 527 A.2d 1269 (DC 1987).[1]

---

[1] It is very important to note that the Defendant does not have *any* forensic psychiatric or pathology evidence to counter the medical opinions of the Plaintiffs' two medical expert witnesses. Arguably, this may even result in partial Summary Judgement in favor of the Plaintiffs on this issue, since Kaufman will have failed to meet his burden in opposition.

Defendant also seems he intends to argue that there is evidence of another assault that occurred on January 6, 2021 (i.e. a separate incident where a metal pipe struck Officer Smith at 5:30 pm). Defendant Kaufman argues that this second assault breaks the causal nexus between the Kaufman incident (at 2:56 pm) and any resulting injury or damages.   Dr. Bardey opines agrees that the metal pole incident certainly played a role in Officer Smith's condition.  However, Officer Smith's encounter with Defendant Kaufman was a significant part of the psychological trauma, especially because it involved his own baton and threatened his safety. Officer Smith became withdrawn and less engaged immediately after his encounter with Kaufman.   Dr. Arden agrees that the Kaufman assault was a substantial factor in Officer's Smith's injuries.  The two or more strikes with a baton likely caused physical (head) injuries to Officer Smith.   In a case involving <u>concurrent causes</u> of an injury, the test is whether the defendant's conduct *was a substantial factor* in causing the resulting harm, *Lacy v District of Columbia*, 424 A.2d 317 (DC 1980).  Kaufman has failed to come forward with *any* expert evidence or testimony that calls into question the Plaintiffs' experts, and as such, may have partial summary judgment granted against him.  At worst, the question of causation is a question for the jury.

           /s/ *Dr. David P. Weber*
Dr. David P. Weber, #468260
Richard J. Link, Esq.
GOODWIN WEBER PLLC
11115 Lake View Ln, #1698
Berlin, MD 21811(301) 850-7600
David.weber@goodwinweberlaw.com
richard.link@goodwinweberlaw.com
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically served, this 24th day of March, 2025, to:  Hughie Hunt, Esq. KEMET HUNT LAW GROUP, INC., 7845 Belle Point Drive, Greenbelt, MD 20705  hhunt@kemethuntlaw.com

          /s/ *David P. Weber*