**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| Erin Smith, et al | * | |
| Plaintiffs | * | |
| Vs. | * | Case No: **1:21-CV-02170 (FYP)** |
| David Walls Kaufman, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT DAVID WALLS-KAUFMAN'S OPPOSITION TO PLAINTIFFS' NOTICE OF INTENT TO FILE CROSS-MOTION FOR SUMMARY JUDGMENT AND/OR SANCTIONS

Defendant David Walls-Kaufman, by and through undersigned counsel, respectfully submits this opposition to Plaintiffs' Notice of Intent to File a Cross-Motion for Summary Judgment and/or Sanctions. Plaintiffs' proposed motion is unsupported by competent evidence.

**I.    Response to allegations of assault and trespass**

Plaintiffs allege that on January 6, 2021, Defendant David Walls-Kaufman was unlawfully present inside the U.S. Capitol building during the civil unrest and that, while being escorted out by law enforcement, he seized Officer Jeffrey Smith's police baton and struck him multiple times. Plaintiffs claim these actions were captured on body-worn camera footage, supplemented by open-source video, and corroborated by expert testimony from their video analyst. Plaintiffs further argue that these alleged actions constituted both an assault and a battery, forming the basis of their wrongful death claim.

"Pursuant to Federal Rule of Civil Procedure 56, a party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed.R.Civ.P. 56(c); see also Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). Under the summary judgment standard, the moving party bears the "initial responsibility of informing the district court of the basis for [its] motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)." Sloan v. Urban Title Services, Inc., 689 F. Supp. 2d 94, 101 (D.D.C. 2010)

    Defendant categorically denies ever taking Officer Smith's baton or striking him. The video footage cited by Plaintiffs is inconclusive and requires interpretation that is subject to challenge. Plaintiffs' expert opinions do not eliminate the existence of genuine disputes as to material facts, including whether the Plaintiff can offer any competent evidence that any physical contact occurred, whether it was intentional or incidental, and more importantly whether the Defendant's actions can be causally linked to the harm alleged.

    It is undisputed that the cause of death of Officer Smith was a self-inflicted gunshot wound to the head. The Plaintiff has failed to meet its burden to establish its entitlement to Summary Judgment.

**II.**   <u>**Response to damages claims**</u>

    Plaintiffs seek to recover more than $1.2 million in alleged lost earnings based on projections by their accounting expert, who outlines potential income losses under different retirement scenarios. While Defendant has not disclosed a rebuttal expert at this stage, the law does not require one to oppose summary judgment. Plaintiffs' damage model is based on assumptions about Officer Smith's career trajectory, promotion potential, and work-life

expectancy, which remain speculative and untested through cross-examination. The jury would be free to accept or reject the expert's opinion at trial.

Courts in this district have held that the absence of a rebuttal expert does not compel summary judgment where the movant's evidence is not undisputed as a matter of law. Defendant intends to challenge Plaintiffs' damages theory and the credibility of the projections at trial. The Plaintiff would only be entitled to any damages if the Plaintiff were successful on the issue of causation.

### III. Response to wrongful death causation

Plaintiffs contend that Defendant's alleged conduct was a proximate cause of Officer Smith's subsequent death by suicide. In support, they offer opinions from Dr. Arden, a forensic pathologist, and Dr. Bardey, a forensic psychiatrist, who link the alleged trauma of the incident to Officer Smith's psychological deterioration and eventual death from the events at the Capitol.

Defendant disputes both the factual premise of the alleged assault and the legal sufficiency of the causation claim. Plaintiffs have not established, that any act by Defendant was the proximate cause of death of Officer Smith, particularly where other contributing factors such as prior health, psychological disposition, or institutional pressures to return to work or the metal object that hit Officer Smith in the face was the actual cause of his demise.  In such circumstances,  the plaintiff is not entitled to summary judgment because causation is a question of fact and must be resolved by a fact finder.

### IV. Response to spoliation allegations

Plaintiffs allege that Defendant engaged in spoliation by deleting a YouTube video of an interview conducted after January 6, 2021, in which Defendant appeared wearing the same red and white jacket from the day of the incident. Plaintiffs argue that once made public, this video became

material to their identification of Defendant and that its removal warrants an adverse inference or other sanctions.

However, Plaintiffs have not demonstrated that the video was deleted with a "culpable state of mind" or during a period where Defendant was under a clear legal obligation to preserve it. The Defendant had already been identified as a Criminal Defendant in these proceedings. Defendant has stated that the deletion occurred in response to privacy and safety concerns following widespread online backlash, not to obstruct litigation. The Court requires a "culpable state of mind" or a deliberate intent to deprive for sanctions to apply. No such showing has been made here. Furthermore, Plaintiffs have not identified how the loss of the video meaningfully impairs their case, given the abundance of other videos and photographic evidence. See Mazloum v. D.C. Metro. Police Dep't, 530 F. Supp. 2d 282, 291-292 (D.D.C. 2008).

## V. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' anticipated motion for summary judgment and sanctions and permit these matters to proceed to trial on the merits.

Respectfully submitted,

**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
DC Bar # 486347
7845 Belle Point Drive
Greenbelt, MD 20770
301-982-0888
Attorney for Defendant, *David Walls Kaufman*
hhunt@kemethuntlaw.com

## POINTS AND AUTHORITIES

1. Fed. R. Civ. P. 56(a), (c).

2. Sloan v. Urban Title Servs., Inc., 689 F. Supp. 2d 94 (D.D.C. 2010)

3. Mazloum v. D.C. Metro. Police Dep't, 530 F. Supp. 2d 282 (D.D.C. 2008).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of March 2025, a copy of the foregoing document was served electronically via this Court's electronic filing system upon Attorney for Plaintiff, Richard J. Link, and David P. Weber.

                                                    /s/ Hughie D. Hunt
                                                    Hughie D. Hunt, Esq.