## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| Erin Smith, et al | * | |
| Plaintiff | * | |
| Vs. | * | Case No: **1:21-CV-2170** |
| | | Judge |
| David Walls Kaufman | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>DEFENDANT KAUFMAN'S ANSWERS TO PLAINTIFF'S INTERROGATORIES</u>**

1. State your name, address, date of birth and occupation.

   **ANSWER: Dr. David Walls-Kaufman, 2302 Halls Grove Road, Gambrills MD 21054 Date of Birth: October 26, 1956. Occupation: Doctor of Chiropractic (temporarily retired), author, and T'ai Chi instructor.**

2. Give the names and addresses of all persons known to the defendant or your agents/and or attorneys who were eyewitnesses to the incident outlined in the Amended Complaint and state the location of each eyewitness at the time of the incident as it is known to you or your attorney.

   **ANSWER: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Without waiving the foregoing objections and subject to them: No incident occurred between Defendant and Officer Smith. To the best of Defendant's knowledge, there are no known eyewitnesses involving Defendant that are relevant to the claims asserted in the Amended Complaint.**

3. State the name and addresses of all persons who were at or near the scene at the time of the incident.

   **ANSWER: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Without waiving the foregoing objections and subject to them: To the best of Defendant's knowledge, there were thousands of people at the Capitol that day. No incident occurred between Defendant and Officer Smith.**

4. State the names and addresses of all persons known to the defendant or your attorneys, who have knowledge of relevant facts pertaining to the incident described in the Amended Complaint or your answer thereto and state the substance of what each person has knowledge of.

   **ANSWER: Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, seeks for attorney-client privilege work product. Without waiving the foregoing objections and subject to them: To the best of Defendant's knowledge, there were thousands of people at the Capitol that day. No incident happened that day between the Defendant and Officer Smith.**

   5. Give a concise statement of the facts as to how you contend that the incident described in the Amended Complaint took place, and include in your answer the date, time, and place of the incident.

   **ANSWER: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and duplicative. Without waiving the foregoing objections and subject to them: The Incident did not happen. I did not have an incident with Officer Smith.**

6. Please describe in complete detail the appearance of Jeffrey Smith immediately after the alleged occurrence, particularly with regard to the following:

a. The physical condition of Jeffrey Smith, that is, whether there were any obvious signs of physical injury.

b. The emotional or mental condition of Jeffrey Smith, that is, whether there were any obvious signs of mental or emotional disturbance.

> **ANSWER: Defendant objects to this interrogatory on the grounds that it assumes facts not in evidence, overly broad, unduly burdensome, and irrelevant to Defendant's knowledge. Without waiving the foregoing objections and subject to them:**
>
>> a) **I have no personal knowledge of Jeffrey Smith's physical condition immediately after any alleged occurrence, as I have never had direct contact with him at any time in my life that I am aware of. No incident occurred between Defendant and Officer Smith.**
>>
>> b) **I have no personal knowledge of Jeffrey Smith's emotional or mental condition, either prior to or after the alleged incident, nor did I observe any signs of mental or emotional disturbance at any time. No incident occurred between Defendant and Officer Smith.**

7. If you contend that Jeffrey Smith or anyone associated with Jeffrey Smith acted in such a manner as to start, escalate, cause, or contribute to the incident, give a concise statement of facts upon which you rely.

> **ANSWER: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, assumes facts not in evidence and, irrelevant to Defendant's**

**knowledge. Without waiving the foregoing objections and subject to them: I have no personal knowledge of Jeffrey Smith's actions or of anyone associated with him in relation to the alleged incident. No Incident occurred between Defendant and Jeffrey Smith. It is my understanding that Officer Smith took his own life.**

8. If you contend that a person not a party to this lawsuit acted in such a manner so as to escalate or cause the incident, set forth the name and address of each such person and give a concise statement of facts upon which you rely.

