UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al. *

Plaintiffs *

v. * Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al *

Defendants *

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SANCTIONS**

COME NOW to the Plaintiffs, by and through undersigned counsel, and file this Motion for Sanctions. As grounds therefore, Plaintiffs state as follows:

**Background**

This civil case arises out of the events of January 6, 2021. Decedent Jeffrey L. Smith ("Decedent") was a Metropolitan Police Department officer who responded to the Capitol that day. David Walls-Kaufman ("Walls-Kaufman") entered the US Capitol at around 2:30 pm on January 6, 2021. Decedent was part of the Civil Disturbance Unit that was assigned to clear the US Capitol of the trespassers who had unlawfully entered the building. Plaintiffs allege that Defendant Walls-Kaufman physically struck Decedent with his own police baton. The Defendant's activities inside the US Capitol are captured in dozens of videos, to include police bodycam and open source video. The Defendant's actions and movement while inside the US Capitol on January 6, 2021 are easy to track because he was wearing an unmistakable red and white motorcycle jacket. (Ex. 1, p. 3)

Shortly after January 6, 2021, Walls-Kaufman gave an interview wearing the very same red and white motorcycle jacket. (Ex. 3, p. 126) The interview was posted on the Defendant's personal YouTube site. (Ex. 3, p. 171) After this lawsuit was filed, Defendant deleted the video.

(Ex. 3, pp.125, 170) Plaintiffs bring this Motion because Walls-Kaufman destroyed evidence that is relevant to these proceedings, and therefore should be held liable for all the evidence that would have otherwise been admitted into evidence but for his spoliation. Plaintiffs seek partial summary judgment on those facts, and/or sanctions in accordance with the Federal Rules of Civil Procedure and relevant case law. Specifically, the Plaintiffs seek partial summary judgment on the issue of partial liability, and/or a jury instruction on spoliation, permitting the jury to infer that the Defendant destroyed evidence that would be favorable to the Plaintiffs.

**The original Complaint**

Plaintiffs filed the initial Complaint, followed by the First Amended Complaint on August 14, 2021. (Ex. 1) Relevant to this motion, the First Amended Complaint alleged as follows:

> ¶ 7 On or about January 6, 2021, Jeffrey L. Smith was employed as a police officer by the Metropolitan Police Department. .... Specifically, Officer Smith was part of the larger contingent of MPD and other federal law enforcement that was tasked with responding to the Capitol Insurrection.
>
> ¶ 9 [ ] Kaufman was part of the insurrectionist mob inside the US Capitol and was being escorted out of the building by MPD Officers.
>
> ¶ 11 Open source intelligence materials found on the internet depict the attack of Officer Smith [by Defendants Kaufman and Taranto].
>
> ¶ 12 Defendant Kaufman was wearing a padded motorcycle jacket of maroon and white color. He is depicted in the US Capitol attacking Officer Smith. **Defendant Kaufman is depicted in an internet interview wearing the same jacket at a different time. These screen grab of photos are attached hereto as Exhibit A. (Ex 1).**

The interview referenced in paragraph 12 was entitled "Dr. David Walls-Kaufman, DC – An Interview at The Plaza". (Ex. 1, p. 2) In the Plaintiff's discovery requests, the Defendant was asked to identify the social media that he uses, and to describe what he has done to preserve his social media accounts since January 6, 2021. Defendant stated in pertinent part as follows:

> Defendant removed one video from a personal Tai Chi site, which was unrelated to the alleged incident. This video, which discussed the "Theory of Everything", was taken down to protect Defendant's personal safety and privacy. The removal of this video was motivated by concerns over personal security and to avoid being easily identified by individuals who may pose a threat, not due to any relevance to the matters at hand in this case."
> Answer to Interrogatory #23 (Ex. 2)

In his Answer to Interrogatory #24, the Defendant said he removed a video "which did not pertain to the alleged incident" for personal safety and privacy reasons "following public allegations and threats, not part of any effort to destroy or conceal evidence. All other data remains intact, and Defendant has no motive to delete any material, as it is exculpatory in nature." Answer to Interrogatory #24. (Ex. 2) In his deposition, the Defendant stated that the YouTube video identified him. (Ex. 3, pp. 124-125). Defendant claimed that he deleted the YouTube video because he had received "death threats" as he was accused of being because a "cop killer". (Ex. 3, p. 126)

## ARGUMENT

## STANDARD FOR SUMMARY JUDGMENT

Under FRCP 56(a), the party moving for summary judgment bears the burden of showing that there is no dispute of material facts and that the movant is entitled to judgment as a matter of law. Summary judgment is not a substitute for trial. Before summary judgment can be granted, the entire record must be carefully examined. A "material fact" is one affecting the substantive outcome of the litigation. *Anderson v Liberty Lobby, Inc.,* 477 US 242, 248, 106 SCt 2505, 91 Ld2d 202 (1986) A "genuine" dispute means that the party opposing summary judgment has adduced evidence such that a reasonable jury could find for the nonmovant. *Scott v Harris*, 550 US 372, 380, 127 S.Ct. 1769, 167 Led2d 265 (2007) In making this determination, all ambiguities and inferences should be drawn in favor of the non-moving party. Therefore, if the non-moving party brings forth affidavits or other

material obtained through discovery that produces uncertainty about a material fact, summary judgment may not be granted. A trial must be held to determine which version of the contested facts is to be believed. *Anderson, 477 US 242, 255.* In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences drawn in his favor." *Id.* at 255, 106 S.Ct. 2505; *see also Wash. Post. Co. v. United States Dep't of Health and Human Servs.,* 865 F.2d 320, 325 (D.C.Cir.1989). The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the non-movant fails to point to "affirmative evidence" showing a genuine issue for trial, *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505, "summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

