**Exhibit** _2_

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| Erin Smith, et al | * | |
| Plaintiff | * | |
| Vs. | * | Case No: **1:21-CV-2170** |
| | | Judge |
| David Walls Kaufman | * | |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT KAUFMAN'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

**ANSWER: Defendant objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege and overly broad. Without waiving the foregoing objections and subject to them: Defendant does not possess any transcripts of testimony specifically related to the incident described in the Amended Complaint. or allegations involved here.**

18. If you are a registered user of Twitter ("X"), Facebook, LinkedIn, Instagram, Snapchat, Four Square, Pinterest, My Space, Tumblr or any other form or manner of social media, internet forum, blog or social network, please provide the following information: username and/or display as name.

   **ANSWER: Defendant objects to this interrogatory on the grounds that it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections and subject to them: Defendant closed his Facebook account shortly after public allegations were made, which resulted in numerous death threats. As of the time of this response, Defendant no longer uses Facebook. Defendant Facebook Account name was David Walls Kaufman. Defendant believes his Twitter handle is "DavidTaiChi," though he rarely, if ever, uses the platform. Defendant also recalls a historical MySpace account under the name "Land of Malls," though it has not been used for many years. Defendant does not actively use other social media platforms.**

19. At the time of the alleged incident did you or any other defendant or agent of the defendant have on your person any electronic devices, including but not limited to a cellular phone, video recorder, or body camera, or any other device?

   **ANSWER: Defendant objects to this interrogatory to the extent that it is overly**

broad and seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections and subject to them: At the time of the alleged incident, Defendant had a personal cellular phone on his person. No other electronic devices, such as a video recorder, body camera, or similar devices, were present.

20. If the answer to the previous interrogatory was affirmative provide the details of such devices including the type of device, brand, owner of such device, and the person who is in current possession of any such devices.

> ANSWER: Defendant objects to this interrogatory to the extent that it seeks information that may be irrelevant or immaterial to the claims in this case, requests information outside Defendant's custody and control, to the extent that this interrogatory seeks information about devices confiscated by the FBI. Without waiving the foregoing objections and subject to them: The device in question was an Apple iPhone, though I am uncertain of the specific model. This phone was confiscated by the FBI and has not been returned. Defendant does not have current possession or access to this device.

21. If the answer to interrogatory 19 was affirmative and included any cellular phones, please provide the phone number(s), the name of the carrier for each phone, and the name of the person who is the account holder of the phone, the account number for the phone.

> ANSWER: Defendant objects to this interrogatory to the extent that it seeks information that is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections and subject to them: The cellular phone in question was under AT&T service with the

Doc ID: befebbdf1400349489fe8b477234b7a4fa7f7e2d

number 202-547-3402. The account number is 418018786819.

22. If a cellular phone has been identified, please provide a copy of all data including, any text messages, emails, social media messages, photographs, videos, or any other type of digital media that relates to the alleged occurrence stored on cellular phones identified in question

> **ANSWER: Defendant objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information not relevant or proportional to the claims or defenses in this case, and seeks information beyond the Defendant's possession, custody, or control. Without waiving the foregoing objections and subject to them: The cellular phone in question, along with all text messages, photographs, and any other digital media stored on it, is currently in the possession of the FBI and was used as part of the investigation and prosecution in the related criminal case concerning parading and chanting. Defendant does not have access to or control over this phone or its contents at this time.**

23. Please indicate whether any cellular phone, electronic device, photograph, video, text message, email, social media, or other digital media is no longer in existence. If the answer 1s yes:

a. Describe the specific item, including a description of its content;

b. State in full and complete detail the reasons it is no longer in existence and the reason(s) why these items have been lost, deleted and/or destroyed.

> **ANSWER: Defendant objects to this interrogatory to the extent that it overly broad, unduly burdensome, and seeks information beyond the scope of relevance to the claims and defenses in this case. Without waiving the foregoing objections and subject to them: To the best of Defendant's knowledge, all materials are still**

Doc ID: befebbdf1400349489fe8b477234b7a4fa7f7e2d

in existence. However, Defendant removed one video from a personal Tai Chi site, which was unrelated to the alleged incident. This video, which discussed the "Theory of Everything," was taken down to protect Defendant's personal safety and privacy. The removal of this video was motivated by concerns over personal security and to avoid being easily identified by individuals who may pose a threat, not due to any relevance to the matters at hand in this case.

24. State in full and complete detail all steps taken by you (or on your behalf) to preserve all cell phone, video, social media, text, or other social digital media data from January 6, 2021, to the present.

   **ANSWER: Defendant objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Without waiving the foregoing objections and subject to them: To the best of Defendant's knowledge, all relevant cell phone, video, social media, text, and other digital media data related to the events of January 6, 2021, have been preserved. Defendant has taken no action to delete or destroy any relevant material, except for the removal of one unrelated video from a personal Tai Chi site, as previously stated. This video, which did not pertain to the alleged incident, was removed for personal safety and privacy reasons following public allegations and threats, not as part of any effort to destroy or conceal evidence. All other data remains intact, and Defendant has no motive to delete any material, as it is exculpatory in nature.**

25. If you contend that a person not party to this lawsuit acted in such a manner so as to cause or contribute to Jeffrey Smith's injuries and/or his death, set forth the name and address of each such person and give a concise statement of facts upon which you rely.

Doc ID: befebbdf1400349489fe8b477234b7a4fa7f7e2d

I SOLEMNLY affirm under the penalties of perjury that the contents of the foregoing are true and correct to the best of my knowledge, information and belief.

_____
David Chadwick Walls-Kaufman


Respectfully submitted,

**KEMET HUNT LAW GROUP, INC.**


/s/ Hughie D. Hunt
Hughie Hunt, Esq.
DC Bar# 483647
7845 Belle Point Drive
Greenbelt, MD 20770
301-982-0888
Attorney for Defendant, *David Walls-Kaufman*
hhunt@kemethuntlaw.com