UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIN SMITH, et al. | * |
|    Plaintiffs | * |
| v. | *   Case No. 21-CV-02170 |
| DAVID WALLS-KAUFMAN, et al | * |
|    Defendants | * |

## PLAINTIFFS' MEMORANDUM OF LAW

### Background

This civil case arises out of the events of January 6, 2021. Since that fateful day, Defendant David Walls-Kaufman was criminally charged, arrested, prosecuted, pled guilty and served his sentence. None of that is especially unusual. What is unusual, however, is that the Defendant is the beneficiary of a presidential pardon. On Friday April 18, 2025, the Court held a prehearing Motion conference in this case and made a passing reference to the potential impact of the pardon on the evidence that will be introduced at trial. Plaintiffs file this Memorandum of Law to offer their views on this topic.

### FACTS

1. In the case of *USA v Walls-Kaufman*, Case #22-CR-216, the Defendant knowingly and voluntarily pled guilty to the Charge of Parading, Demonstrating or Picking in a Capitol building under 40 USC §5104(e)(2)(G). (Ex. 2, 3)

1

2.  Walls-Kaufman was represented by counsel in the plea. (Ex. 3)

3.  At the time of his plea, Walls-Kaufman appeared before Judge Cobb who conducted a Rule 11 plea inquiry. (Ex. 2, 3)

4.  A final judgment of conviction was entered on June 13, 2023. (Ex. 2)

5.  As part of the plea, on January 18, 2023 Defendant signed a Statement of Offense in which he acknowledged that the "Statement of Facts" was true and accurate. (Ex. 1)

6.  In January 2025, the President granted a pardon to the Defendant (among others). (Ex. 4)

## ARGUMENT

### The Lingering Effect of the Defendant's Guilty Plea

The government prosecuted Walls-Kaufman for his conduct on January 6, 2021. He subsequently entered a guilty plea in 2023. In January 2025, the President granted a pardon to the Defendant. Notwithstanding the pardon, however, the Defendant's admissions in the criminal case are still binding on him in this civil case. To the extent that the Defendant admitted to certain <u>facts</u> in his criminal case, those facts are uncontroverted and properly admissible, notwithstanding the Presidential pardon.

On January 6, 2021, Walls-Kaufman and others unlawfully entered and remained on the premises of the US Capitol building without permission. Indeed, as part of his plea agreement, Defendant Walls-Kaufman admitted that he entered and remained in the US Capitol Building when he did not have permission to do so. (Ex. 1, *Statement of Facts, 8 – 12*)   The United States Code expressly prohibits individuals from trespassing on US Capitol property. 18 USC §1752; *United States v . Griffin,* Case #22-3042 (DC Cir. 2024).[1]   The United States Code also prevents individuals from parading, demonstrating and picketing on the US Capitol property. 40 USC §5104(e)(2)(G).[2]

The Defendant will likely argue that his criminal prosecution and conviction are irrelevant to the issues in this case because he was granted a presidential pardon.[3]   However, the pardon does not nullify the judicial admissions

---

[1] 18 USC §1752 (a)Whoever (1) knowingly enters or remains in any restricted building or grounds without lawful authority to do so . . . . or attempts or conspires to do so, shall be punished as provided in subsection (b).

[2] 40 USC 5104(e)(2)(G)
**(2)VIOLENT ENTRY AND DISORDERLY CONDUCT.**—An individual or group of individuals may not willfully and knowingly—

**(G)** parade, demonstrate, or picket in any of the Capitol Buildings.

[3]     Executives Order of 01/20/25.

      A PROCLAMATION

    A. This proclamation ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation.

that the Defendant made in the course of the criminal proceeding, nor does it negate the collateral consequences of a guilty finding. Indeed, while there are very few controlling legal precedents on the implication of a presidential pardon, the case law is clear that a pardon is not a finding of actual innocence. In *United States v Shaffer*, 240 F.3d 35 (D.C. Cir. 2001), the DC Circuit addressed the implications of a pardon. In *Shaffer*, President Clinton pardoned a cabinet official who had been prosecuted for corruption. The Court agreed that the pardons rendered the defendant's pending appeals to be moot. However, the Court explained that "a pardon does not, standing alone, render [the defendant] innocent of the alleged [bribery] violation." (*Id.* at 38). Twenty years later in *Lorance v. Commandant, US Disciplinary Barracks*, 13 F.4th 1150 (7th Cir. 2021), President Trump pardoned a US soldier who had been convicted in the murder of Afghan civilians. The Seventh Circuit agreed that the Defendant still suffered "collateral consequences" from the underlying conviction – notwithstanding the pardon. Thus, the Court held that the defendant's habeas petition would not be dismissed;

---

> Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, I do hereby:
>
> B.  *   *   *
>
> C. grant a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021.

the accused's acceptance of a pardon does not "have the legal effect of a confession of guilt." *Id.* In other words, the pardon does not nullify the collateral consequences of a criminal defendant's guilty finding.

