**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| Erin Smith, et al | * | |
| Plaintiffs | * | |
| Vs. | * | Case No: **1:21-CV-02170 (FYP)** |
| David Walls Kaufman, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT DAVID WALLS KAUFMAN'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFFS' PSYCHIATRIC AUTOPSY EXPERTS ALEXANDER BARDEY, M.D., AND ALLY EPSTEIN, PSY.D.**

Defendant David Walls-Kaufman, by and through undersigned counsel, respectfully moves this Court for an order in limine excluding the testimony of Plaintiffs' designated experts, Dr. Alexander Bardey and Dr. Ally Epstein, both of whom offer psychiatric autopsy opinions regarding the alleged causation of Officer Jeffrey Smith's death. The proposed testimony is speculative, lacking a factual foundation, and contradicted by the Plaintiff's own admissions.

**INTRODUCTION**

Plaintiffs seek to introduce expert psychiatric testimony suggesting that Officer Smith suffered traumatic brain injuries, including visible head trauma, which allegedly led to depression, post-concussive syndrome, and suicide. However, Plaintiff Erin Smith admitted during her sworn deposition on March 6, 2025, that Officer Smith did not exhibit black eyes or facial bruising following the January 6 incident. This directly undermines the predicate physical findings on which the psychiatric autopsy opinions are based.

Further, the expert opinion of Dr. Bradley and Dr Epstein provide in pertinent part, "In summary, it is our opinion, within a reasonable degree of psychiatric and psychological certainty,

that Officer Smith suffered significant physical and psychological injuries as a direct result of his experiences on January 6, 2021, specifically the first physical assault at the hands of Dr. Wells-Kaufman, which gave way to acute suicidality, leading to his untimely demise." This opinion is an apparent attempt to connect Dr. Kaufman to the suicide of Officer Smith.

Dr Bardley and Epstein further opine, "After reviewing the available discovery, it is evident that Dr. Wells-Kaufman gained control of Officer Smith's baton. Taking into consideration the professional opinion of Mr. Fredericks, a certified forensic video analyst, as well as the image of Officer Smith's face timestamped after his altercation with Dr. Wells-Kaufman where there is dark discoloration under his eyes, the possibility exists that Dr. Wells-Kaufman used Officer Smith's baton to hit him in the face, causing bilateral periorbital ecchymosis (i.e., black eyes) resulting in a possible concussion." Again, in an apparent attempt to connect Dr. Kaufman to the assault and battery and again the suicide of Officer Smith.

## FACTUAL BACKGROUND

During her deposition on March 6, 2025, Plaintiff Erin Smith confirmed the following:

- She did not observe any bruising or black eyes on Officer Smith following the January 6 incident. (https://www.app.skribe.ai/clip/RpWsw055j5Hc0FpJr5Lsu)

- She has no firsthand knowledge of Officer Smith being struck in the face. See Exhibit E - Pl Depo. 21:3–15; 26:18–27:3; 96:7–11

  https://www.app.skribe.ai/clip/ddUG5hQ6Pc72pIDt0kTgg,

  https://www.app.skribe.ai/clip/Wh--ZXMBWY2g66G6VOlC7

- She relies exclusively on expert opinions and video analysis to support her claims. See Exhibit E - Pl Depo. 21:3–15; 26:18–27:3; 96:7–11

  https://www.app.skribe.ai/clip/ddUG5hQ6Pc72pIDt0kTgg,

https://www.app.skribe.ai/clip/Wh--ZXMBWY2g66G6VOlC7

These admissions undermine the factual basis upon which the psychiatric autopsy opinions of Dr. Bardey and Dr. Epstein rest. Their conclusions rely on the premise that Officer Smith sustained head trauma manifesting in visible facial injury, which then allegedly caused post-concussive syndrome, depression, and suicide. Without corroborative evidence of such physical trauma, their opinions amount to unsupported speculation and should be excluded.

## ARGUMENT

Under Federal Rule of Evidence 702, expert testimony must be based on sufficient facts or data. It must be the product of reliable principles and methods, and the expert must apply those principles and methods reliably to the facts of the case. Where an expert's opinion is based on assumptions contrary to the undisputed evidence, it must be excluded.

