**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| Erin Smith, et al | * | |
| Plaintiffs | * | |
| Vs. | * | Case No: **1:21-CV-02170 (FYP)** |
| David Walls Kaufman, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT DAVID WALLS-KAUFMAN'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS DR. PATRICK J. SHEEHAN**

Defendant David Walls-Kaufman respectfully moves this Court for an order in limine excluding the testimony of Plaintiffs' expert witness Dr. Patrick J. Sheehan under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). Dr. Sheehan's opinions are speculative, lack scientific reliability, and are not grounded in sufficient facts or data to support their admissibility at trial.

**INTRODUCTION**

Dr. Sheehan's expert report attributes Officer Jeffrey Smith's suicide on January 15, 2021, to psychological and neurological injuries allegedly sustained during the January 6, 2021 Capitol riot. Specifically, he diagnoses posthumous Post-Concussion Syndrome, post-traumatic headaches, and depression, concluding these were the proximate causes of suicide. However, Dr. Sheehan never treated or personally evaluated Officer Smith and relied exclusively on secondhand interviews, indirect accounts from the decedent's spouse, and medical notes that lack objective indicators of traumatic brain injury.

Further, the expert opinion of Dr. Sheehan provides, in pertinent part, "With a reasonable degree of medical probability, the proximate cause of his depression was the trauma that he experienced on January 6, 2021". "With a reasonable degree of medical probability, due to mental illness, depression, he lacked the substantial capacity to form an intention to cause his own death. Depression killed him". "With a reasonable degree of medical probability, Officer Jeffrey Smith, following his head injuries on January 6, 2021, developed a concussion with symptoms consistent with Post-Concussion Syndrome and Post-Traumatic Headaches." Notably, Dr Sheehan related the concussion to the metal object blow that Officer Smith suffered at the hands of a third party. (See Sheehan report pg 17,18, 19)

## FACTUAL BACKGROUND

During her deposition on March 6, 2025, Plaintiff Erin Smith confirmed the following:

- She did not observe any bruising or black eyes on Officer Smith following the January 6 incident. (https://www.app.skribe.ai/clip/RpWsw055j5Hc0FpJr5Lsu)
- Officer Smith did not note any assault in his injury report or any of his medical records. See Exhibit A - MPD Injury Illness Report and Exhibit B - Medical Records.
- She has no firsthand knowledge of Officer Smith being struck in the face. See Exhibit E - Pl Depo. 21:3–15; 26:18–27:3; 96:7–11

  https://www.app.skribe.ai/clip/ddUG5hQ6Pc72pIDt0kTgg,

  https://www.app.skribe.ai/clip/Wh--ZXMBWY2g66G6VOlC7
- She relies exclusively on expert opinions and video analysis to support her claims. See Exhibit E - Pl Depo. 21:3–15; 26:18–27:3; 96:7–11

https://www.app.skribe.ai/clip/ddUG5hQ6Pc72pIDt0kTgg,

https://www.app.skribe.ai/clip/Wh--ZXMBWY2g66G6VOlC7

These admissions undermine any attempt to use Dr. Sheehan's expert opinion to establish a causal connection between any action of Dr Kaufman as the cause of any injury to Officer Smith. Without corroborative evidence of such conclusion, his opinion amounts to unsupported speculation and should be excluded. Plaintiff's own statements and Officer Smith's medical records contradict this, referencing only a generalized blow to the face from a metal object as the cause of his injury.

## ARGUMENT

Under Federal Rule of Evidence 702, expert testimony must be based on sufficient facts or data. It must be the product of reliable principles and methods, and the expert must apply those principles and methods reliably to the facts of the case. Where an expert's opinion is based on assumptions contrary to the undisputed evidence, it must be excluded. The summary opinions of Dr. Sheehan are insufficient to establish causation for an assault and battery case or a wrongful death case.

