## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| Erin Smith, et al | * | |
| Plaintiffs | * | |
| Vs. | * | Case No: **1:21-CV-02170 (FYP)** |
| David Walls Kaufman, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT DAVID WALLS-KAUFMAN'S MOTION IN LIMINE TO EXCLUDE OPEN-SOURCE VIDEO EVIDENCE RELIED UPON BY PLAINTIFFS' EXPERT WITNESSES

Defendant David Walls-Kaufman respectfully moves this Court for an order in limine excluding open-source video footage relied upon by Plaintiffs' expert witnesses in support of their claims against Defendant. These videos include materials identified as publicly available recordings of the January 6, 2021 events, including the "John Sullivan/Jade Sacker FULL UNEDITED VIDEO Capitol Riot.mp4" and other unverified online media. https://drive.google.com/drive/folders/1Muuo66Ra1T9-8squEM-Fl6iaJF_5lcuG?usp=sharing, Open Source Videos

### INTRODUCTION

Plaintiffs and their experts rely heavily on open-source videos of unknown origin to establish critical allegations of physical assault by Defendant Walls-Kaufman on Officer Jeffrey Smith. These videos are unauthenticated, unverified, and lack the foundational guarantees of reliability necessary for admissibility. Allowing this footage to be presented to the jury—particularly when used to support expert conclusions—poses a substantial risk of prejudice, confusion, and misleading inference.

## ARGUMENT

Under Federal Rules of Evidence 901 and 403, video evidence must be properly authenticated and shown to be what its proponents claim. Federal Rule of Evidence 901 provides in pertinent part, "(a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." USCS Fed Rules Evid R 901

. Further, under Rule 403, even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice or misleading the jury.

The open-source videos offered by Plaintiffs fall short of these standards:

- There is no evidence of the chain of custody or who recorded the footage.
- There are no assurances that the footage has not been edited, compressed, or manipulated.
- Plaintiffs' expert, Grant Fredericks, did not verify the provenance of the videos but instead relied on material provided by counsel.
- The footage is of inconsistent quality, subject to digital artifacts, and lacks embedded metadata from a secure or official source.

Given these defects, the videos cannot form the basis for admissible evidence, much less support the speculative conclusions of expert witnesses. Courts routinely exclude unauthenticated digital content where the risk of manipulation or misattribution is significant.

## CONCLUSION

Because the open-source video evidence lacks authentication, provenance, and reliability, and because its use would unfairly prejudice the Defendant, the Court should exclude its admission under Rules 901 and 403.

Respectfully submitted,
**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
DC Bar # 486347
7845 Belle Point Drive
Greenbelt, MD 20770
301-982-0888
Attorney for Defendant, *David Walls Kaufman*
hhunt@kemethuntlaw.com

### POINTS AND AUTHORITIES

1. USCS Fed Rules Evid R 901.
2. USCS Fed Rules Evid R 403.
3. https://drive.google.com/drive/folders/1Muuo66Ra1T9-8squEM-Fl6iaJF_5lcuG?usp=sharing, Open Source Videos

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th May 2025, a copy of the foregoing document was served electronically via this Court's electronic filing system upon Attorney for Plaintiff, Richard J. Link, and David P. Weber.

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.