**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| Erin Smith, et al | * | |
| Plaintiffs | * | |
| Vs. | * | Case No: **1:21-CV-02170 (FYP)** |
| David Walls Kaufman, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT DAVID WALLS-KAUFMAN'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant David Walls-Kaufman respectfully submits this reply in support of his Motion for Summary Judgment. Plaintiffs' opposition fails to create a genuine dispute of material fact with respect to any of their claims. Plaintiffs rely on speculative expert opinions, ambiguous video interpretations, and theories unsupported by medical records or witness testimony.

**I.   NO GENUINE DISPUTE OF FACT REGARDING ASSAULT AND BATTERY CLAIM**

Plaintiffs' claim of assault and battery rests entirely on Grant Fredericks' interpretation of low-quality video footage. Fredericks did not witness the incident, did not authenticate the open-source video, and relied on the Plaintiffs' identification of participants. Plaintiff Erin Smith admitted in her deposition that (a) she observed no bruising or facial injuries on Officer Smith; (b) Officer Smith never identified Kaufman as his assailant; and (c) she has no firsthand knowledge of any assault. The only evidence of an actual assault is Officer Smith's self-report that he was struck with a "metal object" by an unidentified person—clearly not Defendant Kaufman.

II.   **PLAINTIFFS FAIL TO ESTABLISH CAUSATION FOR WRONGFUL DEATH**

Expert testimony from Drs. Bardey and Arden fail to establish that Defendant Kaufman's alleged actions were a substantial factor in Officer Smith's suicide. Their opinions are speculative and derive largely from Fredericks' unauthenticated video analysis. Even if one accepted the Plaintiffs' version of events, Officer Smith was later struck in the head by an unrelated metal object—a fact acknowledged by all experts. Plaintiffs' causation theory improperly requires the jury to infer that Kaufman's supposed baton strike, not the later confirmed head injury, triggered a fatal psychological decline and led to his untimely demise. Under Fleming v. United States, 224 A.3d 213 (D.C. 2020), wrongful death claims require "but-for" causation. Plaintiffs' experts cannot make this showing.

Further, "the general rule in the District of Columbia is that a plaintiff may not recover damages in negligence from the suicide of another. District of Columbia v. Peters, 527 A.2d 1269, 1275–76 (D.C. 1987). "[S]uicide generally is considered to be a deliberate, intentional, and intervening act which precludes a finding that a given defendant is, in fact, responsible for the decedent's death." Washington Metro. Area Transit Auth. v. Johnson, 726 A.2d 172, 181–82 (D.C. 1999) (quoting Peters, 527 A.2d at 1275; see also Johnson v. Wal–Mart Stores, Inc., 587 F.Supp.2d 1027 (C.D.Ill.2008) ( "[S]uicide is an intervening and independent cause of death which breaks the chain of causation and precludes its liability in this case.") (internal citations omitted)).Rollins v. Wackenhut Servs., 802 F. Supp. 2d 111 (D. D.C. 2011)

The Plaintiffs have offered no evidence that the alleged assault caused an "irresistible impulse" for Officer Smith to commit suicide. "The plaintiff must prove that the defendant's action caused a mental condition, illness, or insanity, which resulted in the decedent's having an irresistible or uncontrollable impulse to commit suicide "in the sense that the decedent could not

have decided against and refrained from killing himself, and because of such uncontrollable impulse, the decedent committed suicide." Orcutt v. Spokane County, 364 P.2d 1102, 1105, 58 Wash.2d 846, ___, (1961) (en banc).6 District of Columbia v. Peters, 527 A.2d 1269 (D.C. 1987). The Plaintiff has plainly failed to connect any action of Dr. Kaufman to the death of Jeffery Smith.

The Plaintiff has failed to show that any action on the part of the Defendant Kaufman was a substantial factor in the death of Officer Smith. In short, the Plaintiffs have failed to establish proximate cause in this matter. "The District of Columbia Court of Appeals "has defined proximate causation as that cause which, in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." District of Columbia v. Zukerberg, 880 A.2d 276, 281 (D.C. 2005) (internal quotation marks and citation omitted). "[U]nder [the] proximate cause analysis, an actor whose conduct is a substantial factor in bringing about harm shall be liable in negligence ... for[, inter alia,] harm foreseeably attributable to his or her conduct." White, 780 F.2d at 106 (internal quotation marks, ellipses, and footnote omitted). "An intervening negligent or criminal act breaks the chain of causation if it is not reasonably foreseeable .... [and] there is no proximate causation when the sequence of events leading to an injury is highly extraordinary in retrospect." McKethean, 588 A.2d at 716 (internal quotation marks and citations omitted). Proximate cause may be demonstrated by "either direct or circumstantial evidence." Zukerberg, 880 A.2d at 281 (citation omitted). Smith v. Hope Village, Inc., 481 F.Supp.2d 172 (D. D.C. 2007)

The Metal object breaks the chain of causation as well as the suicide of Officer Smith. The Plaintiffs' claims fail as a matter of law.

## III. CONSPIRACY AND AIDING/ABETTING CLAIMS ARE FACTUALLY UNSUPPORTED

There is no evidence of an agreement or common purpose between Kaufman and co-defendant Taranto. Plaintiff admitted she had no evidence that they ever met or communicated. Their simultaneous presence in the Capitol does not establish a conspiracy on its own does not establish a conspiracy. Mere proximity and parallel conduct are insufficient to prove a conspiracy. See Weishapl v. Sowers, 771 A.2d 1014, 1024 (D.C. 2001).

## CONCLUSION

No reasonable jury could find, based on the record, that Kaufman committed battery, caused Officer Smith's suicide, or participated in any conspiracy. Summary judgment should be granted in favor of Defendant David Walls-Kaufman on all claims.

Respectfully submitted,
**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
DC Bar # 486347
7845 Belle Point Drive
Greenbelt, MD 20770
301-982-0888
Attorney for Defendant, *David Walls Kaufman*
hhunt@kemethuntlaw.com

## POINTS AND AUTHORITIES

1. Fleming v. United States, 224 A.3d 213 (D.C. 2020).
2. District of Columbia v. Peters, 527 A.2d 1269, 1275–76 (D.C. 1987).
3. Washington Metro. Area Transit Auth. v. Johnson, 726 A.2d 172, 181–82 (D.C. 1999).
4. Johnson v. Wal–Mart Stores, Inc., 587 F.Supp.2d 1027 (C.D.Ill.2008).
5. Rollins v. Wackenhut Servs., 802 F. Supp. 2d 111 (D. D.C. 2011).
6. Orcutt v. Spokane County, 364 P.2d 1102, 1105, 58 Wash.2d 846 (1961).
7. District of Columbia v. Zukerberg, 880 A.2d 276, 281 (D.C. 2005).
8. White, 780 F.2d at 106.
9. McKethean, 588 A.2d at 716.
10. Smith v. Hope Village, Inc., 481 F.Supp.2d 172 (D. D.C. 2007).
11. Weishapl v. Sowers, 771 A.2d 1014, 1024 (D.C. 2001)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th May 2025, a copy of the foregoing document was served electronically via this Court's electronic filing system upon Attorney for Plaintiffs, Richard J. Link, and David P. Weber.

      /s/ Hughie D. Hunt
      Hughie D. Hunt, Esq.