IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Erin Smith, et al | * | |
| Plaintiffs | * | |
| Vs. | * | Case No: **1:21-CV-02170 (FYP)** |
| David Walls Kaufman, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT DAVID WALLS-KAUFMAN'S SECOND MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS DR. JONATHAN L. ARDEN**

Defendant David Walls-Kaufman respectfully moves this Court in limine for a second time to preclude the trial testimony of Plaintiffs' expert Dr. Jonathan Arden. This motion supplements Defendant's earlier motion to exclude Dr. Arden's testimony and now also challenges Dr. Arden's Second Supplemental Expert Report, dated June 1, 2025, which materially departs from his original expert disclosure and attempts to inject new theories and conclusions weeks before trial—without reliance on any new facts or evidence.

**INTRODUCTION**

Dr. Arden's latest report, served late in the litigation, seeks to modify his opinions on the causation of Officer Jeffrey Smith's death in a manner that is untimely, prejudicial, and unsupported. The Second Supplemental Expert Report does not rely on any newly discovered evidence or data but reinterprets the same open-source video, social history, and hearsay psychiatric conclusions already available to him when he issued his prior report. This constitutes a late-stage and impermissible change in testimony.

## ARGUMENT

**A. Dr. Arden's Second Supplemental Report Improperly Changes His Opinion Without New Evidence**

The Second Supplemental Report introduces substantial revisions to Dr. Arden's prior conclusions, including his characterization of the mechanism of injury now claiming a traumatic brain injury and his assessment of the causal link between Officer Smith's physical encounter with Dr Kuafman and subsequent suicide. These revisions are not based on new materials or medical data, but rather a revised interpretation of the same sources previously available to him. Such alterations represent a shift in strategy, not a correction of error or an update based on newly available facts. See Exhibit A - Dr. Arden's Second Supplemental Report.

Federal Rule 26 provides in pertinent part, "-if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case."

Federal Rule of Civil Procedure 26(e)(2) strictly limits the scope of permissible supplementation. Supplementation is intended to correct inaccuracies or include information that was unavailable at the time of the initial report. The <u>Minebea</u> Court dealt with a similar situation and denied the Plaintiff's attempt to supplement its report.

"Rule 26(e)(1) provides a limited exception to the deadlines provided in Rule 26(a)(2)(C), requiring that an expert witness supplement his report if he "learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing. "Fed.R.Civ.P. 26(e)(1). Contrary to the suggestion of Minebea in its Motion for Leave to Supplement, Rule 26(e) does not permit parties to file supplemental reports whenever they believe such reports would be "desirable" or "necessary" to their case. Rather, the Rule permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report. Keener v. United States, 181 F.R.D. at 640; Coles v. Perry, 217 F.R.D. at 3 ("Fed.R.Civ.P. 26(e) does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect."). Specifically, supplemental reports are permitted under Rule 26(e)(1) only in the following situations: (1) upon court order; (2) when the party learns that the earlier information is inaccurate or incomplete; or (3) when answers to discovery requests are inaccurate or incomplete. Keener v. United States, 181 F.R.D. at 640. Minebea's liberal interpretation of Rule 26(e) would contradict the purpose of Rule 26(a)(2) and Rule 37(c)(1), which specifically prevent further disclosures of expert testimony as trial approaches." Minebea Co. v. Papst, 231 F.R.D. 3, 6 (D.D.C. 2005)

## B. The Supplemental Report Is Prejudicial and Untimely

Dr. Arden's revised opinion was disclosed on June 1st, 2025, 15 days before trial, depriving the Defendant of a fair opportunity to depose him on the new content, retain responsive experts, or seek other discovery. Defendant has conducted his pretrial strategy—including motions, witness examinations, and expert disclosures—based on the original report. Last-minute alterations to a key liability expert's conclusions are manifestly unfair and prejudicial. See Exhibit A - Dr. Arden's Second Supplemental Report.

This surprise change undermines the principles of fair notice and procedural integrity central to Rule 26 and to effective trial management. Where, as here, late supplemental disclosures cause harm to the opposing party's trial preparation and litigation posture, exclusion is warranted.

## C. The New Theories Are Still Speculative and Unreliable

Even assuming the supplemental disclosure was timely, Dr. Arden's opinion remains speculative. The revised theory of causation relies on behavioral and psychological inferences from ambiguous evidence, such as open-source videos, social media posts, and retrospective interpretations of Officer Smith's mental state that have been excluded by this court (Dr Sheehan's report). There is still no autopsy, CT scan, or medical imaging supporting a traumatic brain injury. No treating physician or pathologist has ever diagnosed Officer Smith with such trauma. The record contains no contemporaneous documentation of injury indicative of head trauma or facial bruising. Erin Smith herself testified that Officer Smith displayed no visible injuries, including no black eyes.

Rule 702 demands that expert opinions be based on sufficient facts and reliable principles and methods. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). Dr. Arden's opinion fails this standard, offering conclusory assertions drawn from inference and speculation—not demonstrable medical findings.

### D.  The Testimony Should Also Be Excluded Under Rule 403

Even if the testimony met the basic reliability threshold, it should still be excluded under Rule 403. Presenting a revised expert theory on the eve of trial—unsupported by forensic pathology and based primarily on subjective interpretation—poses a grave risk of misleading the jury.

The jury may wrongly believe Dr. Arden's evolving narrative reflects a stronger factual foundation. In reality, the report merely reinterprets prior data through a litigation-driven lens. The prejudicial effect of allowing such testimony—particularly in a case where causation is hotly disputed and the stakes are substantial—far outweighs any marginal probative value.

### CONCLUSION

Because Dr. Arden's second supplemental expert report constitutes an untimely and improper change of opinion without new evidence, and because the underlying opinions remain speculative and prejudicial, Defendant respectfully requests that the Court exclude Dr. Jonathan Arden's trial testimony and expert report in its entirety; and preclude Plaintiffs from referencing or relying upon the Second Supplemental Expert Report in any proceeding before the jury.

        Respectfully submitted,
        **KEMET HUNT LAW GROUP, INC.**

        /s/ Hughie D. Hunt
        Hughie D. Hunt, Esq.
        DC Bar # 486347
        7845 Belle Point Drive
        Greenbelt, MD 20770
        301-982-0888
        Attorney for Defendant, *David Walls Kaufman*
        hhunt@kemethuntlaw.com

## POINTS AND AUTHORITIES

1. Federal Rule of Civil Procedure 26.
2. Keener v. United States, 181 F.R.D. at 640.
3. Coles v. Perry, 217 F.R.D. at 3.
4. Minebea Co. v. Papst, 231 F.R.D. 3, 6 (D.D.C. 2005).
5. USCS Fed Rules Evid R 702.
6. USCS Fed Rules Evid R 403.
7. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993).

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 3rd day of June 2025, a copy of the foregoing document was served electronically via this Court's electronic filing system upon Attorney for Plaintiff, Richard J. Link, and David P. Weber.

        /s/ Hughie D. Hunt
        Hughie D. Hunt, Esq.