UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, et al. | * | |
|     Plaintiffs | * | |
| v. | * | Case No. 21-CV-02170 |
| DAVID WALLS-KAUFMAN, et al | * | |
|     Defendants | * | |

## PLAINTIFFS' PRAECIPE REQUESTING A RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR SANCTIONS (ECF#83)

Almost a month ago, Plaintiffs filed a Motion for Sanctions based on spoliation; i.e. the Defendant's failure to preserve a YouTube video that was referenced in the Complaint. The Plaintiffs sought the sanction of partial summary judgment or an adverse jury instruction. The Defendant filed an Opposition claiming that the evidence had not been destroyed and that he had merely removed the video from YouTube. This opposition was directly contrary to Defendant's own sworn testimony in deposition in this case. (It was also contrary to statements made in his criminal case, including a search warrant return by Google indicating that it did not exist from YouTube as it had been deleted). Plaintiffs then filed a reply, and the motion was fully briefed. After that, on May 29, 2025 (on the evening prior to the motions hearing here), Defendant provided a link of what purports to be the missing video. The court deferred ruling on the pending motion, requesting that counsel review the purported video. The Plaintiffs respectfully aver that the Plaintiffs Motion for Sanctions be addressed in the following context:

    A. The Defendant has now filed a renewed Motion in Limine as it pertains to the Plaintiffs' expert witness, Dr. Jonathan Arden. (ECF #103) Defendant argues that he has been prejudiced by the late disclosure of Dr. Arden's "new opinion," an argument that is completely false and meritless.

    B. Plaintiffs strongly deny that there has been any material change in the substance of Dr. Arden's opinion (see the Plaintiff's Opposition to the Second Motion in Limine). Also, Defendant's concealment of evidence (in the form of the video) evinces culpable misconduct under the discovery rules. There <u>was no comparable misconduct or concealment as it pertains to the medical opinion of Dr. Arden.</u> Dr. Arden had relied on the opinion of Dr. Bardey in formulating his opinion. After the court excluded Dr. Bardey (the psychiatrist), Plaintiffs asked Dr. Arden to clarify his

1

opinion as to the nexus between the TBI, the physical injury and suicidality, in part based upon the court's own suggestion regarding the same. There is no factual basis for any of the Defendant's allegations of discovery misconduct in regards to Dr. Arden's supplemental report.

C. Counsel have now reviewed the newly-disclosed video. As noted in the opposition to Defendant's second motion in limine, it is impossible, at this late hour, to determine if the video provided is the same video, whether the video has been altered, or the facts and circumstances surrounding the discovery abuse, including the Defendant's assistant magically finding the video despite the passage of years, the criminal case, an FBI search warrant, statements by Google in the criminal case that it was deleted, and Defendant's own sworn testimony in deposition in this case that the video was destroyed. The Plaintiffs have been prejudiced.

D. A reasonable sanction for the Defendant's misconduct is to permit Dr. Arden's second supplemental report of June 1, 2025, as well as any other sanctions the court seems fit, including an adverse inference instruction to the jury. It would be unfair and inequitable to allow Defendant's actions to go unchecked while Plaintiffs have complied with discovery, the rules and the law throughout this case.

    /s/ *David P. Weber*
David P. Weber, #468260
Richard J. Link, Esq.
GOODWIN WEBER PLLC
11115 Lake View Ln, #1698
Berlin, MD 21811(301) 850-7600
David.weber@goodwinweberlaw.com
richard.link@goodwinweberlaw.com
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically served, this 4th day of June, 2025, to: Hughie Hunt, Esq. KEMET HUNT LAW GROUP, INC., 7845 Belle Point Drive, Greenbelt, MD 20705  hhunt@kemethuntlaw.com

    /s/ *David P. Weber*
David P. Weber