UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                          *

      Plaintiffs                          *

v.                                          *    Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al                  *

      Defendants                          *

**JOINT PRETRIAL STATEMENT**

1.    **Parties and Counsel**

Plaintiffs are Erin Smith (both individually, and as the Personal Representative of the Estate of Jeffrey L. Smith)

Lead Counsel for Plaintiffs

Dr. David P. Weber
Goodwin Weber PLLC
11115 Lake View Ln, #1698
Berlin, MD 21811
(301) 850-7600
david.weber@goodwinweberlaw.com

Additional Counsel for Plaintiffs:

Richard J. Link
Goodwin Weber PLLC
1115 Lake View Ln, #1698
Berlin, MD 21811
(301) 850-7600
richard.link@goodwinweberlaw.com

Lead Counsel for Defendant:

Hughie Hunt
Kemet Hunt Law Group, Inc.
7845 Belle Point Drive
Greenbelt, MD 20705
(301) 982-0888
hhunt@kemethuntlaw.com

2.    **Nature of the Case**

On January 6, 2021, Metropolitan Police Officer Jeffrey L. Smith (the Decedent) was assigned to the Civil Disturbance Unit and was assigned to remove individuals from inside the U.S. Capitol Building. Defendant David Walls-Kaufman was inside U.S. Capitol Building. Officer Smith and his fellow officers were pushing the crowd to the doors on the Upper House side of the building immediately following the shooting of Ashli Babbitt. At approximately 3:00 pm, a scuffle ensued. Plaintiffs allege that Defendant Walls-Kaufman grabbed Officer Smith's police baton and intentionally struck him in the face, head, and chest region. Plaintiffs contend that Officer Smith suffered from physical and emotional injuries as a result of the incident. Defendant denies these allegations, denies that an assault occurred and contends that any contact occurred in context of a melee. Defendant denies that Jeffrey Smith suffered from physical or emotional injuries. Defendant maintains that Officer Smith's injuries (if any) were caused by another incident on January 6, 2021, in which a metal pole struck Officer Smith in the face and head region later that day. The individual who threw the metal pole is not a party to this case. Co-Defendant Taylor Taranto, whose case was severed, is accused of conspiring, aiding, and abetting Kaufman, among other ways, by successfully freeing Kaufman from seizure and arrest by a member of the U.S. Capitol Police after Kaufman struck Smith. That officer grabbed

Kaufman in an attempt to detain him, and Taranto broke Kaufman away from the police and allowed Kaufman to escape.

Defendant's nature of the Case, Defendant Kaufman was exiting the capitol at the direction of the MPD officers when another individual caused a scuffle and the police officers rushed to push all of the remaining individuals out of the Capitol. Defendant Kaufman was pushed out of the Capitol and denies being involved in any intentional assault and battery or any incident with Jeffrey Smith.

3.    **Length of Trial**.

Plaintiffs believe that it will take 2.5 days to present their case-in-chief, and 3 days to present if required to call the witnesses to develop the social history of Officer Smith.

Defendant believes his defense shall take less than one day.

4.    **Claims and/or Defenses**

Plaintiffs' Claims:    All of Plaintiffs' arise under this Court's diversity jurisdiction.  The claims are as follows:

1.    Assault & Battery.    Plaintiffs allege that Defendant intentionally struck Officer Smith with the police baton that caused Jeffrey Smith to suffer significant physical and emotional injuries.  Before January 6, 2021, Officer Smith was in good physical health and had no mental health history.  After January 6, 2021, there were significant changes in Officer Smith's mood and behavior.  Plaintiffs have sued for the pain and suffering that Officer Smith endured between January 6, 2021 and January 15, 2021 (survival action), to include the fear, pain and injury he suffered at the hands of Defendant Kaufman both on that day and the days following.   Erin Smith has filed this action both as the surviving widow and the Personal Representative of the Estate of Officer Smith and seeks compensatory and punitive damages.

2.      Wrongful Death.      Plaintiffs allege that the intentional assault and battery caused a physical and emotional injury in Officer Smith that led him to take his own life on January 15, 2021.  Erin Smith has filed this action as the surviving widow of Officer Smith, and seeks compensatory and punitive damages.  Defendant contends that he did not cause or contribute to Officer Smith's death.

3.      Conspiracy and Aiding & Abetting:  Plaintiffs allege that Co-Defendant Taylor Taranto and Defendant Walls-Kaufman were involved in an unlawful conspiracy (entering the US Capitol while the election certification process was underway) and that the assault was an "overt action" in furtherance of the conspiracy.  In  addition, the Defendants contend that Co-Defendant Taylor Taranto aided and abetted Defendant Kaufman, among other ways, by successfully freeing Kaufman from seizure and arrest by a member of the U.S. Capitol Police after Kaufman struck Smith.  That officer grabbed Kaufman in an attempt to detain him, and Taranto broke Kaufman away from the police and allowed Kaufman to escape.

        Defenses:

1.  Denial of all material allegations of assault and battery and causation of any injuries.

2.  No personal interaction with or knowledge of Jeffrey Smith.

3.  Lack of proximate causation linking any alleged act to Officer Smith's suicide.

4.  Insufficiency of expert testimony on causation of wrongful death

5.  Reliance on speculative and unverified video interpretation.

4.      **Undisputed Issues/Stipulations**

        1.      Jeffrey Smith and Erin Smith were married to one another on February 2, 2019.

2.      Jefrey Smith was a police officer with the Metropolitan Police department from July 7, 2008 until January 15, 2021.

3.      On January 6, 2021, Jeffrey Smith was assigned to the US Capitol

7.      On January 15, 2021 Jeffrey Smith died from a self-inflicted gunshot wound while driving from his home to work.

8.      Erin Smith is the duly-appointed Personal Representative of the Estate of Jeffrey L. Smith.

5.  **Witness Schedule:**

Plaintiffs' Witness Schedule is attached.

Defendant's Witness Schedule is attached.

6.  **Exhibit List:**

Plaintiffs' Exhibit List is attached.

Defendant's Exhibit List is attached.

7.  **Deposition Testimony:**

David Walls-Kaufman

Defendant reserves objection to all deposition testimony.

| | Page Line | Objection | F.R.Ev. | Response to Objection | Sustained | Overruled |
|---|---|---|---|---|---|---|
| 1 | 114:16-21 | | | | | |
| 2 | 124:16-126:22 | | | | | |

| 3 | 136:9-137: 2 | | | | | |
|---|---|---|---|---|---|---|
| 4 | 139:3-141: 7 | | | | | |
| 5 | 145:1-23 | | | | | |
| 6 | 151:17 152:11 | | | | | |
| 7 | 156:7-157: 9 | | | | | |
| 8 | 170:1-172: 10 | | | | | |
| 9 | 185:5-186: 25 | | | | | |
| 10 | | | | | | |

8.     **Demonstrative Evidence:**

Plaintiffs anticipate using a blow-up of several frames from the videos that show the Defendant grabbing the police baton and then striking Decedent. Plaintiffs will use a blow up of Defendant while he is striking Decedent and being grabbed by a U.S. Capitol Police Officer who then attempts to detain him. Plaintiffs may use blow-up photos of Officer Smith and Erin Smith during testimony of various witnesses.

The Defendants reserve the right to use enlargements of any of the exhibits identified in section # 6. Defendants anticipate using a blow-up of several frames from the videos that show the Defendant at various points in BWC Footgage.

9.      **Relief Sought:**

a.      Plaintiffs seek a judgment against Defendant.

Pre-death pain, suffering, mental anguish and inconvenience on the part of Jeffrey Smith.

