UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.     *

  Plaintiffs      *

v.          *  Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al *

  Defendants     *

## MEMORANDUM IN SUPPORT
## ADMISSION OF DECEDENT'S STATEMENTS AS EXCEPTION TO HEARSAY
## UNDER FEDERAL RULE OF EVIDENCE 803(3) AND CASE LAW

At the Pretrial Hearing on June 10, 2025, Plaintiffs argued that the words of Police Officer Jeffery L. Smith ("Decedent") should be admissible as evidence of his state of mind. The court questioned the admissibility of these statements under the hearsay rule and invited that Plaintiffs brief the court on the admissibility of Decedent's statements.

Officer Smith's statements, while hearsay, should be allowed under Federal Rule of Evidence 803(3). Rule 803(3) is the exception to hearsay that covers *then-existing mental, emotional, and physical conditions.* The Rule defines this as a "statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or *emotional, sensory, or physical condition* (such as *mental feeling, pain, or bodily health*), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." (Fed. R. Ev. 803(3) Emphasis Supplied).

In the present matter, Plaintiffs believe that Officer Smith's statements fall under this exception, as they are being used to show *the change in his mental state* after January 6th, rather

than for the actual truth of the statements. Exceptions to hearsay under Federal Rule of Evidence 803 apply even if the declarant is unavailable.

Plaintiff would like to bring the case *United States v. Brown*, 490 F.2d 758 (DC Cir. 1973) to the court's attention. In *Brown*, the DC Circuit considered whether the trial court could properly allow the deceased victim's statement as evidence under Federal Rule of Evidence 803(3) in a homicide case against the defendant. While *Brown* ruled in favor of the criminal defendant, this is the DC Circuit case setting forth the criteria in which courts in the District of Columbia must decide whether to admit a decedent's statements, and it discusses both criminal and civil matters. The DC Circuit began by noting "the state of mind exception to the hearsay rule allows the admission of extrajudicial statements to show the state of mind of the declarant at that time if that is at issue in the case." *Brown,* 490 F.2d at 762. The DC Circuit instructed trial courts to consider the rule as follows:

> a victim's extra-judicial declarations of fear of the defendant are admissible under the state of mind exception to the hearsay rule with a limiting instruction only if there is a manifest need for such evidence, i.e., if it is relevant to a material issue in the case. Where there is a substantial likelihood of prejudice to the defendant's case in the admission of such testimony, it is inadmissible if it bears only a remote or artificial relationship to the legal or factual issues raised in the case.

*Brown,* 490 F.2d at 773-774. Essentially, the DC Circuit instructed that if the statement is relevant to the material issue of the case, a decedent's statements of then existing mental, emotional, or physical states should be admitted if it is relevant to the material issue of the case. A balancing test should be used to determine if the statements should come in, using relevance and prejudice. Importantly, even if a statement is prejudicial, it can be admitted with a limiting instruction for the jury, as a limiting instruction is sufficient to prevent dangers of jury misuse. *Brown,* 490 F.2d at 764.

2

Other relevant cases also cite *Brown* to support the admission of evidence as to the state of mind of a party. In *United States v. Hayes*, 369 F.3d 564 (D.C. Cir. 2004), the DC Circuit stated that the trial court had erred in not admitting an audio tape that was hearsay, as it should have been admitted for the state of mind of the declarant. *Hayes*, 369 F.3d at 568. Another case in which hearsay was improperly excluded from evidence is *United States v. Parry*, 649 F.2d 292 (5th Cir. 1981). In this case, the government tried to have statements by the defendant barred as hearsay and argued that the prejudicial nature was stronger than its relevance. However the 5th Circuit held that "the dangers associated with the jury's possible misuse of the out-of-court statement are not sufficient to require that the evidence be excluded. The court should admit the statement and give a limiting instruction that the statement is admissible only as circumstantial evidence of [defendant's] knowledge and not as evidence of the truth of the matter asserted." *Parry*, 649 F.2d at 295.

