UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIN SMITH, et al.           *

    Plaintiffs                *

v.                           *       Case No. 21-CV-02170

DAVID WALLS-KAUFMAN, et al   *

    Defendants                *

## JURY INSTRUCTIONS

### Evidence Defined

You may consider only the evidence admitted in the case. The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties. You may consider any facts to which the parties have stipulated or agreed to be undisputed.

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence. Similarly, the questions of the lawyers are not evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial. Although the court reporter has been transcribing the trial, a transcript will not be available for you to review during your deliberations.

## Evidence – Direct, Indirect and Circumstantial

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## Burden of Proof

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of her claim by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true. The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then your finding on that issue must be for the defendant.

In arriving at your verdict, you should consider only the evidence in this case. That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable conclusions as you feel are justified in the light of your experience and common sense. You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it. You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

## Assault

The plaintiff has brought a claim of assault. Here is the legal definition of an assault. An assault occurs when one person intentionally threatens or attempts to cause physical harm or offensive contact with another person. An assault can also occur when one person intentionally causes an apprehension—that is, a fear—of imminent physical harm or offensive contact with another person. It must appear to the victim that the person making the threat or attempt has the present ability to carry out the harmful or offensive contact. An assault can occur by words or acts, and actual physical contact is not necessary.

If you find that the defendant has committed an unlawful assault on the plaintiff, then your verdict must be for the plaintiff.

## Battery

The plaintiff has brought a claim of battery. A battery occurs when one person intentionally touches or uses force on another person in a harmful, offensive, or insulting way. The term "touching" includes direct contact. "Touching" also refers to putting an object into motion that directly contacts another person or that contacts something connected with that person.

The defendant cannot be liable for battery if the plaintiff consented to be touched.

If you find that the defendant has committed an unlawful battery on the plaintiff, then your verdict must be for the plaintiff.

## Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. Objections are not evidence. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.

Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

## Credibility of Witnesses

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone determine whether to believe any witness and to what extent any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility. You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case. You may consider the plausibility or implausibility of the testimony of a witness. You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

## Number of Witnesses and Exhibits

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side—it depends on the quality, and not the quantity, of the evidence. It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a small number of exhibits on one side or the testimony of a greater number of witnesses or a greater number of exhibits on the other side.

## Expert Opinion

In this case, you have heard the testimony of Grant Fredericks whose opinions concern forensic video analysis, as well as Dr. Jonathan Arden, a forensic pathologist. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider opinion evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

During the testimony of expert witnesses in this case, you have heard an expert refer to information that was not otherwise introduced or admitted into evidence. This information is relevant only to explain what the experts relied upon in forming his/her/their opinions. You may not consider the expert's testimony to be evidence of the truth of that information. You may consider this information only for the purpose of evaluating the expert's opinion and not for any other purpose.

## Impeaching Witnesses

You have heard evidence that a witness previously made statements and that these statements may be inconsistent with the witness's testimony here at trial. It is for you to decide whether any of these prior statements was made and, if one or more was made, whether it is inconsistent with the witness's testimony during this trial. If you find that any prior statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.

In one respect, the law treats prior statements that are inconsistent with court testimony differently depending on whether or not the prior statement was made under oath. If the prior inconsistent statement was made under oath, you may consider the statement as evidence that what the witness originally said was true. If the prior inconsistent statement was not under oath, you may not consider it as evidence that what the witness said in the earlier unsworn statement was true. Whether or not the prior inconsistent statement was under oath, you may consider the inconsistency in judging the witness's credibility.

**Adopting Prior Inconsistent Statements**

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior inconsistent statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

## Failure to Produce Witness or Other Evidence

If a party failed to produce relevant evidence or failed to a call a witness that could have given relevant testimony, and that evidence or witness was particularly available to that party, and that party did not sufficiently explain why the evidence or witness was not produced, then you are permitted to infer that the evidence or witness would have been unfavorable to the party who failed to produce the evidence or witness.

## Function of the Jury and Considering Instructions as a Whole

Before I excuse you to deliberate, I want to discuss a few final matters with you. During your deliberations, you must consider the instructions as a whole. All of the instructions are important. You must not ignore or treat any single instruction or part of an instruction differently than the other instructions.

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence.

You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. Consider selecting a foreperson who will encourage civility and mutual respect, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of the evidence.

## Unanimity and Duty to Deliberate

The verdict must represent the considered judgment of each juror. In order to return a verdict, your verdict must be unanimous—that is, each juror must agree to the verdict.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict. You must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions. However, you should seriously consider the views of your fellow jurors, just as you expect them seriously to consider your views, and you should not hesitate to change an opinion if you are convinced by other jurors.

Remember that you are not advocates but neutral judges of the facts. You will make an important contribution to the cause of justice if you arrive at a just verdict in this case. Therefore, during your deliberations, your purpose should not be to support your own opinion but to determine the facts.

## Beginning of Deliberations

It may not be useful for a juror, at the start of deliberations, to announce a determination to stand for a particular verdict. When a juror announces a firm position at the outset, the juror may hesitate to back away after discussion with other jurors.

Furthermore, many juries find it useful to avoid a vote at the very beginning of deliberations. Calmly reviewing and discussing the case is often a more useful way to begin. Remember that you are not partisans or advocates, but judges of the facts.

**Communications Between Court and Jury**

If it becomes necessary during your deliberations to communicate with me, you may send a note, signed by your foreperson or by one or more members of the jury. If you have a note, the foreperson should knock on the courtroom door, and the clerk will get the note and give it to me. If you are divided on any matter, you should not reveal in any note or otherwise how the jury is divided.

## Delivering the Verdict

When you have reached your verdict, send me a note—signed by the foreperson—telling me you have reached your verdict. Do not tell me in the note what your verdict is. I will put a verdict form in the front of the binder with the instructions. The foreperson should fill out and sign the verdict form. I will then call you into the courtroom and ask the foreperson for the verdict form and for your verdict.