UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIN SMITH, et al. | * |
| Plaintiffs | * |
| v. | *   Case No. 21-CV-02170 |
| DAVID WALLS-KAUFMAN, et al | * |
| Defendants | * |

## **AFFIDAVIT**

COMES NOW your Affiant, Dr. David P. Weber, and states upon personal knowledge, information and belief as follows;

1. I am over the age of 18 and I am competent to testify on the matters contained herein.

2. This Affidavit is offered in support of the Plaintiffs' Motion to Enforce Settlement Agreement.

3. I am an attorney licensed to practice in the state, local and federal courts of the District of Columbia; Virginia; Maryland; and New York. I am one of the counsel for Erin Smith and the Estate of Jeffrey L. Smith (pending in Fairfax County, Virginia) in the above-captioned case.

4. On June 2, 2025, I appeared for a Zoom mediation before U.S. Magistrate Judge Matthew Sharbaugh. Also present were Erin Smith; Attorney Hughie Hunt and Defendant David Walls-Kaufman. The case did not settle.

5. From June 16 to June 23, 2025, this case was tried before a jury. My law partner, Richard J. Link, and I tried this case together, along with the able assistance of our law clerk Micah J. Weber.

6. On June 23, 2025, the jury entered a verdict in favor of Plaintiffs for $500,000. Immediately after the jury verdict, Judge Reyes spoke to the parties in open court and urged the parties to return to mediation to attempt a final resolution of this case. At that time, the parties discussed and then agreed to postpone the deadlines to file posttrial motions specifically to afford the parties the opportunity to return to Magistrate Judge Sharbaugh.

7. In accordance with this discussion, the parties prepared a Joint Motion to Extend the deadlines of filing post-judgment motions, which the Court granted on June 30, 2025 (ECF #134).

8. Between July 3, 2025 and July 7, 2025, counsel exchanged emails with Magistrate Judge Sharbaugh to schedule the mediation. (Ex. 1). Attorney Hunt's email of July 3, 2025 accurately reflected that the parties were desirous of resolving this matter without an appeal and that the parties were motivated to move the case

forward to resolution. (Ex. 1, p. 2). The mediation was scheduled for July 8, 2025 via Zoom.

9. On July 8, 2025, Erin Smith and I appeared for the mediation via ZOOM. Attorney Hughie Hunt and Defendant David Walls-Kaufman also appeared. The Magistrate Judge separated the parties into different remote meeting rooms. I personally observed that Defendant David Walls-Kaufman was present.

10. After four (4) hours of intense negotiation, both parties orally advised the Magistrate Judge that they agreed to the material terms of the settlement agreement. The Magistrate Judge said he would reduce the agreement to writing and wanted the parties to reply to his email in writing to confirm their oral agreement.

11. On July 8, 2025, at 4:38 pm., Judge Sharbaugh emailed counsel and expressly recited the material terms of the agreement that had been reached. (Ex 2, pp. 1, 3). The settlement terms included the payment amount ($475,000); the payment schedule (three years); a mutual waiver of post-trial motions and all appeals; and contained a release of claims. Judge Sharbaugh directed the parties as follows: "To signify your agreement, please separately reply all to this email, "Agreed." (Ex. 2, p. 1).

12. On July 8, 2025 at 4:42 pm, I emailed Judge Sharbaugh on behalf of Plaintiffs Erin Smith and the Estate of Jeffrey L. Smith, stating: "Plaintiffs Agree. Thank you judge and Mr. Hunt for getting to this point." (Ex. 2, p. 2). Magistrate Judge Sharbaugh's email accurately recited the settlement terms. The agreement resolved all of the litigation, and spelled out the compromise payment amount of $475,000, together with the logistics of payment (over three years). The agreement also detailed what would happen in the event of default.

13. On July 8, 2025 at 4:44 pm, two minutes later, Attorney Hughie Hunt responded on behalf of Defendant Kaufman: "Defendant Agrees. Thank you, I am glad we could work this out and all parties can move on." (Ex 2, p. 1).

14. Based on the email exchange between the parties, my client and I firmly believed that we had a final and binding settlement agreement.

15. On July 17, 2025, I emailed a draft of the proposed written settlement agreement to attorney Hunt. (Ex. 3). However, I never received it back.

16. On July 21, 2025, Mr. Hunt sent an email advising me that his client had discharged him and that a new attorney (Heba Carter) would be representing Defendant Kaufman.

17. On July 23, 2025, I emailed attorneys Hunt and Carter, notifying them

that Defendant Kaufman was in breach of the settlement agreement by failing to tender the initial payment of $165,000 by Tuesday, July 22, 2025.  (Ex. 4).

18. To date, no payment has been received from the Defendant and he is in default under the plain terms of the settlement agreement.

Pursuant to 28 USC 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:

| | |
|---|---|
| July 26, 2025 | /s/ Dr. David P. Weber |
| DATE | DR. DAVID P. WEBER |