


## Proposed Consent Order and Settlement Agreement

**From** David Weber <david.weber@goodwinweberlaw.com>
**Date** Thu 7/17/2025 11:45 AM
**To** Hughie Hunt <hhunt@kemethuntlaw.com>
**Cc** Richard Link <richard.link@goodwinweberlaw.com>; Micah J. Weber <micah.weber@goodwinweberlaw.com>

2 attachments (118 KB)
7-17-2025 Confessed Judgment and Settlement Agreement.docx; 7-16-2025- Smith v Kaufman - Consent to US Magistrate Judge.pdf;

Hughie: Please see the attached proposed settlement agreement and consent order.

If you can please use redline to let us know what needs to be changed (if anything). I believe we encompassed everything that we agreed upon but let me know if we missed anything.

Thank you,

**Dr. David P. Weber, CFE**
**Attorney at Law**
**GOODWIN WEBER PLLC**
**Attorneys Practicing in Virginia, Maryland and DC**
4073 Main Street, Second Floor
Chincoteague Island, VA 23336
**Direct** (757) 849-0222
**Email** david.weber@goodwinweberlaw.com

**Please send all mail (including Fedex/UPS) to:**
Goodwin Weber PLLC
11115 Lake View Ln #1698
Berlin, MD 21811
**Please visit our website:** http://goodwinweberlaw.com/

---

Confidentiality
The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. Unless you are a current client of the firm, it is not intended as legal advice, and may not be relied upon or used as legal advice. Nor does this communication establish an attorney client relationship between us until a written engagement has been made. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

PLAINTIFF'S EXHIBIT 3
ALL-STATE LEGAL®

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIN SMITH, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No. 21-CV-02170 |
| DAVID WALLS-KAUFMAN, et al | * | |
| Defendants | * | |

**CONSENT JUDGMENT WITH STAY OF EXECUTION**

UPON CONSIDERATION of the agreement of the parties that they have reached a Settlement resolving all claims, it is by the United States District Court for the District of Columbia,

ORDERED, that the court hereby accepts and approves the Settlement Agreement (attached as Exhibit "A") as a fully binding enforceable agreement between the parties, and it is hereby enforceable as an Order of this Court; and it is further;

ORDERED, that judgment be and it is entered in favor of Erin Smith (individually and on behalf of the Estate of Jeffrey Smith) and against David Walls Kaufman in the sum of $465,000.00; and it is further,

ORDERED, that any execution and enforcement of this judgment is hereby STAYED (including any request for interest or costs as provided in the Settlement Agreement) as provided in the Settlement Agreement; and it is further,

ORDERED, in the event of default, the Plaintiffs may proceed with execution and enforcement of the judgment, by filing a Motion to Reopen, detailing the breach

and the balance remaining due in accordance with the Settlement Agreement.

____________________
Date

_________________________________
Magistrate Judge Matthew J. Sharbaugh

_____________________________________________________
Erin Smith, Individually and
As Personal Representative of the
Estate of Jeffrey Smith

__________________________
Dr. David P. Weber
Counsel for Plaintiffs

__________________________
David Walls-Kaufman
Defendant

__________________________
Hughie Hunt
Counsel for Defendant

**SETTLEMENT AGREEMENT**

This Settlement Agreement is entered into on this ___ day of July 2025, by and between Erin Smith (individually and as Personal Representative of the Estate of Jeffrey Smith- hereafter "Smith"), and David Walls Kaufman (hereafter "Kaufman").

WHEREAS, on or about August 11, 2021, Smith a filed a civil action in the United States District Court for the District of Columbia (*Erin Smith, et al v David Walls Kaufman*, Case #21-CV-02170) ("the civil action");

WHEREAS the civil action alleged intentional misconduct on the part of Kaufman that formed one or more intentional torts within the meaning of Title 11, United States Code, which are not dischargeable in bankruptcy;

WHEREAS the parties proceeded to a jury trial on June 16, 2025; and

WHEREAS on June 23, 2025 the jury entered a verdict in favor of Smith and against Kaufman in the amount of $500,000.00;

WHEREAS the verdict in favor of Smith and against Kaufman found liability due to intentional misconduct and torts which are not dischargeable in bankruptcy; and

WHEREAS, the Parties wish to resolve all disputes and differences relating the lawsuit, any post-judgment motions and any appeal, and to avoid the burden, risks, and continued expense of further prosecution and defense of these claims; and

WHEREAS in lieu of further litigation (including post-judgment motions and appeals), on July 8, 2025, the parties attended a mediation conference with U.S. Magistrate Judge Matthew J. Sharbaugh and agreed to a settlement in lieu of further

litigation;

NOW THEREFORE, in consideration of the foregoing, and for other consideration which the parties hereby acknowledge, the parties agree as follows:

1. The representations above are hereby incorporated as essential terms of this agreement. This consent settlement agreement shall be "so ordered" and entered by the Court into the record as an enforceable order of the Court.

