UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ERIN SMITH, et al.** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| | * | |
| v. | * | Case No. 21-CV-02170 |
| | * | |
| **DAVID WALLS-KAUFMAN, et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

**DEFENDANT DAVID WALLS-KAUFMAN'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO WAIVE ATTORNEY-CLIENT PRIVILEGE**

COMES NOW Defendant Dr. David Walls-Kaufman ("Dr. Kaufman"), and hereby files his Brief in Opposition to the Plaintiff's Motion to Waive Attorney-Client Privilege and in support thereof states as follows:

**BACKGROUND**

This matter is between Dr. Kaufman and Plaintiffs Erin Smith, as Personal Representative of the Estate of Jefferey Smith, and Erin Smith (collectively "Plaintiffs"). On July 8th, after trial, the Parties attended a virtual mediation conference before Magistrate Judge Matthew J. Sharbaugh. At the conclusion of the conference, the Parties outlined certain terms of a potential settlement agreement. An email was thereafter circulated among counsel and Hon. Judge Sharbaugh. This email articulated an agreement *in principle*. The email specifically indicates that the Parties had simply reached "a settlement in principle" but that neither Party had prepared, reviewed or signed a written settlement agreement outlining all the terms by which they would have agreed to be bound.

At no time did Dr. Kaufman provide any indication in writing that he had accepted the proposed settlement terms. Dr. Kaufman never sent an email or written acceptance of the terms of the proposed settlement agreement.

On July 17th, Counsel for the Plaintiffs prepared a *"proposed settlement agreement."* Plaintiffs' counsel specifically wrote "Please see the attached proposed settlement agreement and consent order. If you can please redline to let us know what needs to be changed (if anything)."

After July 17th, Dr. Kaufman declined to sign the document proposed by Plaintiffs' counsel and on or about July 26th, 2025, Plaintiffs filed their Motion to Enforce. On October 14th, 2025 an evidentiary hearing was held in this Honorable Court on Plaintiffs' Motion to Enforce. At that time, Plaintiffs moved this Honorable Court to waive Dr. Kaufman's attorney-client privilege with respect to confidential, privileged communications between Dr. Kaufman and his Counsel during the course of settlement negotiations.

## ARGUMENT

District of Columbia law requires a party seeking to enforce a settlement agreement to prove the elements of contract formation. *Novecon Ltd. v. Bulgarian Am. Enter. Fund*, 190 F.3d 556, 564 (D.C.Cir.1999), cert. denied, 529 U.S. 1037 (2000); *Greene v. Rumsfeld*, 266 F.Supp.2d 125, 135–36 (D.D.C.2003).

When there is a genuine factual dispute as to whether the parties agreed to a binding settlement, the Court must hold an evidentiary hearing[1] in which the parties are afforded the opportunity for cross-examination. *See United States v. Mahoney,* 247 F.3d 279, 285 (D.C.Cir.2001). The moving party bears the burden of proving by clear and convincing evidence that the parties reached a binding agreement. *See Samra v. Shaheen Bus. and Inv. Grp., Inc.,* 355

F.Supp.2d 483, 493 (D.D.C.2005) (citing *Quijano v. Eagle Maint. Servs., Inc.,* 952 F.Supp. 1, 3 (D.D.C.1997)). For a contract, written or oral, to be enforceable under D.C. law, the court must find that there was "(1) an agreement to all material terms, and (2) intention of the parties to be bound." *Duffy v. Duffy,* 881 A.2d 630, 634 (D.C.2005). If one of these two elements are missing, the Court cannot enforce the agreement.

Under the common-law doctrine of implied waiver, the attorney-client privilege is waived when the **client** places otherwise privileged matters in controversy. *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir. 1997). "The client's offer of his own or the attorney's testimony as to a specific communication to the attorney is a waiver as to all other communications to the attorney on the same matter." *In re Sealed Case*, 676 F.2d 793, 807 (D.C. Cir. 1982) (citing 8 *J. Wigmore, Evidence in Trials at Common Laws* 2327 at 638 (J. McNaughton rev. 1961)). Here, the Plaintiffs' have failed to meet their burden by clear and convincing evidence that the Parties agreed to a binding settlement, therefore there is no need to breach the confidentiality of the attorney-client privilege.

