UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIN SMITH, et al. | * |
| | * |
|    Plaintiffs, | * |
| | * |
| | * |
| v. | *   Case No. 21-CV-02170 |
| | * |
| DAVID WALLS-KAUFMAN, et al. | * |
| | * |
|    Defendants. | * |
| | * |

**DEFENDANT DAVID WALLS-KAUFMAN'S REPLY TO
PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S
MOTION TO INVOKE ATTORNEY-CLIENT PRIVILEGE**

COMES NOW Defendant Dr. David Walls-Kaufman ("Dr. Kaufman"), in the above-entitled action, by undersigned counsel, and replies to Plaintiffs' Opposition to the Defendant's Motion to Invoke Attorney-Client Privilege as follows:

**INTRODUCTION[1]**

Plaintiffs' assertions in their Opposition regarding the credibility determinations of the jury in the underlying civil claim are without foundation and immaterial to this present action. In addition, they neither accurately reflect the testimony presented nor should they be considered in the present matter. The only issue before the Court today is whether or not Dr. Kaufman intended to be bound by the "settlement in principle."

Plaintiffs indicate that Dr. Kaufman appeared before Magistrate Judge Sharbaugh previously, inferring that he therefore should have understood the purpose of the mediation. Dr.

---

[1] At the conclusion of the evidentiary hearing, this Honorable Court directed the parties to brief the privilege issue, limiting the brief to a total of five (5) pages. Plaintiffs violated this Court's Order on November 14th, 2025, filing an opposition in excess of sixteen (16) pages.

Kaufman's prior experience with mediation, and the action continuing at the conclusion of the mediation, would actually indicate the opposite. Dr. Kaufman expected the action to continue subsequent to the mediation. He believed he would have the opportunity to review a settlement document and that any terms could and would still be negotiated and finalized. He did not believe that the mediation discussions on July 8, 2025 were a final resolution of the entire case. At no time did Dr. Kaufman give such explicit consent during the zoom mediation call to extinguish the action.

Dr. Kaufman also explicitly objects to the characterization and any inferences alleged by Plaintiffs' insofar as his mediation in good faith or his intent with respect to Plaintiffs' counsel. Plaintiffs' counsel's allegations and inferences regarding Dr. Kaufman's are highly prejudicial and lack any probative value as to the testimony given at the evidentiary hearing and Dr. Kaufman asks that they be stricken from consideration.

Finally, the need to waive or pierce the attorney-client privilege is now moot. This Court already has all of the evidence to make a determination as to whether Dr. Kaufman intended to be bound by the settlement discussions. There is no further evidence or testimony needed from Mr. Hunt. The only thing required by the law is the intent of Dr. Kaufman and what he believed, not what Mr. Hunt may believe.

## **MOOTNESS**

Plaintiffs' own Opposition concedes that Dr. Kaufman credibly testified at the evidentiary hearing (1) that he did not intend to settle the case; and (2) that he never manifested an intention to be bound by his counsel. That is all this Court needs to find to set aside the alleged settlement agreement. Irrespective of the briefing or any testimony made by Attorney Hunt, Dr. Kaufman's

lack of intent and lack of manifestation of intent resolve the issue as to his formation of and liability to the alleged settlement agreement.

Plaintiffs continue to assert that there exists a possibility that express authority was given to Attorney Hunt, when the issue of manifestation of intent to be bound has already been decided at the evidentiary hearing and conceded. Dr. Kaufman's acquiescence to the settlement agreement is what is before this Honorable Court. With the issue of intent decided, absent an action warranting breaching attorney-client privilege, in which the testimony sought would actually decide the matter in controversy, this Court should not grant Plaintiffs' motion.

### **IMPLIED WAIVER**

Plaintiffs' assertion that the negative implication of Dr. Kaufman's testimony that he did not agree to settle this case is that Attorney Hunt sent the July 8th, 2025 email without his client's authority is foundationally incorrect. Dr. Kaufman testified at the evidentiary hearing that regardless of the outcome of the mediation call he expected there to be additional review and consideration absent his express signature and consent to the contrary. Regardless of the communication between Dr. Kaufman and Attorney Hunt, Dr. Kaufman did not believe the action would cease at that time.

Plaintiffs' reliance on *Hearn v. Rhey*, 68 F.R.D. 574 (E.D. Washington 1975) in this matter is inapplicable as well. First, the Court found necessary that the assertion of the privilege was a result of some affirmative act, such as filing suit by the asserting party. Here, Dr. Kaufman hasn't been alleged as to any affirmative act in assertion of the privilege, through pleadings or otherwise. Dr. Kaufman's inaction as to agreement to the settlement should not be mischaracterized as an affirmative act in furtherance of the privilege.

Second, there the Court found relevant to the determination of whether privilege exists a finding of malice on the part of the party asserting the privilege. Here, this Honorable Court found Dr. Kaufman's testimony credible at the evidentiary hearing as to his intent to be bound in the settlement agreement. Any communications otherwise would, at best, be characterized as negligent or mistake. There can be no finding of malice here on the part of Dr. Kaufman to warrant the breach of his attorney-client communications.