    **ANSWER: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and assumes facts not in evidence, is overly broad and, irrelevant. Without waiving the foregoing objections and subject to them: Defendant denies that any such incident occurred between Defendant and Officer Smith as described in the Amended Complaint. If an incident occurred against Officer Smith it was carried out by some other person.**

9. State the names and addresses of all expert witnesses that you intend to call at trial, and with respect to each such expert witness, attach to your answers a copy of any reports prepared by such expert witness.

    **ANSWER: Defendant objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Without waiving the foregoing objections, The Responding Party has not identified any expert witnesses. The Responding Party will call at trial all treating physicians of Officer Smith, including but not limited to, the emergency physicians who treated Officer Smith and the physician who pronounced Officer Smith deceased, any therapists, psychiatrists who were treating Officer Smith, as well as all experts retained by the Plaintiff.**

10. If any expert witness made any oral reports or statements to the defendant or defendant's attorney's, state the substance of any such report and the date upon which it was given.

> **ANSWER: The Responding Party has not identified any Expert Witnesses. All oral reports or statements of expert witnesses are in the possession of the Plaintiff as the Plaintiff has Officer Smith's Treatment Records, Death Certificate, and all of the expert reports that Plaintiff has identified.**

11. State the names and addresses of all individuals who assisted the defendant in your participation of the events on January 6th, 2021, leading up to the incident.

> **ANSWER: Defendant objects to this interrogatory on the grounds that it assumes facts not in evidence, vague, overly broad, and potentially misleading. Without waiving the foregoing objections and subject to them: Defendant was not a "participant" in the events of January 6th, 2021, as suggested by the phrasing of this question. I was present at the U.S. Capitol in the capacity of an observer, consistent with my ongoing research and studies in human ethics, neurophysiology of morality, and socialization, as well as my work as an author. I had no assistance in relation to the events in question. No incident occurred between Defendant and Officer Smith.**

12. State the names and addresses of any individuals who assisted or helped the defendant in the time following the alleged incident.

> **ANSWER: Defendant objects to this interrogatory to the extent that it is vague and ambiguous, overly broad, potentially seeking information not relevant to the issues at hand and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving the foregoing objections and subject to them: No incident occurred between Defendant and Officer Smith. Any communications or assistance I may have received were limited to legal advice from my attorneys, which is protected by attorney-client privilege.**

13. State the location of and/or the names and addresses of the person(s) in possession of any materials and/or objects procured in preparation for the events of January 6, 2021.

    **ANSWER: Defendant objects to this interrogatory on the grounds that it is overly broad, vague, and ambiguous. Without waiving the foregoing objections and subject to them: Defendant did not procure any materials or objects in preparation for the events of January 6, 2021, and to the best of Defendant's knowledge, no such materials or objects exist in the Defendant's possession or in the possession of any third party.**

14. At any time (before, during or after) the alleged occurrence did you or any agent of the defendant have any contact or conversation in any manner with Jeffrey Smith in regard to the alleged occurrence or any other subject?

    **ANSWER: Defendant objects to this interrogatory to the extent that it is vague and ambiguous, overly broad, and seeks irrelevant information that is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections and subject to them: No contact or conversation occurred between Defendant, any agent of the Defendant, and Jeffrey Smith regarding the alleged occurrence or any other matter. There was no reason for such communication to have taken place.**

15. If you have knowledge of any pictures, photographs, sketches, diagrams, plats or pictorial or graphic representations of the scene of the incident referenced in the Amended

Complaint, please state the nature of the item(s) you have knowledge of, what the items purport to depict, the date and time each item was made, and the name and address of the present custodian of each such item.

> **ANSWER: No Incident occurred between Defendant and Officer Smith. The Government has extensive video footage of the Capitol. I have pictures of the Capitol in my possession.**

16. If you have knowledge of any video footage of the scene of the incident referenced in the Amended Complaint, please state the nature of the item(s) you have knowledge of, what the items purport to depict, the date and time each item was made, and the name and address of the present custodian of each such item.