Here, a statement of material facts not in dispute is attached. Based on those undisputed facts, partial summary judgment on those facts should be granted. The Jury should thereafter be instructed that those facts are not only not in dispute, but that the Court has already found, as a matter of law, that they are to be found by the Jury in their respective deliberations.

**SPOLIATION UNDER FED.R.CIV.P. 37**

FRCP 37 requires that a party preserve electronically stored information. The Rule also provides for sanctions in the event a party breaches that Rule:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order **measures no greater than necessary to cure the prejudice; or**

> **(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:**
>
> **(A) presume that the lost information was unfavorable to the party;**
>
> **(B) instruct** the **jury that it may or must presume the information was unfavorable to the party; or**
>
> (C) dismiss the action or enter a default judgment
> (Emphasis Added)

The Rules Commentary says that it is appropriate for the court to consider whether a party acted with "the intent to deprive another party of the information's use in the litigation. This finding may be made by the court when ruling on a pretrial motion, when presiding at a bench trial, or when deciding whether to give an adverse inference instruction at trial." Thus, the Plaintiffs request that the Court make an appropriate finding that the Defendant intentionally destroyed the YouTube video and that the jury be permitted to draw an adverse inference on liability.

## CASE LAW

The Plaintiffs request that this court issue a jury instruction on adverse inferences based on spoliation of evidence. Separate and apart from Fed.R.Civ.P. 37, the case law permits the jury to draw an adverse inference when evidence has been destroyed. In *Battocchi v Washington Hospital Center*, 581 A.2d 759 (1990), the D.C. Court of Appeals stated as follows:

> The doctrine of what has been termed spoliation of evidence includes two sub-categories of behavior: the deliberate destruction of evidence and the simple failure to preserve evidence. It is well settled that a party's bad faith destruction of a document relevant to proof of an issue at trial gives rise to a strong inference that production of the document would have been unfavorable to the party responsible for its destruction. [citations omitted] *Id* at 765
>
> * * *
>
> Where proffered evidence demonstrates that documents were concealed or destroyed in bad faith -- either deliberately or with reckless disregard for their relevance -- a trial court may well abuse its discretion by refusing to allow factual inferences adverse to the culpable party to be suggested to the jury through an instruction or argument of counsel. *Id* at 755-766

A federal court sitting in diversity jurisdiction applies federal evidentiary rules to the admission of evidence. *Johnson v Washington Metro Area Transit Auth.*, 764 F.Supp. 1566, 1579 (1991) Nonethless, this Court has adopted the *Battocchi* standard. See, e.g. *Rice v United States*, 917 F.Supp. 17 (D.D.C. 1996) (Adverse inference was compelled where the Defendant acted with gross indifference or reckless disregard to preserving blood-testing evidence). In *Mazloum v DC Metro Police Dept*, 530 FSupp2d 282, 291-292 (DDC 2008) this Court articulated a three-part test to decide whether the plaintiffs were entitled to an adverse inference jury instruction:

(1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered;
(2) the destruction or loss was accompanied by a "culpable state of mind"; and
(3) the evidence that was destroyed or altered was "relevant" to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defense of the party that sought it.

## EVIDENCE OF INTENT TO DEPRIVE

### I. Obligation to Preserve the Evidence

In this case, the Plaintiffs filed the initial lawsuit on August 13, 2021. (ECF #1) The Defendant was served with the Complaint on August 16, 2021. (ECF #4) Defendant (through counsel) filed an Answer to the Complaint on August 27, 2021 (ECF #7) The initial Complaint itself contains express references to open-source video found on YouTube that documented the events of January 6, 2021, including the altercation involving between the Decedent and the Defendant. The Complaint referenced and (attached a screen grab) of the YouTube interview of "Dr. David Walls-Kaufman. D.C. - An Interview at the Plaza". The Defendant was clearly aware (or should have been aware) of his duty to preserve relevant evidence. This is especially true given: (a) the fact that there was a pending lawsuit; (b) the lawsuit expressly referenced the

Youtube video; (c) the Defendant became immediately aware of the lawsuit after it was filed; and (d) the Defendant retained counsel early in the litigation. In addition, Fed.R.Civ.P. 37 mandates that parties take steps to preserve electronically-stored information, such as the YouTube video.