## Judicial Admissions

The statements that Defendant Walls-Kaufman made in his criminal case constitute a judicial admission. A judicial admission is a formal concession or stipulation by a party or his counsel which are binding on the party. *Keeler v. United States*, 58 F.3d 1194 (7th Cir. 1995); *Schott v. Motorcycle Supply, Inc.* (1st Cir. 1992); *Belefonte R Ins. Co. v. Argonau Ins. Co.* 757 F.2d 523 (2d Cir. 1985). Thus, under the doctrine of judicial admission, Defendant Walls-Kaufman is bound by the statements he acknowledged when he entered his guilty plea.

## Estoppel

The related doctrines of judicial estoppel and collateral estoppel bar the re-litigation of facts that were already litigated in the prior criminal case. In *Jenkins v. District of Columbia*, 4 F. Supp. 3d 137 (D.D.C. 2013) the United States District Court for the District of Columbia explained as follows:

> The doctrines of judicial estoppel and collateral estoppel prohibit Ms. Coley from relitigating these admissions here. [ ] Judicial estoppel bars a party from taking a certain legal position in one proceeding and later, "simply because his interests have changed, assum[ing] a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

5

*Jenkins v. District of Columbia*, 4 F. Supp. 3d 137, 143 (D.D.C. 2013).

It is well established that a guilty finding in a criminal case will bar re-litigation of the <u>same facts</u> in a subsequent civil case. For example, in *Alsco Harvard Fraud Litigation*, 523 F. Supp. 790 (D.D.C. 1991) this court explained as follows:

> Defendants further argue that although a judgment after full litigation in a criminal case may, in some circumstances, conclusively establish liability for a related civil suit, a plea of guilty does not do so. Defendants' argument does find some support, especially by state courts or federal courts construing state law, but well-established principles of federal law hold that guilty pleas collaterally estop the future civil adjudication of issues necessarily admitted to by the plea. *See generally, Emich Motors v. General Motors,* <u>340 U.S. 558</u>, 568, <u>71 S.Ct. 408</u>, 413, *95 L.Ed. 534* (1951); *United States v. Podell,* <u>572 F.2d 31</u> (2nd Cir. 1978).

*Alsco Harvard Fraud Litigation*, 523 F. Supp. 790, 801-802 (D.D.C. 1991).\

However, the court also explained that the preclusive effect of a guilty plea is limited in scope:

> Just as it is clear that a guilty plea can collaterally estop the relitigation of certain issues in subsequent civil litigation, it also is clear that the estoppel extends only to those issues that were essential to the plea.
> *Alsco Harvard Fraud Litigation*, 523 F. Supp. at 802.

The court in *Alsco Harvard Fraud Litigation* said that it was appropriate to grant partial summary judgment to the plaintiffs on the issue of liability based on the preclusive effect of the defendant's prior guilty plea.

6

In the instant case, Walls-Kaufman signed a Statement of Offense. At all times relevant thereto, he was represented by competent counsel; the same counsel now representing him in this civil suit. Walls-Kaufman then appeared before another member of this Court who conducted a Rule 11 plea inquiry in which the Court was tasked with finding that the plea was knowing, intelligent and voluntary. The district court accepted the plea and entered judgment. Thus, there can be no dispute that the judicial admissions that Walls-Kaufman made in his criminal have preclusive effect in the instant case. Walls-Kaufman is bound by the factual allegations in the Statement of Offense.

## Analysis

Applying these principles to the case at bar, the implications of the Defendant's guilty plea are as follows:

1) The Defendant's conviction in Case #22-CR-216 is still a final judgment. No appeal was taken from that judgment, and no collateral petition has been filed to set it aside.

2) The presidential pardon neither confirms nor removes the Court's "finding" of guilt.

3) The Court's adjudication of guilt in the criminal case arises from a guilty plea; i.e. the defendant waived his Fifth Amendment rights and confessed.

7

Thus, Walls-Kaufman's criminal conviction is categorically different from those cases where the accused contested his guilt in trial (and in post-judgment proceedings).

4) Irrespective of any guilty finding by the Court in the criminal case, Walls-Kaufman admitted to certain conduct in the course of his criminal case, including scuffling with police officers. The pardon does not permit Walls-Kaufman to disavow those "judicial admissions" he made in the criminal case.

## **CONCLUSION**

In light of the foregoing, at trial Plaintiffs intend to use admissions that Defendant Walls-Kaufman made in his Statement of Offense as evidence.

          */s/ Richard J. Link*
David P. Weber, #468260
Richard J. Link, #443609
GOODWIN WEBER PLLC
11115 Lake View Ln, #1698
Berlin, MD 21811(301) 850-7600
David.weber@goodwinweberlaw.com
richard.link@goodwinweberlaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically served, this 9th day of May, 2025, to: Hughie Hunt, Esq. KEMET HUNT LAW GROUP, INC., 7845 Belle Point Drive, Greenbelt, MD 20705 hhunt@kemethuntlaw.com

          */s/ Richard J. Link*
Richard J. Link