Here, both Dr. Bardey and Dr. Epstein assume physical trauma consistent with head injury, but the absence of corroborating evidence—photographic, medical, or testimonial—renders their opinions speculative. Plaintiff Erin Smith's admission that her husband exhibited no facial injuries post-incident is dispositive of this flaw. Further, the summary opinions of Dr. Bradley and Epstein are insufficient to establish causation for an assault and battery case or a wrongful death case.

The standard for Assault and Battery is stated as follows: "In every personal injury case, the plaintiff carries the burden of proving not only that he or she was injured but also that the defendant's tortious conduct caused the injury. See Manes v. Dowling, 375 A.2d 221, 224 (D.C. 1977). In the absence of "complicated medical questions," Jones v. Miller, 290 A.2d 587, 590 (D.C. 1972), the plaintiff's own testimony, without need for supporting expert medical testimony, will suffice to prove causation of injury. See id. "No complicated medical question" arises when:

(1) the injury " 'develops coincidentally with, or within a reasonable time after, the negligent act,' " or (2) " 'the causal connection is clearly apparent from the illness [or injury] itself and the circumstances surrounding it,' " or (3) " 'the cause of the injury relates to matters of common experience, knowledge, or observation of laymen.' " Id. at 590-91 (quoting Wilhelm v. State Traffic Safety Commission, 230 Md. 91, 92, 185 A.2d 715, 719 (1962); accord Early v. Wagner, 391 A.2d 252, 254 (D.C. 1978). International Sec. Corp. of Va. v. McQueen, 497 A.2d 1076, 1080 (D.C. 1985)

The standard for wrongful death is "In light of Burrage, we hold that the instructions given in Roy and in this case did not adequately convey to the jury the requirement that -- possibly barring unusual circumstances not present in this case -- a defendant cannot be held to have personally caused a death unless an action by the defendant is a but-for cause of the death, i.e., unless it is true that in the absence of the defendant's action the death would not have occurred. Fleming v. United States, 224 A.3d 213, 217 (DC 2020)

The opinions fail to establish causation as to assault and battery and wrongful death to any action of Dr Kaufman with any injury to Officer Smith. Further, the opinions are formed and based on the faulty opinion of Grant Fredericks (Plaintiff's Video Expert), who based his opinion on inadmissible open-source videos. Permitting such testimony would mislead the jury and unfairly prejudice the Defendant in violation of Federal Rule of Evidence 403, 702, and 703.

## **CONCLUSION**

For these reasons, Defendant respectfully requests that the Court enter an order precluding Plaintiffs from introducing the testimony of Dr. Alexander Bardey and Dr. Ally Epstein at trial.

Respectfully submitted,
**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
DC Bar # 486347
7845 Belle Point Drive
Greenbelt, MD 20770
301-982-0888
Attorney for Defendant, *David Walls Kaufman*
hhunt@kemethuntlaw.com

## POINTS AND AUTHORITIES

1. USCS Fed Rules Evid R 702.
2. Manes v. Dowling, 375 A.2d 221, 224 (D.C. 1977).
3. Jones v. Miller, 290 A.2d 587, 590 (D.C. 1972).
4. Wilhelm v. State Traffic Safety Commission, 230 Md. 91, 92, 185 A.2d 715, 719 (1962).
5. Early v. Wagner, 391 A.2d 252, 254 (D.C. 1978).
6. International Sec. Corp. of Va. v. McQueen, 497 A.2d 1076, 1080 (D.C. 1985).
7. Fleming v. United States, 224 A.3d 213, 217 (DC 2020).
8. USCS Fed Rules Evid R 703
9. USCS Fed Rules Evid R 403.
10. Forensic Psychiatric Autopsy, Dr. Alexander Bardey and Dr. Ally Epstein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th May 2025, a copy of the foregoing document was served electronically via this Court's electronic filing system upon Attorney for Plaintiff, Richard J. Link, and David P. Weber.

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.