The standard for Assault and Battery is stated as follows: "In every personal injury case, the plaintiff carries the burden of proving not only that he or she was injured but also that the defendant's tortious conduct caused the injury. See Manes v. Dowling, 375 A.2d 221, 224 (D.C. 1977). In the absence of "complicated medical questions," Jones v. Miller, 290 A.2d 587, 590 (D.C. 1972), the plaintiff's own testimony, without need for supporting expert medical testimony, will suffice to prove causation of injury. See id. "No complicated medical question" arises when: (1) the injury " 'develops coincidentally with, or within a reasonable time after, the negligent act,' " or (2) " 'the causal connection is clearly apparent from the illness [or injury] itself and the

circumstances surrounding it,' " or (3) " 'the cause of the injury relates to matters of common experience, knowledge, or observation of laymen.' " Id. at 590-91 (quoting Wilhelm v. State Traffic Safety Commission, 230 Md. 91, 92, 185 A.2d 715, 719 (1962); accord Early v. Wagner, 391 A.2d 252, 254 (D.C. 1978). International Sec. Corp. of Va. v. McQueen, 497 A.2d 1076, 1080 (D.C. 1985).

The standard for wrongful death is "In light of Burrage, we hold that the instructions given in Roy and in this case did not adequately convey to the jury the requirement that -- possibly barring unusual circumstances not present in this case -- a defendant cannot be held to have personally caused a death unless an action by the defendant is a but-for cause of the death, i.e., unless it is true that in the absence of the defendant's action the death would not have occurred. Fleming v. United States,  224 A.3d 213, 217  (DC 2020).

Dr. Sheehan rendered his psychiatric conclusions without ever examining or interviewing Officer Smith. Instead, his opinions rely entirely on interviews with Officer Smith's widow and family, unsupported by contemporaneous psychiatric or neurological records.

The MPD Police & Fire Clinic records from January 6 and January 14, 2021, do not document any signs of altered mental status, memory loss, or neurological symptoms consistent with traumatic brain injury. Officer Smith was alert, oriented, and in normal affect according to his evaluators. See Exhibit A - MPD Injury Illness Report and Exhibit B - Medical Records.

Erin Smith confirmed in her deposition that she observed no visible trauma, such as bruising or black eyes, to Officer Smith following January 6. This admission directly contradicts Dr. Sheehan's theory that Officer Smith sustained a blow sufficient to cause a concussion. See https://www.app.skribe.ai/clip/RpWsw055j5Hc0FpJr5Lsu.

Dr. Sheehan's report is a psychological autopsy—a controversial and often inadmissible method that retroactively speculates on a decedent's mental state. Dr. Sheehan's opinions fail to connect any action of Dr Kaufman with any injury to Officer Smith. Permitting such testimony would mislead the jury and unfairly prejudice the Defendant in violation of Federal Rule of Evidence 403, 702, and 703.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court exclude the testimony of Dr. Patrick J. Sheehan in its entirety.

Respectfully submitted,
**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
DC Bar # 486347
7845 Belle Point Drive
Greenbelt, MD 20770
301-982-0888
Attorney for Defendant, *David Walls Kaufman*
hhunt@kemethuntlaw.com

## POINTS AND AUTHORITIES

1. USCS Fed Rules Evid R 702.
2. Manes v. Dowling, 375 A.2d 221, 224 (D.C. 1977).
3. Jones v. Miller, 290 A.2d 587, 590 (D.C. 1972).
4. Wilhelm v. State Traffic Safety Commission, 230 Md. 91, 92, 185 A.2d 715, 719 (1962).
5. Early v. Wagner, 391 A.2d 252, 254 (D.C. 1978).
6. International Sec. Corp. of Va. v. McQueen, 497 A.2d 1076, 1080 (D.C. 1985).
7. Fleming v. United States, 224 A.3d 213, 217 (DC 2020).
8. USCS Fed Rules Evid R 703.
9. USCS Fed Rules Evid R 403.
10. Forensic Medical Report, Patrick J. Sheehan, M.D.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th May 2025, a copy of the foregoing document was served electronically via this Court's electronic filing system upon Attorney for Plaintiff, Richard J. Link, and David P. Weber.

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.