Plaintiffs special damages are as follows:

$1,264,162 (if Jeffrey Smith had retired after 25 yrs of service)

$2,990,453 (if Jeffrey Smith had retired at mandatory retirement age of 60)

Plaintiffs will present the testimony of Cheryl Hyder, CPA  in support of these damages.

b.        Funeral expenses - $4,959.00

c.        Plaintiffs seek punitive damages as a result of the willful and malicious acts of the Defendant.

      a.        Defendant seeks dismissal of all claims with prejudice and an award of costs.

e.        Plaintiffs have not established the necessary factual and legal causation.

10.    **Pending Motions:**

a.        Defendants' Motion for Summary Judgment.

b.        Plaintiffs' Motion for Partial Summary Judgment and/or Sanctions based on spoliation.

c.        Defendants' Motion in Limine as to (1) Grant Fredericks; (2) Open-Source video; (3) Dr. Patrick Sheehan; (4) Dr. Alexander Bardey; (5) Dr. Jonathan Arden. (6) Defendant's Second Motion in Limine as to Dr. Arden.

11.    **Jury Cases:**

a.        **Proposed Voir Dire**

Proposed Voir Dire is attached.

b.        **Proposed  Jury Instructions**

Proposed Jury Instructions are attached.

c.        **Proposed Special Verdict Form.**

Proposed Special Verdict Form is attached.

12. Parties reserve objections to all Non Standard Jury Instructions and any standard jury instructions not included in their respective requests for jury instructions. The Parties reserve objections to the Proposed Verdict Forms

                                                ___*/s/ David P. Weber*
                                                David P. Weber, #468260

                                                Richard J. Link, Esq.
                                                GOODWIN WEBER PLLC
                                                11115 Lake View Ln, #1698

Berlin, MD 21811(301) 850-7600
David.weber@goodwinweberlaw.com
richard.link@goodwinweberlaw.com
**Counsel for Plaintiffs**


_____/s/ *Hughie Hunt*
Hughie Hunt, #486347
KEMET HUNT LAW GROUP, INC.
7845 Belle Point Drive
Greenbelt, MD 20705
hhunt@kemethuntlaw.com

**Counsel for Defendant**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No. 21-CV-02170 |
| DAVID WALLS-KAUFMAN, et al | * | |
| Defendants | * | |

**PLAINTIFFS' WITNESS SCHEDULE**

| Witness | Anticipated Testimony | Objections (if any) | Estimated Time of Direct Examination |
|---|---|---|---|
| Erin Smith | -Events of 01/06/21<br><br>-Relationship with Jeffrey Smith<br><br>-Jeffrey Smith state of mind before and after 01/06/25<br><br>-financial contributions of Jeffrey Smith to household | **Objection, no personal knowledge of Events of 1/6/21 and relevancy** | |
| MPD Officer Matthew Givens<br> Not needed if Defendant stipulates as to the social history. | Officer Givens was a friend and a co-worker of Decedent.  Officer Givens had never known decedent to be depressed or angry. | **Objection, not an expert** | |

| | | | |
|---|---|---|---|
| | | | |
| Grant Fredericks<br> Forensic Video Solutions<br>11001 East Coyote Rock Ln,<br>Spokane Valley, WA  99206<br>(509) 714-2181<br>grant@forensicvideosolutions.com | Performed forensic video analysis on multiple sources of media, to include Officer Smith's BWC.  Defendant can be solved taking control of Officer Smith's baton and making contact with Officer's inside of the face shield.  The strike caused Officer Smith's helmet to move from side to side rapidly<br><br>Defendant was in contact with the baton for at least 2.5 seconds. | **Objection, to any editorial comments and Identification of David Walls Kaufman and Jeffrey Smith** | |
| Dr. Jonathan Arden<br>333 Las Olas Way, #1104<br>Fort Lauderdale, FL 33301<br>703-749-0227 (Office)<br>202-270-1839 (Mobile)<br>703-563-6059 (Fax)<br>jlardenmd@ardenforensics.com | Dr. Arden reviewed the video showing encounter between Defendant and Officer Smith.  The bation strike resulted in forces to Officer Smith's head and face.  Officer Smith suffered psychological trauma and physical trauma which was a substantial contributing factor in Officer Smith's death. | **Objection, outside the scope of his expertise** | |

| | | | |
|---|---|---|---|
| | | | |
| Dr. Alexander S. Bardey<br>303 Fifth Avenue<br>Suite 403<br>New York, NY 10016<br>212-532-2322<br>drbardey@fifthavenueforensics.com | Dr Bardey conducted a forensic autopsy on Jeffrey Smith. He opines that the events of January 6ʼ 2021 caused emotional trauma in Officer Smith. This trauma began with the altercation with Defendant. This trauma led to an existential crisis. Defendant's assault on Officer Smith set in motion an emotional reaction that gave way to acute suicidality, leading to his untimely demise. | **Objection, testimony does not connect any action of Defendant to death of Officer Smith** | |
| | | | |
| Cheryl Hyder<br>Hyder Consulting Group<br>10195 Main Street, Suite M<br>Fairfax VA 22031<br>Phone 703.966.7995<br>chyder@hydercpa.com | Ms. Hyder reviewed voluminous documentation (payment & earnings history, CBA's, documentation from fellow 2nd District Police Officers, overtime records). The economic loss to Erin Smith | **Objection, relevance** | |

| | | | |
|---|---|---|---|
| | (surviving spouse) is as follows:<br><br>$1,264,162 (if Decedent had retired after 25 yrs of service)<br><br>$2,990,453 (if Decedent had retired at mandatory retirement age of 60) | | |
| | | | |
| Antje Farmer<br><br>Not needed if Defendant stipulates as to the social history. | She was Jeffrey Smith's friend (dog walking friend). Smith told her about the events of January 6, 2021. Also, she knows of Smith's emotional state prior to the January 6, 2021 (had not known him to be depressed, etc.) | **Objection, Hearsay** | |
| Custodian of records from Metropolitan Police Department (BWC). Not needed if Defendant stipulates as to the BWC of Decedent. | Authenticate the bodycam videos of Jeffrey Smith and other MPD officers | | |
| Lester ("Gene") O'Riley &/or Anne O'Riley, | Parents of Erin Smith<br><br>Knew of relationship between Erin Smith & Jeffrey Smith | **Objection Relevance** | |

| | | | |
|---|---|---|---|
| Andrew Hass<br><br>Not needed if Defendant stipulates as to the social history. | Jeffrey Smith's childhood friend.<br>After January 6, 2021. Decedent sounded different (down, quiet, tired) and relayed he had been struck in the head and had pain in his neck. | **Object relevance and not an expert, hearsay** | |
| Richard Smith<br><br><br><br>Not needed if Defendant stipulates<br><br>as to the social history. | Mr. Smith is the father of Jeffrey Smith.<br>Officer Smith did not have a history of depression or mental illness.<br>After January 6, 2021, Smith told his parents that he had been off from work for a week and that the riots were "crazy." | **Objection, relevance, not an expert** | |
| US Capitol Police Officer Mathew Oestreicher | He will authenticate the videos as he was present at approx. 2:56 pm. He can identify the Defendant in the red and white motorcycle jacket. He was standing next to Officer Smith during Defendant's assault and battery of Defendant. He will identify Defendant in the courtroom as the same person | **No objection to identifying participants in video with actual knowledge, reserve any hearsay objections** | |

Review tracker

| 👤 Reviewer | ⊖ Status | Ŧ Notes |
|---|---|---|

| Person | Not started ▾ | |
|--------|---------------|--|
| Person | In progress ▾ | |
| Person | Under review ▾ | |
| Person | Approved ▾ | |

Plaintiffs reserve the right to call anyone designated on Defendant's list or called by Defendant.