## RELEVANCE

In *Brown,* the DC Circuit breaks relevance down into two parts. "Close examination reveals that there are in fact two 'relevances' which must coexist. **First, the victim's state of mind must be relevant to some material issue in the case as, for example, where an issue of self-defense,** *suicide***, or accidental death** *is raised by defendant*. Second, the extrajudicial statement itself must be probative on that question of the victim's state of mind once it is conceded that this is a valid and relevant inquiry." *Brown,* 490 F.2d at 774 (Emphasis supplied). The court wanted to see firstly that the state of mind would be relevant to a material issue in the case. In the present matter, Officer Smith's statements about his mental condition are highly relevant and probative in proving that there was a change in his behavior after January 6th and his encounter with the Defendant, leading to his suicide.  As one example, statements that Officer

Smith made that he engaged in "hand-to-hand combat" indicate that he was thinking about the actual confrontation with Kaufman before his suicide. By only referencing the hand-to-hand combat, but not the bolt-from-the-blue pole that hit him hours later, this clearly demonstrates Decedent's then-existing state of mind when he said the statements to the witnesses who will testify in open court. The only hand-to-hand combat captured on Officer Smith's BWC the entire day of the insurrection was with Defendant Kaufman. Other evidence that will be adduced at trial will show that Officer Smith then reviewed his own BWC at home repeatedly before his death – again indicating his then-existing state of mind that he was trying to determine what happened to him on January 6, all while talking with others about it.

The second prong of relevance is for the actual statement to be reflective on the state of mind of the declarant. *Brown*, 490 F.2d at 774. It is Plaintiffs' view that the statements they intend to use would go directly to Decedent's mental state at the time the statements were made to his wife, friends and colleagues, and later when he drove to work on his last day, ultimately taking his life. All these statements were made after January 6, just prior to his death.

## **PREJUDICE**

The DC Circuit in *Brown* stated the following about prejudice:

> Prejudice is, of course, just another way of saying "harm to defendant's case." The crucial inquiry is how *much* harm will ensue and how *likely* it is to occur. This in turn is weighed against the need for the evidence as dictated by the two "relevances" described above. The likelihood of the harm resulting can in turn be translated essentially into the question of the probability of jury misuse of the testimony as measured by the probable efficacy of the limiting instruction. We do not mean to infer that prejudice should be presumed in most cases to outweigh need, for some prejudice is bound to occur.

*Brown*, 490 F.2d at 775. Essentially the DC Circuit instructed that the trial court should look at the weight of the evidence opposed to its prejudicial nature, and while there will always be some, to

determine if the statements should be admitted.  However the statements being prejudicial does not mean that it outweighs the relevance of the evidence. The DC Circuit noted that in civil cases particularly, there is less prejudicial circumstances than in criminal ones: "*In civil cases, such evidence is perhaps somewhat more freely admitted than in criminal actions since the prejudice often seems less pronounced*. Yet even in civil cases, the limited utility of the special instruction with regard to such statements has been recognized." *Brown,* 490 F.2d at 764 (Emphasis Supplied).

<u>**CONCLUSION**</u>

Based on the ruling and rules laid out in *Brown*, which remains the leading case on the use of declarants' statements in the DC Circuit, this court should allow Officer Smith's statements that go to his state of mind after January 6th. If the court has some concern about the statements being too prejudicial, then the Plaintiffs request that the court use a limiting instruction for the jury to only consider the statements as a reflection of Officer Smith's mental state and not for the purpose of whether the statements are for the truth. As the DC Circuit stated, "It should be emphasized that in the great majority of cases the limiting instruction is probably sufficient to so minimize the dangers of jury misuse as to prevent most serious prejudice." *Brown,* 490 F.2d at 764.

_____/s/ *Dr. David P. Weber*
Dr. David P. Weber, #468260
Richard J. Link, Esq.
GOODWIN WEBER PLLC
11115 Lake View Ln, #1698
Berlin, MD 21811(301) 850-7600
David.weber@goodwinweberlaw.com
richard.link@goodwinweberlaw.com
Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was electronically served, this 12th day of June, 2025, to:  Hughie Hunt, Esq. KEMET HUNT LAW GROUP, INC., 7845 Belle Point Drive, Greenbelt, MD 20705  hhunt@kemethuntlaw.com

_/s/ *Dr. David P. Weber*_
Dr. David P. Weber