2. **Settlement Amount and Payment**

Judgment is hereby entered in favor of Smith and against Kaufman in the sum of $465,000. Kaufman shall pay Smith the judgment amount of $465,000 on the following schedule:

$165,000 on July 22, 2025

$150,000 on July 1, 2026

$150,000 on July 1, 2027.

Payment shall be via certified check made payable to Goodwin Weber PLLC Attorney Trust Account and sent to the law firm of Goodwin Weber PLLC at the address noted below, as may be updated by notice in the format specified below to Kaufman from time to time.

No interest shall accrue on this judgment; provided, however, that in the event that Kaufman defaults in payment by failing to timely make any payment (or otherwise), or engage in any action of default, including but not limited to any petition in bankruptcy or act in favor or contemplation of insolvency by Kaufman or any creditor

of Kaufman other than Smith, interest shall accrue on the balance due at the federal rate commencing on the date of this Settlement Agreement. So long as Kaufman timely makes the payments required in this Settlement Agreement, Smith will forebear on collection of the debt herein; provided, however, in the event that Kaufman fails to timely make payments in accordance with this Settlement Agreement, then in that event the entire balance shall be immediately due and owing (with a credit for any payments made). Smith shall be entitled to begin enforcement of the entire debt (principal plus interest) without the consent of Kaufman to the full extent permitted by law. Kaufman shall also then be liable for the attorneys fees of Smith in enforcement of the debt. The parties expressly agree that the debt and judgment is for the payment of a debt for an intentional tort of assault and battery and that it is a non-dischargeable debt under 11 U.S.C. § 523(a)(6). Kaufman expressly agrees that he shall take no action or position, and not permit any attorney acting upon his behalf, to take any action or position on his behalf that disputes the non-dischargeability of this Consent Judgment and debt before any bankruptcy court.

3. **Entry of a Consent Judgment with a Stay of Execution**

The parties agree that this Settlement Agreement and Consent Order shall resolve the pending civil case and that this case shall be removed from the active docket. The parties expressly agree that they will forego any posttrial motions or appeals. The parties agree that the judgment shall be stayed with a stay of execution conditioned upon compliance with the terms of this Settlement Agreement. The parties further

agree that should there be any disputes concerning this Settlement Agreement or Consent Judgment, it shall be resolved before the Court by reopening this case.

4. **Tax Treatment**

The payments made by Kaufman to Smith under this Consent Judgment and Settlement Agreement shall be deemed non-economic damages for pain and suffering. Smith maintains that these payments are non-economic damages and thus, are non-taxable income under the Internal Revenue Code. Kaufman takes no position as to how these payments are classified for tax purposes but in no event shall he bear responsibility or liability should the IRS reclassify any or all of the payments as something other than non-economic damages.

5. **Confidentiality and Non-Disparagement**

This Settlement Agreement and Consent Judgment shall not be confidential. In addition, either party is free to make any statement or communication concerning the other party of the underlying lawsuit, as there is no non-disparagement obligation; provided, however, that either party bears the ordinary legal risk for any statement or communication made *after* this Settlement Agreement and Consent Judgment is signed and filed with the Court.

6. **Releases**

In consideration of the settlement of the civil case and the other good and valuable consideration mentioned above, the sufficiency and receipt of which is hereby acknowledged, Smith hereby irrevocably and unconditionally releases,

remises, acquits and forever discharges Kaufman, and his attorneys or accountants or professional advisors from and against any and all claims, demands, actions, suits and causes of action at law, in equity or based on statute or regulation, including claims for damages, attorney's fees and costs, that she or the Estate of Jeffrey Smith now has, has had, or hereafter may have, whether known or unknown, complete or inchoate, including those in any way arising out of or in any manner relating to allegations that gave rise to the civil action. Smith further represents and warrants that she has the authority to grant the forgoing release and that she has not sold, transferred, conveyed, assigned, or otherwise disposed of any right or interest that would compromise her respective right and ability to provide the foregoing release.

In consideration of the settlement of the civil case, and other good and valuable consideration mentioned above, the sufficiency and receipt of which is hereby acknowledged, Kaufman hereby irrevocably and unconditionally releases, remises, acquits and forever discharges Smith, and her attorneys or accountants or professional advisors from and against any and all claims, demands, actions, suits and causes of action at law, in equity or based on statute or regulation, including claims for damages, attorney's fees and costs, that he now has, has had, or hereafter may have, whether known or unknown, complete or inchoate, including those arising out of the civil action. Kaufman further represents and warrants that he has the authority to grant the forgoing release and that he has not sold, transferred, conveyed,

assigned, or otherwise disposed of any right or interest that would compromise his respective right and ability to provide the foregoing release.

The foregoing releases shall not be applicable to the obligations of any Party provided for by this Settlement Agreement and Consent Judgment or any claim for breach of same by any Party.

7. **Notices**

All notices and other communications pertaining to this Settlement Agreement and Consent Judgment shall be in writing and shall be considered to have been duly given when (1) delivered by hand; (2) sent by email, provided that a copy is mailed within 24 hours by first class mail,; or (3) sent by Express Mail, Federal Express or other delivery service (receipt requested), or by first class certified mail, return receipt requested, in each case to the appropriate addresses or facsimile numbers set forth below, or to such other addresses and facsimile numbers as a part may from time to time designate.