    A. <u>*The Plaintiffs motion is moot.*</u>

This Honorable Court found Dr. Kaufman's testimony credible at the evidentiary hearing on October 14th, 2025, at which Dr. Kaufman testified that he neither had the intention to be bound by his Counsel nor manifested by representation or conduct that he otherwise agreed to the settlement to anyone. Therefore, Plaintiffs are unable to prove that there exists an enforceable settlement agreement, as intention to be bound is a required element for a contract to be enforceable under D.C. law. *See Duffy,* 881 at 634 (D.C.2005). Dr. Kaufman testified unequivocally that he did not intend to settle this case; he believed the mediation was "a factfinding mission"—it was an option. He always intended to appeal the case. This Court found that testimony to be credible. That

is sufficient to dismiss the Plaintiffs' Motion to Enforce the settlement agreement, they have failed to show the "the intention of the parties to be bound." The only intent that matters is that of Dr. Kaufman, and this Court found his testimony to be credible—anything Mr. Hunt could testify to is immaterial after such a finding. Mr. Hunt's intent, and Mr. Hunt's understanding of the mediation has no bearing on whether Dr. Kaufman himself, the party to be bound, actually intended to be bound by these terms. Had this Court found Dr. Kaufman's testimony not credible, then perhaps the testimony of Mr. Hunt would be relevant; but absent such a finding there is no reason for this court to breach the attorney-client privilege.

      This renders Plaintiffs' Motion to Waive Attorney-Client Privilege moot, as this Honorable Court has already ruled on the element of intent.

      A. *Dr. Kaufman has not placed privileged communications in controversy.*

      Dr. Kaufman has neither put privileged communications at issue nor at controversy as a materiel element of his defense, and therefore has not breached the confidentiality of the attorney-client relationship nor waived attorney-client privilege. At no point in Dr. Kaufman's filings to this Honorable Court, (*See In re Sealed Case*, 676 F.2d at 809), or his testimony at the evidentiary hearing on October 14th, (*Thornton v. Syracuse Sav. Bank*, 961 F.2d 1042, 1046 (2nd Cir. 1992), did Dr. Kaufman inject into this litigation any partial disclosure, *See Ideal Elec. Sec. Co., Inc. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 151-52 (D.C. Cir. 1997), or reliance upon, *Wender v. United Servs. Auto. Ass'n*, 434 A.2d 1372, 1374 (D.C.Cir.1981), counsel's advice. He simply testified that he engaged in the mediation to determine whether he could potentially settle the case—he wanted to see if the Plaintiff would reduce her demand. It was a way for him to gather information and ascertain his options—he testified that he never intended to settle the case at that mediation. He was in the car driving during most of the mediation, and his cell phone service was going in and

out. His actions did not show an intent to settle the case to finality. There was no testimony or evidence that he relied on Mr. Hunt's advice or that he discussed the settlement with him.

Counsel for the Plaintiff argued that Dr. Kaufman cannot use the attorney-client privilege as a sword and a shield. Respectfully, he has done no such thing. Dr. Kaufman has not used it as a sword. He has only used it in its intended purpose, as a shield. Counsel for Plaintiff, instead, have attempted to use the attorney-client privilege as a sword—to no avail. The circumstances before the Court do not warrant a breach of the attorney-client privilege. Dr. Kaufman has not injected or placed any privileged communications in controversy. His testimony on its own was credible that he did not intend to settle the case on July 8, 2025--absent was any testimony related to any advice he received from counsel. Since there exists nothing on the record of this Honorable Court of Dr. Kaufman's affirmative injection as a defense, or otherwise used, privileged communications, there exists no voluntary waiver of the privilege. *See In re Sealed Case*, 676 F.2d at 809. Absent such waiver, there exists no basis for Plaintiffs to discover or compel confidential, privileged communications between Dr. Kaufman and his counsel.

## **CONCLUSION**

For the reasons stated above, Dr. Kaufman requests that this Honorable Court deny Plaintiffs' Motion to Waive Attorney-Client Privilege, estop Plaintiffs from discovering or compelling confidential, privileged attorney-client communications or testimony and grant any and all further relief as this Court deems proper.

Dated: November 7th, 2025               Respectfully Submitted,

                                                        /s/Heba K. Carter_____
Heba K. Carter, Esq.
General Counsel, P.C.
1320 Old Chain Bridge Road, Suite 440
McLean, VA 22101
Tel: (703) 556-0411
hcarter@gcpc.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2025, a true copy of the foregoing was sent via CM/ECF and mailed by U.S. Mail, postage prepaid and email to:

Richard J. Link, Esq.
GOODWIN WEBER PLLC
11115 Lake View Ln
Ste #1698
Berlin, MD 21811
(301) 850-7600
Fax: 240-453-9944
Email: rlink@karpellinklaw.com

David Paul Weber, Esq.
GOODWIN WEBER PLLC
11115 Lake View Ln
Ste #1698
Berlin, MD 21811
301-850-3370
Fax: 301-850-3374
Email: david.weber@goodwinweberlaw.com

Taylor Taranto
1311 North Beech Avenue
Pasco, WA 99301

Hughie Duvall Hunt , II, Esq.
KEMET HUNT LAW GROUP, INC.
7845 Belle Point Drive
20770
Greenbelt, MD 20705
301-982-0888
Fax: 301-982-0889
Email: hhunt@kemethuntlaw.com

/s/Heba K. Carter_____
Heba K. Carter