Plaintiffs' reliance on *Wender v. United Services Auto Asso.,* 434 A.2d 1372 (D.C. 1981) is equally misplaced. Plaintiffs attempt to draw a commonality between Dr. Kaufman's silence on the issue of his communications with Attorney Hunt and the Court of Appeals finding that a defendant relied upon the advice of counsel as a defense. There exists no testimony from Dr. Kaufman of the same. Dr. Kaufman has not injected the issue of his reliance on the advice of counsel into the dispute like *Wender* to warrant such breach of Attorney-Client privilege. At no point has Dr. Kaufman utilized the privilege as an offensive tool in the litigation process similar to *Wender*, *Minebea Co. v. Papst,* 355 F. Supp. 2d 518 (D.D.C. 2005)*,* or *United States v. Exxon Corp.,* 94 F.R.D. 246 (D.D.C. 1981).

Plaintiffs have consistently maintained that Dr. Kaufman both mediated without good faith in reaching a settlement agreement in addition to allegedly indicating the opposite to Attorney Hunt. Plaintiffs should not get the benefit of the inferences of both conclusions. In each case cited *Lender Processing Services, Inc. v. Arch Ins. Co.,* 183 So. 3d 1052 (Fl. App. 2015) , *Roberts v. Legacy Meridian Park Hosp., Inc.* 97 F.Supp.3d 1245 (D. Or. 2015) and *Hartman v Hook-Super Inc.,* 42 F.Supp.2d 854, 855 (S.D. Ind. 1999*),* (none of which are binding in this Court) the party asserting the privilege was not actually present during the negotiations process to affirm or acquiesce to the settlement agreement as Dr. Kaufman was. Dr. Kaufman was under the belief, and

found credible, that he has not manifested an intent to be bound either during the mediation through this day. Dr. Kaufman's assertions are founded on the fact that he was actually present during the mediation session in which he could have agreed to the settlement but specifically chose to reserve such manifestation until all material terms were outlined. Dr. Kaufman's silence on the issue of asset in no way brings Attorney Hunts assertions into the purview of this Court.

Plaintiffs do not dispute that Dr. Kaufman was present at mediation and at no time assented to the terms of the agreement on the call. Dr. Kaufman has never utilized the privilege as an offensive weapon in this action. Attorney Hunt's email to the Magistrate Judge was not the final agreement to the settlement terms, it simply concluded what Dr. Kaufman credibly believed to be a portion of what was a continuing, ongoing action. Plaintiffs' self-affirming assertion that any communication to Attorney Hunt necessarily implies that Dr. Kaufman believed the action would be was resolved is unfounded. Dr. Kaufman has never presented his communications with Attorney Hunt as the basis for his reliance of these conclusions.

Plaintiffs' brief asks this Court to mischaracterize Dr. Kaufman's testimony as an offensive weapon when it has never been asserted as such. There is no affirmative act by Dr. Kaufman to warrant such an examination into whether his privilege is waived. Plaintiffs brief also seeks to ignore the lack of any evidence or allegation of malice on the part of Dr. Kaufman to warrant such a breach of the Attorney-Client privilege.

## **CONCLUSION**

For the reasons stated above, Dr. Kaufman requests that this Honorable Court deny Plaintiffs' request to inquire of both Dr. Kaufman and Attorney Hunt as to their communications related to the settlement of this case, obtain discovery, specifically as it pertains to any authority

granted by Defendant to his counsel, seek an Order against Dr. Kaufman to stay away and grant any and all further relief as this Court deems proper.

Dated: January 9, 2026                                  Respectfully Submitted,

/s/Heba K. Carter_____
Heba K. Carter, Esq.
PJI Law, PLC
3900 Jermantown Road, Second Floor
Fairfax VA 22030
hcarter@pjilaw.com
(p) 703-865-6100
(f) 703-865-6125

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was sent via email and ECF Filing to all counsel of record on this 9th day of January, 2026.

/s/Heba K. Carter_____
Heba K. Carter, Esq.

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2025, a true copy of the foregoing was sent via CM/ECF and mailed by U.S. Mail, postage prepaid and email to:

Richard J. Link, Esq.
GOODWIN WEBER PLLC
11115 Lake View Ln
Ste #1698
Berlin, MD 21811
(301) 850-7600
Fax: 240-453-9944
Email: rlink@karpellinklaw.com

David Paul Weber, Esq.
GOODWIN WEBER PLLC
11115 Lake View Ln
Ste #1698
Berlin, MD 21811
301-850-3370
Fax: 301-850-3374
Email: david.weber@goodwinweberlaw.com

Taylor Taranto
1311 North Beech Avenue
Pasco, WA 99301

Hughie Duvall Hunt , II, Esq.
KEMET HUNT LAW GROUP, INC.
7845 Belle Point Drive
20770
Greenbelt, MD 20705
301-982-0888
Fax: 301-982-0889
Email: hhunt@kemethuntlaw.com

/s/Heba K. Carter_____
Heba K. Carter