    > **ANSWER: Defendant objects to this interrogatory to the extent that is overly broad and unduly burdensome, seeks information regarding equally available are already in possession of the Plaintiff. Without waiving the foregoing objections and subject to them: . No incident occurred between Defendant and Officer Smith Extensive video footage related to the events of January 6th, 2021 exist, all subject to a protective order and in the possession of United States Government. Defendant cannot release the video footage without a Court Order or a Consent of the United States Government.**

17. If you have in your control, or within your knowledge, any transcripts of testimony of any proceedings arising out of the incident described in the Amended Complaint, as to each such transcript of testimony, state the date, subject matter, name and address of any such person who recorded such testimony, and the name and address of the person or entity having control or possession of any such transcripts.

**ANSWER: Defendant objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege and overly broad. Without waiving the foregoing objections and subject to them: Defendant does not possess any transcripts of testimony specifically related to the incident described in the Amended Complaint. or allegations involved here.**

18. If you are a registered user of Twitter ("X"), Facebook, LinkedIn, Instagram, Snapchat, Four Square, Pinterest, My Space, Tumblr or any other form or manner of social media, internet forum, blog or social network, please provide the following information: username and/or display as name.

    **ANSWER: Defendant objects to this interrogatory on the grounds that it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections and subject to them: Defendant closed his Facebook account shortly after public allegations were made, which resulted in numerous death threats. As of the time of this response, Defendant no longer uses Facebook. Defendant Facebook Account name was David Walls Kaufman. Defendant believes his Twitter handle is "DavidTaiChi," though he rarely, if ever, uses the platform. Defendant also recalls a historical MySpace account under the name "Land of Malls," though it has not been used for many years. Defendant does not actively use other social media platforms.**

19. At the time of the alleged incident did you or any other defendant or agent of the defendant have on your person any electronic devices, including but not limited to a cellular phone, video recorder, or body camera, or any other device?

    **ANSWER: Defendant objects to this interrogatory to the extent that it is overly**

**broad and seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections and subject to them: At the time of the alleged incident, Defendant had a personal cellular phone on his person. No other electronic devices, such as a video recorder, body camera, or similar devices, were present.**

20. If the answer to the previous interrogatory was affirmative provide the details of such devices including the type of device, brand, owner of such device, and the person who is in current possession of any such devices.

    **ANSWER: Defendant objects to this interrogatory to the extent that it seeks information that may be irrelevant or immaterial to the claims in this case, requests information outside Defendant's custody and control, to the extent that this interrogatory seeks information about devices confiscated by the FBI. Without waiving the foregoing objections and subject to them: The device in question was an Apple iPhone, though I am uncertain of the specific model. This phone was confiscated by the FBI and has not been returned. Defendant does not have current possession or access to this device.**

21. If the answer to interrogatory 19 was affirmative and included any cellular phones, please provide the phone number(s), the name of the carrier for each phone, and the name of the person who is the account holder of the phone, the account number for the phone.

    **ANSWER: Defendant objects to this interrogatory to the extent that it seeks information that is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections and subject to them: The cellular phone in question was under AT&T service with the**

    number 202-547-3402. The account number is 418018786819.

22. If a cellular phone has been identified, please provide a copy of all data including, any text messages, emails, social media messages, photographs, videos, or any other type of digital media that relates to the alleged occurrence stored on cellular phones identified in question

    **ANSWER: Defendant objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information not relevant or proportional to the claims or defenses in this case, and seeks information beyond the Defendant's possession, custody, or control. Without waiving the foregoing objections and subject to them: The cellular phone in question, along with all text messages, photographs, and any other digital media stored on it, is currently in the possession of the FBI and was used as part of the investigation and prosecution in the related criminal case concerning parading and chanting. Defendant does not have access to or control over this phone or its contents at this time.**

23. Please indicate whether any cellular phone, electronic device, photograph, video, text message, email, social media, or other digital media is no longer in existence. If the answer 1s yes:

a. Describe the specific item, including a description of its content;

b. State in full and complete detail the reasons it is no longer in existence and the reason(s) why these items have been lost, deleted and/or destroyed.