**II. Culpable state of mind**

The second element to address is the Defendant's state of mind. The case law generally requires that a party act in bad faith in order for an adverse inference to be justified. The "bad faith" element is met if a party deliberately destroys evidence, or if a party acts with a reckless disregard for the relevance of the evidence. *Rice v. United States,* 917 F.Supp. 17, 9 (D.D.C.1996) (citing *Battocchi v. Washington Hosp. Ctr.,* 581 A.2d 759, 765-66 (D.C.1990)). In addition, the court may permit an adverse inference instruction based on a party's "failure to preserve evidence," even if deliberate or reckless conduct is not present. *Id.* at 19-20. The test is the "degree of negligence or bad faith involved, the importance of the evidence involved, the importance of the evidence lost to the issues at hand, and the availability of other proof enabling the party deprived of the evidence to make the same point." *Id.* at 20 (quoting *Battocchi,* 581 A.2d at 766-67). See also, *More v. Snow,* 480 F.Supp.2d 257, 275 (D.D.C.2007) (expressly incorporating the elements of adverse inference doctrine found in *Battocchi v. Washington Hosp. Ctr.,* 581 A.2d 759, 765-66 (D.C.1990)); *Rice v. United States,* 917 F.Supp. 17, 20 (D.D.C.1996).

Based on the unambiguous language of his discovery responses, the Defendant had control over the YouTube channel. The evidence shows that the Defendant actually intended to delete and/or destroy the evidence (it was destroyed by him or at his direction). (Ex. 2, Answers #23 & 24: Ex. 3, pp. 124-125) Indeed, the Defendant does not claim that the evidence was lost due to inadvertence or neglect. He admits that he destroyed it himself. Rather, the Defendant essentially

asks that his destruction of the evidence should be "excused" because he purportedly deleted the video for safety reasons. However, it is more likely that the Defendant deleted the YouTube video (wearing the red and white jacket) because of his guilty state of mind; i.e. concealment of his identity and his involvement in the incident (like the flight of a defendant from the scene) is evidence of consciousness of guilt. The Defendant has other online social media presence (such as various Tai Chi video's and an online interview with *The David Shilling Show*). This belies the defendant's claim that he was afraid for his life and had to delete the YouTube video. https://www.youtube.com/watch?v=8P1fEEpES-k Other factors also weigh in favor of a finding that the Defendant acted with a culpable mindset. The Defendant has a graduate degree (in chiropractic medicine) and fancies himself to be an erudite expert on the brain and human health. (Ex. 3, pp. 26-27) He has written articles for national publications, and authored three (3) books with political and social themes (*Caesar Americus; Robot Archangel; The Theory of Everything*). (Ex. 3, pp. 34-37) In other words, he presents himself as a sophisticated individual who knows better.

Assuming *arguendo* that the Court were to find that the Defendant's destruction of the evidence was not intentional, the law permits an adverse inference instruction even where a party is merely negligent in failing to preserve evidence. "When the loss or destruction of evidence is not intentional or reckless, by contrast, the issue is not strictly "spoliation" but rather a failure to preserve evidence. The rule that a fact-finder may draw an inference adverse to a party who fails to preserve relevant evidence within his exclusive control is well established in this jurisdiction", *Battochi v Washington Hospital Center*, 581 A2d at 766 (1990).

## III The evidence is relevant

The YouTube video was relevant to the facts at issue in this case. The YouTube interview was posted online shortly after the events at issue in the Complaint. (See Ex. 1, date stamp of April 6, 2021). The Plaintiffs strongly believe that the Defendant deleted the YouTube video because it contained statements or other information that was not helpful to him. In his Premotion Notice, the Defendant argued that the issue of the Defendant's identity is not hotly contested in this case (and thus, the fact that the Defendant was wearing the same red and white motorcycle jacket in the YouTube video is cumulative and/or irrelevant). (ECF #74) Yet, Defendant *is* seriously disputing liability. In that regard, it is fair and appropriate for the Court to impose a measured sanction – an adverse jury instruction - based on the Defendant's destruction of relevant evidence in clear violation of the discovery rules.

Finally, the Court does not need to make a finding that the Plaintiffs were prejudiced by the Defendant's destruction of evidence. In that regard, the Committee Notes to Fed.R.Civ.P. 37 states as follows:

> Subdivision (e)(2) does not include a requirement that the court find prejudice to the party deprived of the information. This is because the finding of intent required by the subdivision can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position. Subdivision (e)(2) does not require any further finding of prejudice.

## CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that this Court enter the attached Order granted partial summary judgment, or in the alternative, finding that the Defendant intentionally destroyed evidence and that the Jury may properly infer that the evidence was not

favorable to him. In the tertiary alternative, Plaintiffs request that this Court conduct a pretrial evidentiary hearing to develop the record on spoliation.

*/s/ Richard J. Link*
David P. Weber, #468260
Richard J. Link, #443609
GOODWIN WEBER PLLC
11115 Lake View Ln, #1698
Berlin, MD 21811(301) 850-7600
David.weber@goodwinweberlaw.com
richard.link@goodwinweberlaw.com
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion, together with all attachments, was electronically served, this 9th day of May, 2025, to: Hughie Hunt, Esq. KEMET HUNT LAW GROUP, INC., 7845 Belle Point Drive, Greenbelt, MD 20705 hhunt@kemethuntlaw.com

*/s/ Richard J. Link*
Richard J. Link