_____ /s/*Dr.David P. Weber*
Dr. David P. Weber, #468260

Richard J. Link, Esq.
GOODWIN WEBER PLLC
11115 Lake View Ln, #1698
Berlin, MD 21811(301) 850-7600
David.weber@goodwinweberlaw.com
richard.link@goodwinweberlaw.com

**Counsel for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                          *

      Plaintiffs                          *

v.                                          *        Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al                  *

      Defendants                          *

**<u>DEFENDANT'S WITNESS LIST</u>**

1.     Erin Smith (Plaintiff)

2.     David Walls-Kaufman (Defendant)

3.     Any witness identified by the Plaintiffs

4.     Defendant reserves the right to object to any witness not previously identified.

5.     Any and all witnesses listed in the Plaintiffs 'witness list, Pretrial Statement, and/or Answers to Interrogatories;

6.     Any and all witnesses needed to authenticate any exhibit;

7.     Any and all persons not previously named herein who were identified during discovery; and

8.     Any individual needed for impeachment purposes.

9.     Defendant reserves the right to enlarge records of the Plaintiffs and/or create a chart regarding the Plaintiffs' negligence for use as demonstrative evidence at trial.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                              *

      Plaintiffs                          *

v.                                              *        Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al               *

      Defendants                          *

**PLAINTIFFS' EXHIBIT LIST**

| Exbibit # | Item Description | Objections (if any) | I.D. | ADM. |
|---|---|---|---|---|
| | | | | |
| | BWC of Jeffrey L. Smith dated January 6, 2021 (relied upon by Grant Fredericks) | **Objection** | | |
| | (John SullivanJade Sack FULL UNEDITED VIDEO Capital Riot. Mp4. (relied upon by Grant Fredericks) | **Objection Authentication** | | |
| | BWC of any other officer at location dated January 6, 2021 | | | |
| | The Resistance Video footage, dated January 6, 2021 | **Objection Authentication** | | |
| | Insurgence USA video footage, dated January 6, 2021 | **Objection, Authentication** | | |
| | Photograph of Jeffrey L. Smith timestamped 3:40 pm EST January 6, 2021 | **Objection, Authentication** | | |

| | | | | |
|---|---|---|---|---|
| | Text Messages from Jeffrey Smith to Erin Smith January 6, 2021 | | | |
| | First Amended Complaint (including Photographs of Defendant attached) | **Objection, pleadings not evidence** | | |
| | Second Amended Complaint | **Objections, pleadings not evidence** | | |
| | Docket entries *Erin Smith v David Walls-Kaufman* 21-CV-02170 | **Objection, docket entries not evidence** | | |
| | Defendant's Answers to Interrogatories | | | |
| | CV of Grant Fredericks | **Objection** | | |
| | PDF Synchronized Video Analysis of Grant Fredericks, dated July 6, 2022 | **Objection** | | |
| | Report of Grant Fredericks | **Objection** | | |
| | Certificate of Death, Virginia Dept. of Health, dated January 19, 2021 | | | |
| | Office of the Chief Medical Examiner Report of Investigation dated March 18, 2021 | | | |
| | D.C. Police & Fire Clinic Records June 19, 2015 to April 3, 2019 | | | |
| | MPD Injury & Illness Report January 6, 2021 | | | |
| | MPD Corporate Support Division January 7, 2021 | **Objection** | | |

| | | | | |
|---|---|---|---|---|
| | MPD Officer performance Ratings<br>November 18, 2019<br>November 3, 2020 | **Objection** | | |
| | D.C. Police & Fire Clinic Records<br>January 6, 2021<br>January 14, 2021 | | | |
| | CV of Dr. Alexander S. Bardey | **Objection** | | |
| | Report of Dr. Alexander S. Bardey | **Objection** | | |
| | | | | |
| | CV of Dr. Jonathan Arden | **Objection** | | |
| | Reports of Jonathan Arden | **Objection** | | |
| | Report of Cheryl Hyder | **Objection** | | |
| | Documents relied upon in Cheryl Hyder's economic loss calculations (See Appendix) | **Objection** | | |
| | CV of Cheryl Hyder | **Objection** | | |
| | Statement of Facts in<br>USA v Walls-Kaufman | **Objection** | | |
| | Torchinksy Funeral Home bill of $4,959.00 | **Objection** | | |
| | Jeffrey Smith Statement of Earnings | **Objection** | | |
| | **Jeffrey Smith tax returns and W-2** | **Objection** | | |
| | | | | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                           *

      Plaintiffs                           *

v.                                           *     Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al                   *

      Defendants                          *

## **DEFENDANT'S EXHIBIT LIST**

| Exibibit # | Item Description | Objections (if any) | I.D. | ADM. |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  | BWC of any other officer at location dated January 6, 2021 |  |  |  |
|  | Plaintiff's Answer to Interrogatories |  |  |  |
|  | Jeffrey L. Smith Death Certificate |  |  |  |
|  | Jeffrey L. Smith Autopsy |  |  |  |
|  | Jeffrey L. Smith Autopsy Photographs |  |  |  |
|  | Jeffrey L. Smith Medical Records |  |  |  |
|  | Jeffrey L. Smith MPD Injury Illness Report |  |  |  |
|  | 20210106- Felony Riot First Amendment- Us Capitol Video | **Objection Authentication** |  |  |

| | | | |
|---|---|---|---|
| | 20210106 - Felony Rioting-First St Se Video | **Objection Authentication** | | |
| | 20210106 - First Amendment Assembly - 1 First St Se Video | **Objection Authentication** | | |
| | 20200106 - Riot-Capitol Building Video | **Objection Authentication** | | |
| | 20210106 - Riot - Us Capital Video | **Objection Authentication** | | |
| | 20210106 - Felony riot-US Capitol Video | **Objection Authentication** | | |
| | 20210106 - Protest- Capital Hill Building Video | **Objection Authentication** | | |
| | 20210106 - First Assembly Demonstration - 1 First St Se Video | **Objection Authentication** | | |
| | 20210106 - Felony Riot - 100 First St Se Video | **Objection Authentication** | | |
| | 20210106 - First Assembly - Us Capitol Grounds Video | **Objection Authentication** | | |
| | 20210106 - Felony Riots-100 First St Se Video | **Objection Authentication** | | |
| | 20210106-riot-capitolbuilding Video | **Objection Authentication** | | |
| | 20210106 - Felony Riot - Us Capitol Building Video | **Objection Authentication** | | |
| | 2021-01-06 - First Amendment Assembly- Capitol Building Video | **Objection Authentication** | | |
| | 20210106 - Felony Rioting - Capitol Grounds Video | **Objection Authentication** | | |
| | 20210106- Felriot- 100 1st Nw Capitol Building Video | **Objection Authentication** | | |

| | | | | |
|---|---|---|---|---|
| | 20210106-Riot-1STStreetSE Video | **Objection Authentication** | | |
| | 20210106 - Assist - Us Capitol Video | **Objection Authentication** | | |
| | 20210106 - First Amendment Assembly - 1st St Se Video | **Objection Authentication** | | |
| | Axon Body 3 Video 2021-01-06 1951 UTC | **If this is Jeffrey Smith's BWC, no objection.  If this is any other BWC, objection, authentication.** | | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                        *

     Plaintiffs                           *

v.                                        *      Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al                *

     Defendants                          *

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**Evidence Defined**,
Evidence in the Case (D.C. Std. Civ. Jury Instr. No. 2-1)
You may consider only the evidence admitted in the case. The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties. You may consider any facts to which the parties have stipulated or agreed to be undisputed]

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence. Similarly, the questions of the lawyers are not evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial. Although the court reporter has been transcribing the trial, a transcript will not be available for you to review during your deliberations.