Notice to Smith shall be provided to:

Dr. David P. Weber
Goodwin Weber PLLC
11115 Lake View Ln #1698
Berlin, MD 21811
Tel. (301) 850-7600
Email: david.weber@goodwinweber.com

Notice to Kaufman shall be provided to:

Hughie Duvall Hunt, II
KEMET HUNT LAW GROUP, INC.
7845 Belle Point Drive
Greenbelt, MD 20705
Tel. 301-982-0888
Email: hhunt@kemethuntlaw.com

**8. Attorney's Costs and Fees**

Each Party shall bear his/her own attorney's fees and other costs in connection with the litigation and the execution of this Settlement Agreement and Consent Judgment.

**9. Intent to be Legally Bound**

This Settlement Agreement and Consent Judgment is binding on the successors and assigns of each of the Parties and constitutes the entire agreement between the Parties. This Settlement Agreement and Consent Judgment is legally binding and enforceable, and resolves all matters arising with respect to the subject matter hereof.

**10. Severance**

This Agreement and Consent Judgment shall be construed, in any case where doubt may arise, in such a manner as will make it lawful and fully enforceable, and in the event that any part hereof shall be deemed unenforceable or illegal, then it is

the intention of the Parties that such part be severed, and that only the remainder be enforced.

**11. Governing Law and Enforcement**

This Settlement Agreement and Consent Judgment and any claim, controversy or dispute arising out of or relating to this Agreement, the relationship of the Parties and/or the interpretation, construction, and enforcement of the Agreement and/or Judgment shall be governed by the substantive law (without regard to conflicts of law principles) of Washington, D.C.

**12. Integration**

This Settlement Agreement constitutes the entire agreement between and among the Parties with respect to the subject matter hereof, and terminates and supersedes all prior representations, promises, inducements, or other communications, whether oral or written. This Settlement Agreement cannot be orally amended, modified, waived, or terminated, and no provision hereof may be amended, modified, waived or terminated, except in writing and duly signed by the Party against whom such amendment, modification, waiver, or termination is asserted.

**13. Construction**

The Parties have had the benefit of the advice of counsel of their own choice in negotiating, drafting, and executing this Settlement Agreement and Consent Judgment and the language of same is the product of the effort of all counsel.

Accordingly, neither the Settlement Agreement and Consent Judgment nor any provision in them shall be: (1) deemed to have been prepared or drafted by any particular Party, or (2) construed against any Party on the ground that such party drafted same or any provision thereof.

**14. Counterparts**

This Consent Settlement Agreement and Consent Judgment may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, this Settlement Agreement and Consent Judgment have been duly executed and delivered by the below individuals and duly authorized officers, agents and/or representatives of the undersigned on the dates written below.

**SIGNATURES ON THE FOLLOWING PAGES:**

**ERIN SMITH, Individually**

Print Name: ______________________________

Signature: _____________________________(SEAL)

Date: _____________________________________

STATE OF __________________________
COUNTY OF _________________________, to-wit:

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that Erin Smith, whose name is signed above to the foregoing and annexed instrument, did appear before me this day and acknowledged the same before me to be her act and deed in the capacity indicated.

SUBSCRIBED AND SWORN to before me this __ day of ________________________, 2025.

____________________________
NOTARY PUBLIC

My Commission Expires: ____________________

**ERIN SMITH, Personal Representative of the Estate of Jeffrey Smith**

Print Name: ______________________________

Signature: _____________________________(SEAL)

Date: _____________________________________

STATE OF ___________________________
COUNTY OF ___________________________, to-wit:

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that Erin Smith, Personal Representative of the Estate of Jeffrey Smith, whose name is signed above to the foregoing and annexed instrument, did appear before me this day and acknowledged the same before me to be her act and deed in the capacity indicated.

SUBSCRIBED AND SWORN to before me this __ day of _________________________, 2025.

_____________________________
NOTARY PUBLIC

My Commission Expires: ____________________

**DAVID WALLS KAUFMAN, Individually**

Print Name: ___________________________

Signature: __________________________(SEAL)

Date: _________________________________

STATE OF ________________________
COUNTY OF ______________________, to-wit:

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that David Walls Kaufman, whose name is signed above to the foregoing and annexed instrument, did appear before me this day and acknowledged the same before me to be his act and deed in the capacity indicated.

SUBSCRIBED AND SWORN to before me this __ day of ______________________, 2025.

_________________________
NOTARY PUBLIC

My Commission Expires: ___________________

AO 85 (Rev. 02/17) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of Columbia

ERIN SMITH
*Plaintiff*
v.
DAVID WALLS KAUFMAN
*Defendant*

Civil Action No. . 21-CV-02170

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
| --- | --- | --- |
| ERIN SMITH, individually & Personal Rep. | /s/ David P. Weber | 07/10/2025 |
| DAVID WALLS-KAUFMAN | /s/ Hughie Hunt | 07/10/2025 |
| | | |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: ________________

*District Judge's signature*

Ana C. Reyes, United States District Judge
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.