    **ANSWER: Defendant objects to this interrogatory to the extent that it overly broad, unduly burdensome, and seeks information beyond the scope of relevance to the claims and defenses in this case. Without waiving the foregoing objections and subject to them: To the best of Defendant's knowledge, all materials are still**

Case 1:21-cv-02170-ACR   Document 82-6   Filed 05/09/25   Page 11 of 14

**in existence. However, Defendant removed one video from a personal Tai Chi site, which was unrelated to the alleged incident. This video, which discussed the "Theory of Everything," was taken down to protect Defendant's personal safety and privacy. The removal of this video was motivated by concerns over personal security and to avoid being easily identified by individuals who may pose a threat, not due to any relevance to the matters at hand in this case.**

24. State in full and complete detail all steps taken by you (or on your behalf) to preserve all cell phone, video, social media, text, or other social digital media data from January 6, 2021, to the present.

    **ANSWER: Defendant objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Without waiving the foregoing objections and subject to them: To the best of Defendant's knowledge, all relevant cell phone, video, social media, text, and other digital media data related to the events of January 6, 2021, have been preserved. Defendant has taken no action to delete or destroy any relevant material, except for the removal of one unrelated video from a personal Tai Chi site, as previously stated. This video, which did not pertain to the alleged incident, was removed for personal safety and privacy reasons following public allegations and threats, not as part of any effort to destroy or conceal evidence. All other data remains intact, and Defendant has no motive to delete any material, as it is exculpatory in nature.**

25. If you contend that a person not party to this lawsuit acted in such a manner so as to cause or contribute to Jeffrey Smith's injuries and/or his death, set forth the name and address of each such person and give a concise statement of facts upon which you rely.

Doc ID: befebbdf1400349489fe8b477234b7a4fa7f7e2d

**ANSWER: Defendant objects to this interrogatory to the extent that it is overly broad, speculative, and not relevant to the specific claims and defenses raised by Defendant in this case. The defendant contends that Officer Jeffery Smith took his own life. Defendant contends he had no part in the death of Officer Smith.**

Doc ID: befebbdf1400349489fe8b477234b7a4fa7f7e2d

I SOLEMNLY affirm under the penalties of perjury that the contents of the foregoing are true and correct to the best of my knowledge, information and belief.

_____
David Chadwick Walls-Kaufman

Respectfully submitted,

**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt_____
Hughie Hunt, Esq.
DC Bar# 483647
7845 Belle Point Drive
Greenbelt, MD 20770
301-982-0888
Attorney for Defendant, *David Walls-Kaufman*
hhunt@kemethuntlaw.com

**Dropbox Sign**                                                                          Audit trail

| | |
|---|---|
| Title | OC Kaufman Answers to Interrogatories v1.pdf |
| File name | OC%20Kaufman%20An...gatories%20v1.pdf |
| Document ID | befebbdf1400349489fe8b477234b7a4fa7f7e2d |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT**
**11 / 26 / 2024**
20:43:09 UTC
Sent for signature to David Chadwick Walls-Kaufman (walls.kaufman@me.com) from office@kemethuntlaw.com
IP: 79.117.162.150

**VIEWED**
**11 / 26 / 2024**
20:49:58 UTC
Viewed by David Chadwick Walls-Kaufman (walls.kaufman@me.com)
IP: 173.69.144.63

**SIGNED**
**11 / 26 / 2024**
20:57:37 UTC
Signed by David Chadwick Walls-Kaufman (walls.kaufman@me.com)
IP: 173.69.144.63

**COMPLETED**
**11 / 26 / 2024**
20:57:37 UTC
The document has been completed.

Powered by **Dropbox Sign**