*Predecessor:*   Civil Jury Instruction Nos. 2-1, 2-5, and 2-6.
*Statutes:*   (None.)
*Cases:*   *Wash. Metro. Area Trans. Auth. v. Ferguson*, 977 A.2d 375, 378 (D.C. 2009) (citing and quoting predecessor Instruction No. 2-5 with approval); *In re Estate of Bonham*, 817 A.2d 192, 195 n.5 (D.C. 2003) (citing predecessor Instruction No. 2-5 with approval); *Jackson v. United States*, 329 A.2d 782, 790 (D.C. 1974).

**Evidence – Direct, Indirect and Circumstantial**,

Direct and Circumstantial Evidence (D.C. Std. Civ. Jury Instr. No. 2-2)

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

***Predecessor:***  Civil Jury Instruction No. 2-10.
***Statutes:***  (None.)
***Cases:***  _Mills v. United States_, 599 A.2d 775, 780 (D.C. 1991); _Janifer v. Jandebeur_, 551 A.2d 1351, 1352 (D.C. 1989); _Lucas v. Duncan_, 574 F.3d 772, 779, 387 U.S. App. D.C. 411 (2009) (quoting and citing the predecessor instruction with approval).

**Burden of Proof**
**Burden of Proof (D.C. Std. Civ. Jury Instr. No. 2-3)**

The party who makes a claim [or counterclaim] has the burden of proving it. This burden of proof means that the plaintiff must prove every element of [his/her] claim by a preponderance of the evidence [and defendant must prove every element of [his/her] counterclaim by a preponderance of the evidence].

To establish an element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true. The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then your finding on that issue must be for the defendant. [Similarly, if you believe that the evidence is evenly balanced on an issue the defendant had to prove, then your finding on that issue must be for the plaintiff.]

In arriving at your verdict, you should consider only the evidence in this case. That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable [inferences] [conclusions] as you feel are justified in the light of your experience and common sense. You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it. You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

[In this case, the [plaintiff/defendant] has asserted affirmative defenses that [he/she] must prove by a preponderance of the evidence if [plaintiff/defendant] has proven [his/her] [claim/counterclaim]. When I discuss each of these defenses, I will instruct you on the defendant's burden of proof.]

**Inadmissible and Stricken Evidence** (D.C. Std. Civ. Jury Instr. No. 2-5)
The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. Objections are not evidence. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.

Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

***Predecessor:***  Civil Jury Instruction No. 2-4.
***Statutes:***  (None.)
***Cases:***  (None.)

**Credibility of Witnesses**
**Credibility of Witnesses (D.C. Std. Civ. Jury Instr. No. 2-9)**

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone determine whether to believe any witness and to what extent any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility. You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case. You may consider the plausibility or implausibility of the testimony of a witness. You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

***Predecessor:*** Civil Jury Instruction No. 3-1.
***Statutes:*** (None.)
***Cases:*** *Etheredge v. D.C.*, 635 A.2d 908, 916 (D.C. 1993) ("[I]t is the responsibility of the jury (and not the judge) to weigh the evidence and to pass upon the credibility of the witnesses."); *see also Williams v. United States*, 6 A.3d 843, 845, n.1 (D.C. 2010) (criminal case); *Brown v. United States*, 840 A.2d 82, 95 (D.C. 2004) (criminal case); *Hicks v. United States*, 658 A.2d 200, 202 (D.C. 1995) (noting in a criminal case that jury should "consider a child's testimony along with all the other evidence"); *Mitchell v. United States*, 609 A.2d 1099, 1111 & n.23 (D.C. 1992) (criminal case); *United States v. Glover*, 731 F.2d 41, 48 n.12, 235 U.S. App. D.C. 194 (1984) (criminal case); *Fitzgerald v. United States*, 443 A.2d 1295, 1299 n.5 (D.C. 1982) ("general credibility instruction" in criminal case).

**Expert Opinion**,
**Specialized Opinion Testimony (D.C. Std. Civ. Jury Instr. No. 2-11)**

In this case, you have heard the testimony of Grant Fredericks whose opinions concern forensic video analysis, as well as Dr. Jonathan Arden, a forensic pathologist. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. [~~You should consider all of these factors in resolving any conflict in the testimony of different opinion witnesses.~~] You should consider opinion evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

During the testimony of [an] expert witness[es] in this case, you have heard an expert refer to information that was not otherwise introduced or admitted into evidence. This information is relevant only to explain what the expert[s] relied upon in forming his/her/their opinions. You may not consider the expert's testimony to be evidence of the truth of that information. You may consider this information only for the purpose of evaluating the expert's opinion and not for any other purpose.

**Use of Depositions as Evidence**

Depositions as Evidence (D.C. Std. Civ. Jury Instr. No. 2-12)

A deposition is the testimony of a person taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. During the trial, you heard deposition testimony that was [read from the deposition transcript/presented by videotape]. You should give deposition testimony the same fair and impartial consideration you give any other testimony. You should not give more weight or less weight to deposition testimony just because the witness did not testify in court.

***Predecessor:*** Civil Jury Instruction No. 3-5.

***Statutes:*** Fed. R. Evid. 804(a)(5), 804(b)(1); D.C. Super. Ct. Civ. R. 32(a).

***Cases:*** *Knight v. Georgetown University*, 725 A.2d 472, 481 (D.C. 1999); *Shives v. Furst*, 521 A.2d 332, 336, 338 (Md. App. 1987); *Biggs v. Stewart*, 361 A.2d 159, 162 (D.C. 1976).

**Impeaching Witness**
Instruction 2-13
Impeachment by Prior Inconsistent Statement (D.C. Std. Civ. Jury Instr. No. 2-13)
You have heard evidence that a witness previously made statements and that these statements may
be inconsistent with the witness' testimony here at trial. It is for you to decide whether any of
these prior statements was made and, if one or more was made, whether it is inconsistent with the
witness' testimony during this trial. If you find that any prior statement is inconsistent with the
witness' testimony here in court, you may consider this inconsistency in judging the credibility of
the witness.

In one respect, the law treats prior statements that are inconsistent with court testimony
differently depending on whether or not the prior statement was made under oath. If the prior
inconsistent statement was made under oath, you may consider the statement as evidence that
what the witness originally said was true. If the prior inconsistent statement was not under oath,
you may not consider it as evidence that what the witness said in the earlier unsworn statement
was true. Whether or not the prior inconsistent statement was under oath, you may consider the
inconsistency in judging the witness' credibility.

***Predecessor:***  Civil Jury Instruction No. 3-8.
***Statutes:***  D.C. Code Ann. § 14-102(b) (2001); *see also* Fed. R. Evid. 801(d)(1)(A) (prior
testimony of witness under oath is not hearsay); Fed. R. Evid. 801(d)(2) (admission of party
opponent).
***Cases:***  *Presley v. Commercial Moving & Rigging, Inc.*, 25 A.3d 873, 894–95 (D.C. 2011).

**Assault**,

Assault (D.C. Std. Civ. Jury Instr. No. 19-1)

[The plaintiff has brought a claim of assault. Here is the legal definition of an assault.]

An assault occurs when one person intentionally [and unlawfully] threatens or attempts to cause physical harm or offensive contact with another person. An assault can also occur when one person intentionally causes an apprehension of imminent physical harm or offensive contact with another person. It must appear to the victim that the person making the threat or attempt has the present ability to carry out the harmful or offensive contact. An assault can occur by words or acts, and actual physical contact is not necessary.

If you find that the defendant has committed an unlawful assault on the plaintiff, then your verdict must be for the plaintiff.

*Predecessor:* Civil Jury Instruction No. 19-1 (1981).

*Statutes:* (None.)

*Cases:* *District of Columbia v. Howard,* 588 A.2d 683, 690-91 (D.C. 1991); *Madden v. D.C. Transit System, Inc.,* 307 A.2d 756, 757 (D.C. 1973); *Jackson v. District of Columbia,* 412 A.2d 948, 955 (D.C. 1980) (adopting definition from Restatement (Second) of Torts § 18 (1965); *Peterson v. United States,* 657 A.2d 756, 761 (D.C. 1995) (common law criminal assault); *Parks v. United States,* 627 A.2d 1, 4, 7 (D.C. 1993) (common law intent-to-frighten assault crime); *Rogers v. Loews L'Enfant Plaza Hotel,* 526 F. Supp. 523, 529 (D.D.C. 1981); *Profitt v. District of Columbia,* 790 F. Supp. 304, 310 (D.D.C. 1991); *Halcomb v. Woods,* 767 F. Supp. 2d 123, 138 (D.D.C. 2011) (citing language of Instruction as authority).

**Damages – Jury to Award**

*Standardized Civil Jury Instructions for the District of Columbia*          12-1

**Extent of Damages – Proximate Cause**

*Standardized Civil Jury Instructions for the District of Columbia*          12-2

**Survival Action Only (D.C. Std. Civ. Jury Instr. No. 14-1)**

The Plaintiff brings this action under the Survival Statute as the legal representative of the deceased individual, Jeffrey L. Smith.  This action is not for the benefit of [the plaintiff] or another particular individual. The action is brought on behalf of the estate of Jeffrey L. Smith, and asserts the legal claim that arose prior to his death.

If you find for [the plaintiff], then you must make an award for any conscious pain and suffering experienced by Jeffrey L. Smith between the time of injury and the time of [his] death, and for the financial loss suffered by Jeffrey L. Smith as a result of [his] injuries. In your award you may include the cost of reasonable and necessary medical and hospital expenses for Jeffrey L. Smith. Your award must include reasonable compensation for any bodily injuries, mental anguish, disabilities, disfigurement and/or deformities, and inconvenience and discomfort experienced by [the deceased] between the time of the injury and the time of [his] death.

In addition, the estate is entitled to receive the amount of money Jeffrey L. Smith would have accumulated over the course of [his] normally expected lifetime. In determining this amount, you should consider Jeffrey L. Smith's potential future earnings. In this regard, you should consider Jeffrey L. Smith's age, health, occupation, work and educational background, earning capacity, and any other factors concerning Jeffrey L. Smith that might reasonably guide you in determining Jeffrey L. Smith's future income. You may also take into account the effect of inflation on future income.

After you arrive at this amount, then you should subtract the amounts Jeffrey L. Smith would have spent on [his] own living expenses, [and for any living expenses of dependents,] and whatever taxes it is reasonably certain [he] would have been required to pay. When you have finished these calculations, you have arrived at a figure which is the amount of Jeffrey L. Smith's estate's probable net future earnings or accumulations.

Next, you must discount this amount, the net future earnings, to present cash value. Here is how you do it. You must figure the amount, which if invested at a particular rate of interest today over the number of years Jeffrey L. Smith would have been expected to live, would return an amount equal to the net future earnings.

**Plaintiff's Role in Survival Action and Wrongful Death Action (D.C. Std. Civ. Jury Instr. No. 14-2)**

For the Wrongful Death claim, the Plaintiff represents certain designated beneficiaries. In that role, [he] seeks to recover for those beneficiaries the financial and other benefits each would have reasonably been expected to receive from Jeffrey L. Smith had [he] lived.

The Court will now instruct you about the nature and purpose of each of these actions, and the method by which you should calculate [monetary] damages for each.

**Survival Action (Accompanied by Wrongful Death Action) (D.C. Std. Civ. Jury Instr. No. 14-3)**

The Plaintiff, Erin Smith, brings this action under the Survival Statute as the legal representative of the deceased individual, Jeffrey L. Smith. This action is not for the benefit of Erin Smith or another particular individual. The action is brought on behalf of Jeffrey L. Smith's estate, and asserts the legal claim that arose prior to [his] death.

If you find for [the plaintiff], then you must make an award for any conscious pain and suffering experienced by Jeffrey L. Smith between the time of injury and the time of [his]  death, and for the financial loss suffered by Jeffrey L. Smith as a result of [his] injuries, including the value of reasonable and necessary medical and hospital expenses that were paid by Jeffrey L. Smith or [his] estate. Your award must include reasonable compensation for any bodily injuries, mental anguish, disabilities, disfigurement and/or deformities, and inconvenience and discomfort experienced by the deceased between the time of the injury and the time of [his] death.

In addition, the estate is entitled to receive the amount of money [the deceased] would have accumulated over the course of [his] normally expected lifetime. In determining this amount, you should consider [the deceased's] potential future earnings. In this regard, you should consider [the deceased's age, health, occupation, work and educational background, earning capacity, size of Jeffrey l. Smith's estate to date, and any other factors concerning the deceased that might reasonably guide you in determining the deceased's future income. You may also take into account the effect of inflation on future income.

After you arrive at this amount, then you should subtract the amounts Jeffrey L. Smith would have spent on [his] own living expenses, and for the living expenses of the individual beneficiaries under the Wrongful Death claim, and whatever taxes it is reasonably certain [he] [she] would have been required to pay. When you have finished these calculations, you have arrived at a figure which is the amount of Jeffrey l. Smith's estate's probable net future earnings or accumulations.

Next, you must discount this amount, the net future earnings, to present cash value. Here is how you make the calculation: You must figure the amount, which if invested at a particular rate of interest today over the number of years Jeffrey L. Smith would have been expected to live, would return an amount equal to the net future earnings.

**Wrongful Death – Real Parties**

Wrongful Death—Real Parties (D.C. Std. Civ. Jury Instr. No. 14-4)

The Plaintiff, Erin Smith, brings this action under the Wrongful Death Act as the personal representative of the deceased. The persons [she] actually represents are the surviving spouse and next of kin of Jeffrey Smith. The surviving spouse is Erin Smith, and the next of kin are Richard Smith and Wendy Smith. These persons are the persons actually having the legal claims, and in that sense they are the real plaintiffs.

The Plaintiff is seeking compensation for the losses suffered by the spouse and next of kin. You should regard these persons as the real plaintiffs in this case, as if they were so named in the complaint and in these instructions.

*Predecessor:*  Civil Jury Instruction No. 14-4 (1981).
*Statutes:*  D.C. Code §§ 16-2701, 2702, 2703.
*Cases:*  *Strother v. District of Columbia,* 372 A.2d 1291, 1295–1296 (D.C. 1977).

**Wrongful Death** – *Damages*                                                                14-5
Wrongful Death Act Damages (D.C. Std. Civ. Jury Instr. No. 14-5)

The amount to be awarded under the Wrongful Death Act is the financial loss suffered by the spouse and next of kin of Jeffrey L. Smith who are the beneficiaries under this Act. The spouse of Jeffrey L. Smith is Erin Smith.

The Wrongful Death Act does not permit you to, and you must not, award the beneficiaries any amount for the sorrow, mental distress or grief, or for the loss of love and affection that they may have suffered because of Jeffrey L. Smith's death.

The amount you do award to the beneficiaries should be more than mere nominal damages. In deciding upon any damages which will reasonably and adequately compensate the beneficiaries for the death of Jeffrey L. Smith, you should first consider the financial loss each beneficiary has suffered. Consider the financial support Jeffrey L. Smith furnished or could have been expected to provide to each beneficiary. Consider, also, any gifts and other contributions which Jeffrey L. Smith could have reasonably been expected to provide to each beneficiary had Jeffrey L. Smith not died. In determining the amount each of the beneficiaries could have been expected to receive, you may consider the earnings and earning capacity of Jeffrey L. Smith and the probable joint life expectancy of Jeffrey L. Smith with each of the beneficiaries. Joint life expectancy means the time during which Jeffrey L. Smith and each of the beneficiaries would both have been alive. You may also consider the age, health, occupation, station of life of the parties, and any other fact which may guide you.

You should also set a dollar amount on the reasonable value of any services that the deceased would have provided to each beneficiary over their joint life expectancies.

With regard to all of these losses, you must consider the effect of inflation on living expenses and wage earnings.

The amount that you calculate as the net financial loss must then be discounted to present cash value. This means that you must determine a lump sum payment which could compensate each beneficiary for his or her future financial losses suffered as a result of Jeffrey L. Smith's death.

Here is how you make that calculation. For each beneficiary, you must figure the amount, which if invested at a particular rate of interest today over the number of years Jeffrey L. Smith would have been expected to live, would return an amount equal to the net financial loss to that beneficiary.

To any lump sum payment for a beneficiary, you should also add the actual amounts which that beneficiary paid towards the expenses of the decedent's last illness. These expenses would include any medical, nursing and hospital bills and funeral expenses, and any other expenses of Jeffrey L. Smith.

Any award you make under the Wrongful Death Act should be apportioned among each of the beneficiaries; that is, your verdict should state the amount each beneficiary is to receive.

**Predecessor:**  Civil Jury Instruction No. 14-5 (1981).

**Statutes:**  D.C. Code §§ 16-2701, 16-2702, 16-2703.

***Cases:***  <u>*Doe v. Binker,* 492 A.2d 857, 860–861 (D.C. 1985)</u>; <u>*Cole, Raywid & Braverman v. Quadrangle Dev. Corp.,* 444 A.2d 969, 971–972 (D.C. 1982)</u>; <u>*Semler v. Psychiatric Institute of Washington, D.C.,* 575 F.2d 922, 924–925, 188 U.S. App. D.C. 41 (1978)</u>; <u>*Elliott v. Michael James, Inc.,* 559 F.2d 759, 763–767, 182 U.S. App. D.C. 138 (1977)</u>; <u>*Runyon v. District of Columbia,* 463 F.2d 1319, 1321–1323, 150 U.S. App. D.C. 228 (1972)</u>; <u>*Rankin v. Shayne Brothers, Inc.,* 234 F.2d 35, 39–40, 98 U.S. App. D.C. 214 (1956)</u>; <u>*Hughes v. Pender,* 391 A.2d 259, 261–263 (D.C. 1978)</u>.

**Punitive Damages (Defendant Not a Corporation) (D.C. Std. Civ. Jury Instr. No. 16-1)**

In addition to compensatory damages, the plaintiff also seeks an award of punitive damages against the defendant. Punitive damages are damages above and beyond the amount of compensatory [or nominal] damages you may award. Punitive damages are awarded to punish the defendant for his or her conduct and to serve as an example to prevent others from acting in a similar way.

You may award punitive damages only if the plaintiff has proved with clear and convincing evidence:

    (1) that the defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the plaintiff;

AND

    (2) that the defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff.

You may conclude that the defendant acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

**Computation of Punitive Damages Award**
**(D.C. Std. Civ. Jury Instr. No. 16-3)**

If you find that the plaintiff is entitled to an award of punitive damages, then you must decide the amount of the award. To determine the amount of the award you may consider the [net worth] relative wealth of the defendant at the time of trial, the nature of the wrong committed, the state of mind of the defendant when the wrong was committed, the cost and duration of the litigation, and any attorney's fees that the plaintiff has incurred in this case. Your award should be sufficient to punish the defendant for his or her conduct and to serve as an example to prevent others from acting in a similar way.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                          *

     Plaintiffs                          *

v.                                          *     Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al                  *

     Defendants                          *

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

<u>Chapter 1:  Instructions before Trial</u>

1-1    Introduction and *Voir Dire*

1-2    Preliminary Instruction before Trial

1-3    Questions by Jurors

<u>Chapter 2:  Evaluating Evidence and Witnesses</u>

2-1    Preamble

2-2    Evidence in the Case

2-3    Direct and Circumstantial Evidence

2-4    Burden of Proof

2-5    Judicial Notice

2-6    Inadmissible and Stricken Evidence

2-8    Evidence Admitted for a Limited Purpose

2-10    Credibility of Witnesses

2-11    Number of Witnesses and Exhibits

2.12 Specialized Opinion Testimony

2.14 Impeachment by Prior Inconsistent Statment

2.15 Adopting Prior Inconsistent Statements

2.16 Chars and Summaries as Demonstrative Or Instructional Aids

2-18    Failure to Produce Witness or Other Evidence

Chapter 3:  Concluding Instructions

    3-1    Instructions to be Considered As a Whole

    3-2    Selection of Foreperson

    3-3    Unanimity and Duty to Deliberate

    3-4    Beginning of Deliberations

    3-5    Communications between Court and Jury

    3-6    When Jurors Cannot Agree

    3-7    Delivering the Verdict

Chapter 12: Damages

    12.01 Jury to Award

    12.03 Burden of Proof--Speculative Damages

    12.02 Extent of Damages

    12.07 Duty to Mitigate Damages

Chapter 13: Personal Injury Damages

    13.01 Damages-Elements

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                          *

      Plaintiffs                      *

v.                                          *        Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al                  *

      Defendants                    *

**PROPOSED NON-STANDARD JURY INSTRUCTIONS**
**Plaintiffs' object to all non-standard instructions at this time.**

**Instruction** – Battery – Intent and Causation

In this case, the Plaintiff alleges that Defendant David Walls-Kaufman committed a battery against Jeffrey Smith on January 6th, 2021.

To find Defendant liable for battery under District of Columbia law, Plaintiff must prove by a preponderance of the evidence all of the following elements:

That Dr. David Walls Kaufman intentionally caused a harmful or offensive contact with Jeffrey Smith's person; and

That the Defendant acted without Jeffrey Smith's consent; and

That Defendant's act was a proximate cause of Jeffrey Smith's injuries.

"Intent" in this context requires that the Defendant intended to cause the contact. It is not enough to prove that the Defendant was merely present at the scene. The Plaintiff must prove that Defendant acted with the purpose of causing harmful or offensive contact with Officer Smith, or that he knew with substantial certainty that such contact would result in harm.

You must not presume intent from the mere occurrence of injury or the mere presence of the Defendant near the incident. The Plaintiff must demonstrate that the Defendant specifically targeted or intentionally struck Jeffrey Smith.

"Harmful or offensive contact" is contact that would offend a reasonable person's sense of personal dignity or that results in bodily harm.

Proximate cause means that the alleged act of the Defendant must have been a substantial factor in bringing about Officer Smith's injuries and that no independent intervening causes broke the chain of causation. If you find that any one of these elements has not been proven by a

47

preponderance of the evidence, then you must return a verdict for the Defendant on the claim of assault.


**Instruction – Assault – Definition and Elements**

Under District of Columbia law, an assault is an act intended to cause a harmful or offensive contact with another person, or an act that creates in another a reasonable apprehension of such contact, coupled with the apparent present ability to carry out the threat.

To find Defendant David Walls-Kaufman liable for assault, Plaintiff must prove, by a preponderance of the evidence, all of the following elements:

That the Defendant acted with the intent to cause a harmful or offensive contact with Officer Jeffrey Smith or intended to place him in apprehension of such contact and that Officer Smith had an actual and reasonable apprehension of imminent harmful or offensive contact. If you find that any one of these elements has not been proven by a preponderance of the evidence, then you must return a verdict for the Defendant on the claim of assault.


See, "A battery is "harmful or offensive contact with a person, resulting from an act intended to

cause [that person] . . . to suffer such a contact. . . ." KEETON, DOBBS, KEETON & OWEN,

PROSSER AND KEETON ON TORTS § 9 (1984). An assault results from apprehension of an

imminent harmful or offensive contact, in contrast with the contact itself."  Person v. Children's

Hosp. Nat. Med. Ctr., 562 A.2d 648 (D.C. 1989)


**Instruction, Wrongful Death**

"The plaintiff must prove that the defendant's action caused a mental condition, illness, or insanity, which resulted in the decedent's having an irresistible or uncontrollable impulse to commit suicide "in the sense that the decedent could not have decided against and refrained from killing himself, and because of such uncontrollable impulse, the decedent committed suicide." Orcutt v. Spokane County, 364 P.2d 1102, 1105, 58 Wash.2d 846, ___, (1961) (en banc).6 District of Columbia v. Peters, 527 A.2d 1269 (D.C. 1987).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                    *

      Plaintiffs                    *

v.                                    *       Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al            *

      Defendants                   *

**<u>PLAINTIFFS' PROPOSED VOIR DIRE</u>**

(1) This question has seven parts. Please tell us if you:

a) are not yet 18 years old;

b) are not now a resident of Washington, DC.

c) are not a citizen of the United States;

d) have ever been convicted of a crime punishable by imprisonment greater than 1 year and received a sentence of greater than 1year imprisonment;

e) have a charge pending against you for a crime punishable by imprisonment greater than 1 year;

f) have a disability preventing you from serving on a jury, for which you brought written documentation from a health care provider;

g) do not speak, read, write, or understand English well enough to serve as a juror.

If your answer to any part of this question is YES, or if you are not sure how to answer this question, please let us know.

(2) Please look at the individuals that make up this jury panel. Is there any member of the jury panel who is a relative or knows anyone else on the jury panel?

(3) Have you ever served on jury before?  What kind of case? What was the outcome? Do you

feel that justice was served?

## CASE FAMILIARITY

(4) The case arises out of Capitol Insurrection and the events of January 6, 2021.  The Plaintiffs

allege that the Defendant assaulted Metropolitan Police Officer Jeffrey L. Smith causing physical

and/or emotional injuries.

The Plaintiffs also allege that Officer Smith died as a result of the injuries sustained on January

6, 2021.

(5)  Is there any member of the jury panel who knows anything about this incident, or have you

seen or heard anything about them from any person or source, including the internet, news

media, or social media?

(6) Were you or any member of your immediate family or any close friend in the US Capitol on

January 6, 2021 (or in the immediate vicinity of the US Capitol)?

(7) Do you, or does any member of your immediate family live or work in close proximity to US

Capitol?

## PARTIES AND WITNESSES

(8) Plaintiff. The Plaintiff is Erin Smith, the surviving spouse of Jeffrey Smith. Is there any

member of the jury panel who is a relative of, close personal friend, or ever had any social or

business contact with Erin Smith or Jeffrey Smith?

(9) Plaintiff's Counsel. The Plaintiff is represented by Dr. David P. Weber and Richard Link

Of the law firm of Goodwin Weber PLLC.

Is there any member of the jury panel or immediate family member who is a relative, client, former client, or has any social or business contact with attorneys Dr. David P. Weber or Richard Link? Dr. David P. Weber is also a professor of forensic accounting and law at Salisbury University, and previously at the University of Maryland. Is there any member of the jury panel that has had Dr. Weber as a student?

(10) Defendant. The Defendant is Dr. David Walls-Kaufman. Dr. Kaufman is a chiropractor and used to practice in Washington, DC. Is there any member of the jury panel who is a relative of, close personal friend, former patient of or ever had any social or business contact with Dr. David Walls-Kaufman?

(11) Defendant's counsel. The Defendant is represented by Hughie Hunt and the law firm of Kemet Hunt, Greenbelt, Maryland. Is there any member of the jury panel or immediate family member who is a relative, client, former client, or has any social or business contact with attorney Hughie Hunt or the law firm of Kemet Hunt?

(11) Witnesses. The following individuals may be called as witnesses or mentioned in this trial:

**See Witness List**

Do you know, are you related to, or have you ever had medical treatment, or has any social or business contact with any of the witnesses who may testify in this case?

## PROFESSIONS

(12) Is there any member of the jury panel or immediate family member ever been trained (either formal or on-the-job training) or employed in the legal field, such as a law clerk, legal assistant, paralegal, legal secretary, lawyer, or court employee?

(13) Is there any member of the jury panel or immediate family member ever been trained (either formal or on-the-job training) or employed in medical or healthcare profession, such as a physician, physician's assistant, nurse, nurse practitioner, laboratory or other medical technician, chiropractor, or other profession connected with the field of medicine or the healthcare field?

(14) Is there any member of the jury panel or immediate family member ever been trained (either formal or on-the-job training) or employed as a Certified Public Accountant or as a business valuation expert or financial analyst?

(15) Is there any member of the jury panel or immediate family member ever been trained (either formal or on-the-job training) or employed as a photographer, videographer or video analyst?

(16) Is there any member of the jury panel or immediate family member ever worked as or been trained (either formal or on-the-job training) as **police officer?**

(17) Are you or is an immediate family member or close personal friend who was formerly or is currently employed by The Metropolitan Police Department or the U.S. Capitol Police Department?

(18)  Have you or has an immediate family member worked as an insurance adjuster, claims analysis or otherwise been involved in handling claims for injuries?

## SPECIFIC CONSIDERATIONS

(19) Have you or has an immediate family member who has ever filed a civil claim for personal injuries, including a claim for assault and battery or a claim for wrongful death?

(20) Have you ever made a claim or instituted an action or lawsuit for personal injuries?

(21) Is there any member of the jury panel who has ever had a claim brought against him or her or a company that they had an ownership interest in as a result of injuries that another person claimed, including for an assault and battery?

(22) Is there any member of the jury panel, or immediate family member, who has ever had an injury to their head, neck or sustained  any psychological injury or trauma?

(23)   Is there any member of the jury panel, or immediate family member, who has any training or experience (including  as a hobby or vocation) in the martial arts (including T'ai Chi)?

(24) The trial is expected to last for five (5) days. Understanding that serving on a jury is a burden on you and your family and work, school, and childcare may not be reasons to excuse a juror, is there any member of the jury panel who has such urgent personal or

business obligation that you cannot reschedule, or any health or other concern that may interfere with your ability to give your full attention to this trial?

(25)  Have you, your immediate family or close friends ever had a dispute or a negative experience with the police or  law enforcement?

## INSTRUCTIONS

(26) At the conclusion of the trial, I will instruct you as to the law that applies in this case. Those instructions are binding upon you. Is there any member of the jury panel who will be unable to follow the binding instructions of the Court?

## FINAL QUESTIONS

(27) Is there any member of the jury panel who holds any moral, religious, or ethical conviction or belief that would prevent you from weighing the evidence and returning a fair and impartial verdict based solely on the evidence?

(28) If there is anything that I have not mentioned that would prevent you for weighing the evidence and returning a fair and impartial verdict based solely on the evidence?

    _/s/ Dr. David P. Weber_
Dr. David P. Weber, #468260

<u>Richard J. Link, Esq.</u>
GOODWIN WEBER PLLC
11115 Lake View Ln, #1698
Berlin, MD 21811(301) 850-7600
David.weber@goodwinweberlaw.com
richard.link@goodwinweberlaw.com
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No. 21-CV-02170 |
| DAVID WALLS-KAUFMAN, et al | * | |
| Defendants | * | |

## **<u>DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS</u>**

1. The Defendant in this action is David Walls-Kaufman. The Plaintiffs in this action are Erin Smith and Erin Smith as Personal Representative of the Estate of Jeffrey Smith. Do you know or are you familiar with the parties in this case?  If so, in what context?

2. David Walls-Kaufman is represented by Hughie D. Hunt of Kemet Hunt Law Group, Inc.  Do you know or are you familiar with Mr. Hughie D. Hunt or Kemet Hunt Law Group, Inc.?

3. Erin Smith and Erin Smith as Personal Representative of the Estate of Jeffrey Smith are represented by Richard J. Link and David P. Weber or Goodwin Weber PLLC. Do you know or are you familiar with Mr. Richard J. Link, Dr. David P. Weber, or Goodwin Weber PLLC?

4. Does any member of the prospective jury panel know any of the following persons who may be called to testify as witnesses in this case, including:

    WITNESSES LIST IDENTIFIED IN SECTION 6.

5.  Have you or any member of your immediate family been represented or sued by Mr. Hughie D. Hunt or by Kemet Hunt Law Group?

6.  Have you or any member of your immediate family been represented or sued by Mr. Richard J. Link, Dr. David P. Weber, or Goodwin Weber PLLC?

7.  Do any of you recognize the judge or any of the court personnel involved in this case? If so, who do you recognize, and in what context have you come in contact with him or her?

8.  Do you have any personal knowledge of the events that occurred at the United States Capitol on January 6, 2021?

9.  Do you have any opinions about the events of January 6, 2021, that would make it difficult for you to remain impartial?

10. Do you believe that being present in the US Capitol on January 6, 2021 necessarily implies wrongdoing?

11. Are you familiar with media reports or footage related to January 6, 2021? Would such exposure affect your ability to decide this case solely on the evidence presented in court?

12. Do you have any personal or professional experience with mental health conditions, traumatic brain injuries, or suicide that might affect your ability to be impartial in this case?

13. Have you ever been involved in a wrongful death lawsuit? If so, how?

14. Do any of you now work, or have any of you ever worked in the legal field (e.g., as a lawyer, judge, paralegal, or court staff) in any capacity? If so, please describe your employment, including the name of your employer, the location of your employment, the length of your employment, and the nature of the tasks you performed.

15. Do any of you now work, or have any of you ever worked in the medical field (e.g., as a nurse ,doctor, risk management, or other medical staff) in any capacity? If so, please describe your

employment, including the name of your employer, the location of your employment, the length of your employment, and the nature of the tasks you performed.

16. Do any of you now work, or have any of you ever worked for a law enforcement/police agency in any capacity? If so, please describe your employment, including the name of your employer, the location of your employment, the length of your employment, and the nature of the tasks you performed.?

17. Have any of you or your close personal relatives or friends suffered mental health issues related to trauma, stress, or depression? If the answer is yes, please describe those injuries?

18.  Have any of your close personal relatives or friends committed suicide? If the answer is yes, would that affect your ability to be impartial in this case?

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                           *

      Plaintiffs                           *

v.                                           *         Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al                   *

      Defendants                           *

## PLAINTIFFS; PROPOSED VERDICT FORM

1.      Do you find the Defendant committed an assault on Jeffrey Smith?

Yes ____      No ____.

If your answer is no, stop and return your verdict. If your answer is yes, proceed to question number 2.

2.      If your answer to question number one is yes, do you find that the assault caused injuries to Jeffrey Smith?

Yes ____      No ____.

If your answer is no, stop and return your verdict. If your answer is yes, proceed to question number 3.

### SURVIVORSHIP CLAIM

3.      If your answer to question two is yes, how much do you find that the Estate of Jeffrey Smith is entitled to receive?

$_____.

Proceed to number 4.

### WRONGFUL DEATH CLAIM

4.      Do you find that the find that the assault caused the death of Jeffrey Smith?

Yes _____      No _____.

If your answer is no, proceed to question 6.  If your answer is yes, proceed to question number 5.

5.      If your answer to question two is yes, how much do you find that the Estate of Jeffrey Smith is entitled to receive (in addition to any amount awarded in number 3)?

$_____.

Proceed to number 6.


**PUNITIVE DAMAGES**

6.      Do you find that Plaintiffs Erin Smith and/or the Estate of Jeffrey Smith are entitled to punitive damages?

Yes _____      No _____.

If your answer is no, stop and return your verdict.  If your answer is yes, proceed to question number 7.

7.      If your answer to question six is yes, how much do you find Erin Smith and/or the Estate of Jeffrey Smith is entitled to receive?

$_____ Erin Smith and/or

$_____ The Estate of Jeffrey L. Smith


_____
Jury Foreperson

_____

Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.                          *

     Plaintiffs                              *

v.                                          *          Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al                  *

     Defendants                            *

**<u>DEFENDANT'S PROPOSED VERDICT FORM</u>**
**<u>Plaintiffs' object to Defendant's verdict form</u>**

1.  Do you find that Defendant David Walls-Kaufman threatened or attempted to cause physical harm or offensive contact with Jeffrey Smith?

       Yes _____          No _____

*If your answer to Question 1 is "Yes" please proceed to Question 2. If you answer to Question 1 is "No" please skip to Question # 5.*

2.  Do you find that Defendant David Walls  Kaufman intended to cause physical harm or offensive contact with Jeffrey Smith or to Place Jeffrey Smith in fear of such imminent harm or contact?

       Yes _____          No _____

*If your answer to Question 2 is "Yes" please proceed to Question 3. If you answer to Question 1 is "No" please skip to Question # 5.*

3.  Do you find that Jeffrey Smith was placed in apprehension of imminent harm or contact?

Yes_____                                        No_____


4.  What amount of damages, if any, do you award to Jefferey Smith for his assault claim by a

preponderance of the evidence for each of the following categories:

Compensatory Damages                $_____

5.    Do you find that Defendant David Walls-Kaufman intentionally caused a harmful or

offensive contact with Jeffrey Smith on January 6, 2021?

Yes _____                              No _____

*If your answer to Question 5 is "Yes" please proceed to Question 6. If you answer to Question 1*

*is "No" your service is completed.*

6.  Do you find that Defendant David Walls Kaufman  acted without Jeffrey Smith's consent;

Yes _____                              No _____

*If your answer to Question 5 is "Yes" please proceed to Question 6. If you answer to Question 5*

*is "No" your service is completed.*

7. Do you find that the Defendant's actions caused injuries Jeffrey Smith.

Yes _____                              No _____

*If you answer "Yes" to both, what amount of damages do you award?*

Compensatory Damages                $_____